**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **POLARIS IP, LLC,** | |
| **Plaintiff,** | **Civil Action No.  2:07-cv-371-TJW-CE** |
| **v.** | |
| **(1)  GOOGLE INC.;** | |
| **(2)  YAHOO! INC.;** | |
| **(3)  AMAZON.COM, INC.;** | |
| **(4)  A9.COM, INC.;** | |
| **(5)  BORDERS, INC.;** | |
| **(6)  BORDERS GROUP INC.;** | **JURY TRIAL DEMANDED** |
| **(7)  AOL LLC;** | |
| **(8)  AMERICA ONLINE, INC.;** | |
| **(9)  IAC/INTERACTIVECORP; and** | |
| **(10) IAC SEARCH AND MEDIA, INC.,** | |
| **Defendants.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Polaris IP, LLC makes the following allegations against Google, Inc., Yahoo! Inc., Amazon.com, Inc., A9.com, Inc., Borders, Inc., Borders Group Inc., AOL LLC, America Online, Inc., IAC/InterActiveCorp, and IAC Search and Media, Inc. (collectively the "Defendants").

## PARTIES

1.      Plaintiff Polaris IP, LLC ("Polaris") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.      On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater

Parkway, Mountain View, California, 94043.  Google has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

3.      On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California 94089.  Yahoo has appointed its agent for service as follows: CT Corporation System, 350 North Paul St., Dallas, Texas 75201.

4.      On information and belief, Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its corporate headquarters and principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.  Amazon has appointed its agent for service as follows: CT Corporation System, 350 North Paul St., Dallas, Texas 75201.

5.      On information and belief, Defendant A9.com, Inc. ("A9") is a Delaware corporation with its corporate headquarters and principal place of business at 130 Lytton Avenue, Suite 300, Palo Alto, California 94301.  A9 has appointed its agent for service as follows: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

6.      On information and belief, Defendant Borders, Inc. ("Borders") is a Colorado corporation with its corporate headquarters and principal place of business at 100 Phoenix Drive, Ann Arbor, Michigan 48108.  Borders has appointed its agent for service as follows: CT Corporation System, 350 North Paul St., Dallas, Texas 75201.

7.      On information and belief, Defendant Borders Group Inc. ("Borders Group") is a Michigan corporation with its corporate headquarters and principal place of business at 100 Phoenix Drive, Ann Arbor, Michigan 48108.  Borders Group has appointed its agent for service

as follows: The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan, 48025.

8.      On information and belief, Defendant AOL LLC ("AOL") is a Delaware limited liability company with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166.  AOL has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

9.      On information and belief, Defendant America Online, Inc. ("America Online") is a Delaware corporation with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166.  America Online has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

10.     On information and belief, Defendant IAC/InterActiveCorp ("IAC") is a Delaware corporation with its corporate headquarters and principal place of business at 555 West 18th Street, New York, New York 10011.  IAC has appointed its agent for service as follows: National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904.

11.     On information and belief, Defendant IAC Search and Media, Inc. ("IAC Search") is a Delaware corporation with its corporate headquarters and principal place of business at 555 12th Street, Suite 500, Oakland, California 94607.  IAC Search has appointed its agent for service as follows: National Registered Agents, Inc., 160 Greentree Dr., Suite 101, Dover, Delaware 19904.

## JURISDICTION AND VENUE

12.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).   On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and has committed, contributed to, and/or induced acts of patent infringement in this district.

14.    On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 6,411,947**

15.    Polaris is the owner by assignment of United States Patent No. 6,411,947 ("the '947 Patent") entitled "Automatic Message Interpretation and Routing System."  The '947 Patent issued on June 25, 2002.  A true and correct copy of the '947 Patent is attached as Exhibit A.

16.    Amy Rice, Julie Hsu, Anthony M. Angotti, Rosanna M. Piccolo, and Fred R. Cohen are listed as inventors on the '947 Patent.

17.    Upon information and belief, Defendant Google has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems (including, but not limited to, Google Search, Google AdWords, Google AdSense, and Google AdSense for Content) implementing various websites

(including, but not limited to www.google.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant Google is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

18.     Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems (including, but not limited to, Yahoo Search Marketing) implementing various websites (including, but not limited to www.yahoo.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant Yahoo is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

19.     Upon information and belief, Defendant Amazon has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.amazon.com and www.borders.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant Amazon is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

20.     Upon information and belief, Defendant A9 has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.amazon.com and www.borders.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent. Defendant A9 is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

21.     Upon information and belief, Defendant Borders has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.borders.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant Borders is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

22.     Upon information and belief, Defendant Borders Group has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.borders.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947

Patent.  Defendant Borders Group is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

23.    Upon information and belief, Defendant AOL has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.aol.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant AOL is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

24.    Upon information and belief, Defendant America Online has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.aol.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent. Defendant America Online is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

25.    Upon information and belief, Defendant IAC has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by,

among other things, methods and systems implementing various websites (including, but not limited to www.ask.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant IAC is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

26.     Upon information and belief, Defendant IAC Search has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.ask.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant IAC Search is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

27.     Defendants have actively induced and are actively inducing infringement of the '947 Patent and are liable for contributory infringement of the '947 Patent.

28.     To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

29.     On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '947 Patent complied with such requirements.

30.     As a result of these Defendants' infringement of the '947 Patent, Polaris has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

31.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '947 Patent, Polaris will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Polaris respectfully requests that this Court enter:

1.     A judgment in favor of Polaris that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '947 Patent;

2.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '947 Patent;

3.     A judgment and order requiring Defendants to pay Polaris its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '947 Patent as provided under 35 U.S.C. § 284;

4.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Polaris its reasonable attorneys' fees; and

5.     Any and all other relief to which Polaris may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**POLARIS IP, LLC**

Dated:  August 27, 2007

_____

Danny L. Williams
LEAD ATTORNEY
Texas State Bar No. 21518050
Terry D. Morgan
Texas State Bar No. 14452430
J. Mike Amerson
Texas State Bar No. 01150025
**Williams, Morgan & Amerson, P.C.**
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone:  (713) 934-4060
Facsimile:  (713) 934-7011
E-mail:  danny@wmalaw.com
E-mail:  tmorgan@wmalaw.com
E-mail:  mike@wmalaw.com

David M. Pridham
**Intellectual Property Navigation Group,
LLC**
Rhode Island State Bar No. 6625
207 C North Washington Avenue Marshall,
Texas 75670
Telephone:  (903) 938-7400
Facsimile:  (903) 938-7404
E-mail:  david@ipnav.com

Eric M. Albritton
Texas State Bar No. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
Email:  ema@emafirm.com

John J. Edmonds
Texas State Bar No. 00789758
**THE EDMONDS LAW FIRM, PC**

709 Sabine Street
Houston, Texas 77007
Telephone:  (713) 858-3320
Facsimile: (832) 415-2535
Email: johnedmonds@edmondslegal.com

Jason W. Cook
Texas State Bar No. 24028537
**The Law Office of Jason W. Cook**
5320 Victor St.
Dallas, Texas 75214
Telephone:  (214) 504-6813
Facsimile:  (469) 327-2777
Email:  jcook@cookip.com

**ATTORNEYS FOR PLAINTIFF**
**POLARIS IP, LLC**