IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 2:07-cv-371-TJW-CE |
| § | |
| GOOGLE INC. et al., § | |
| § | |
| Defendants. § | |

**DEFENDANT BORDERS, INC. AND BORDERS GROUP, INC.'S
ANSWER AND COUNTERCLAIMS**

Defendants Borders, Inc. and Borders Group, Inc. (collectively, "Borders" or "Defendant"), by and through its undersigned counsel, answers Polaris IP, LLC's ("Polaris" or "Plaintiff") Complaint for Patent Infringement ("Complaint") and counterclaims against Plaintiff as follows:

**I.   ANSWER TO COMPLAINT**

**A.   The Parties**

1.   Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and, on that basis, denies them.

2.   Paragraph 2 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and, on that basis, denies them.

3.   Paragraph 3 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient

information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and, on that basis, denies them.

4. Paragraph 4 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 and, on that basis, denies them.

5. Paragraph 5 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 and, on that basis, denies them.

6. Borders admits that Borders, Inc. is a Colorado corporation with its corporate headquarters and principal place of business at 100 Phoenix Drive, Ann Arbor, Michigan 48108. Borders does not dispute service of the Complaint in this matter on Borders, Inc. via CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7. Borders admits that Borders Group, Inc. is a Michigan corporation with its corporate headquarters and principal place of business at 100 Phoenix Drive, Ann Arbor, Michigan 48108. Borders does not dispute service of the Complaint in this matter on Borders Group, Inc. via The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

8. Paragraph 8 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 and, on that basis, denies them.

9. Paragraph 9 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 and, on that basis, denies them.

10. Paragraph 10 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 and, on that basis, denies them.

11. Paragraph 11 of the Complaint purports to be allegations regarding a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and, on that basis, denies them.

**B.     Jurisdiction and Venue**

12. Borders admits that the Complaint purports to arise under the patent laws of the United States and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) for cases arising under the patent laws of the United States.

13. Borders denies this district is the proper venue in this matter. To the extent the remaining allegations in Paragraph 13 of the Complaint relate to Borders, Borders denies them. To the extent such remaining allegations relate to parties other than Borders, Borders lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13, and therefore denies them.

14. Borders does not challenge personal jurisdiction in this matter. Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 14 pertaining to parties other than Borders and, on that basis, denies them.

C.     **Allegation of Infringement of U.S. Patent no. 6,411,947**

15.    Borders admits that Exhibit A to the Complaint, on its face, purports to be a copy of United States Patent No. 6,411,947 ("the '947 Patent") with a purported patent date of June 25, 2002, and bears the title "Automatic Message Interpretation and Routing System." Borders lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and therefore denies them.

16.    Borders admits that Exhibit A to the Complaint, on its face, lists Amy Rice and Julie Hsu as inventors of the '947 Patent and a document attached to the Complaint purporting to be a certificate of correction for the '947 Patent lists Anthony Angotti, Rosanna Piccolo, and Fred Cohen as inventors of that patent. Borders lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Complaint and therefore denies them.

17.    Paragraph 17 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 and, on that basis, denies them.

18.    Paragraph 18 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 and, on that basis, denies them.

19.    Paragraph 19 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 and, on that basis, denies them.

20. Paragraph 20 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 and, on that basis, denies them.

21. Borders denies each and every allegation in Paragraph 21 of the Complaint.

22. Borders denies each and every allegation in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 and, on that basis, denies them.

24. Paragraph 24 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 and, on that basis, denies them.

25. Paragraph 25 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 and, on that basis, denies them.

26. Paragraph 26 of the Complaint purports to make allegations concerning a party other than Borders. To the extent any answer by Borders is warranted, Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 and, on that basis, denies them.

27.     Borders denies that it allegedly has induced or is actively inducing any infringement of the '947 Patent and it denies that it is allegedly liable for any contributory infringement of the '947 Patent.  Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 27 pertaining to parties other than Borders and, on that basis, denies them.

28.     Borders denies Plaintiff is entitled to reserve the "right" it purports to reserve or that it is or ever will be entitled to adjudication of any issue of willful infringement by Borders.  Borders lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 28 pertaining to parties other than Borders and, on that basis, denies them.

29.     Borders denies the allegations contained in Paragraph 29 of the Complaint.

30.     As they may pertain to any damages allegedly suffered from any alleged infringement, or liability for alleged infringement, by Borders, Borders denies the allegations contained in Paragraph 30 of the Complaint.  Borders lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 pertaining to parties other than Borders and, on that basis, denies them.

31.     As they may pertain to any harm allegedly Plaintiff will suffer from any alleged infringement, or liability for alleged infringement, by Borders, Borders denies the allegations contained in Paragraph 31 of the Complaint.  Borders lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 pertaining to parties other than Borders and, on that basis, denies them.

**D.    Plaintiff's Prayer for Relief**

Borders denies that plaintiff is entitled to the relief it prays for, or any relief at all, for the allegations contained in the Complaint.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Borders denies them.

## II.  DEFENSES

Without admitting any allegations in the Complaint not otherwise admitted, Borders avers and asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c) and 35 U.S.C. § 282:

**A.   First Affirmative Defense (Failure to State A Claim)**

32. Plaintiff's Complaint fails to state a claim against Borders upon which relief can be granted.

**B.   Second Affirmative Defense (Non-infringement)**

33. Borders has not and does not infringe, and is not liable for any infringement of any valid and enforceable claim of the '947 Patent under any section of 35 U.S.C. § 271, or in any other way.

**C.   Third Affirmative Defense (Invalidity)**

34. Each claim of the '947 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C. or the rules, regulations and law related thereto, including, without limitation in 35 U.S.C. §§ 101, 102, 103, and 112.

**D.   Fourth Affirmative Defense (Claims Barred)**

35. Polaris is barred from obtaining all, or part, of the relief it seeks under the doctrine of prosecution history estoppel.

**E.   Fifth Affirmative Defense (Unenforceability)**

36. On information and belief, an application called EZ Reader that was based on Brightware, Inc.'s ART*Enterprise™ was developed and deployed for Chase Manhattan Bank in early 1996.

37. On information and belief, EZ Reader employed a combination of rule-based parsing and case-based reasoning to automatically respond to electronic messages in a manner described and claimed in '947 Patent. The development and deployment of EZ Reader at Chase Manhattan Bank in early 1996 was information material to patentability of one or more claims of the '947 Patent.

38. On information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of EZ Reader's development and deployment at, or for, Chase Manhattan Bank, but with an intent to deceive the USPTO to ensure issuance of the '947 Patent, failed to disclose this material information while under a duty of candor and good faith including a duty to disclose to the USPTO all information that is material to patentability of the '947 Patent. By reason of this inequitable conduct, the '947 Patent is unenforceable.

**F.** **Sixth Affirmative Defense (Costs Barred In Action For Infringement Of A Patent Containing An Invalid Claim)**

39. Pursuant to 35 U.S.C. § 288, Polaris is barred from recovering any costs.

**G.** **Seventh Affirmative Defense (Laches)**

40. The doctrine of laches bars Polaris from obtaining all, or part, of the relief it seeks.

**H.** **Eighth Affirmative Defense (Limitation on Damages)**

41. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287.

**I.** **Additional Affirmative Defenses Reserved**

42. Borders reserves any and all additional affirmative defenses available to it under Title 35 U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil

Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

### III. COUNTERCLAIMS

For its counterclaims against Polaris, Borders alleges as follows:

**A.     Nature of Counterclaim**

1.     Borders counterclaims against Polaris under Federal Rule of Civil Procedure 13 for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 6,411,947.

**B.     Parties**

2.     Based on the allegations in the Complaint, Polaris is a corporation organized and existing under the laws of Texas, having its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

3.     Borders, Inc. is a Colorado corporation with its headquarters and principal place of business at 100 Phoenix Drive, Ann Arbor, Michigan 48108.

4.     Borders Group, Inc. is a Michigan corporation with its headquarters and principal place of business at 100 Phoenix Drive, Ann Arbor, Michigan 48108.

**C.     Jurisdiction**

5.     The counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This Court also has jurisdiction over the counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

6.     By virtue of initiating suit for patent infringement in this Court, Plaintiff has consented to personal jurisdiction.

7.     By virtue of the allegations contained in Polaris's Original Complaint For Patent

Infringement, filed August 27, 2007 in this Court, an actual controversy exists between Polaris and Borders as to whether Borders is liable for any infringement of a valid, enforceable claim of the '947 Patent.

**D.   Venue**

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

**E.   Controversy**

9. Based on the allegations in the Complaint, Polaris purports to be the owner of the '947 Patent.

10. Based on the allegations in the Complaint, Polaris claims Borders is liable to it for infringement of the '947 Patent.

11. Borders is not liable for any infringement of a valid, enforceable claim of the '947 Patent.

**F.   First Counterclaim (Declaration of Non-infringement of the '947 Patent)**

12. Borders re-alleges and incorporates by reference Paragraphs 1 through 11 of the Counterclaims, above.

13. Borders has not infringed, does not infringe, and is not liable for any infringement of any claim of the '947 Patent under 35 U.S.C. § 271.

14. Borders seeks, and is entitled to, a declaration from this Court that it has not infringed, does not infringe, and is not liable for any infringement of any claim of the '947 Patent under 35 U.S.C. § 271, or in any other way.

**G.   Second Counterclaim (Declaration of Invalidity of the '947 Patent)**

15. Borders re-alleges and incorporates by reference Paragraphs 1 through 14 of the Counterclaims, above.

16. Each claim of the '947 Patent is invalid for failure to meet one or more of the

conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

17. Borders seeks, and is entitled to, a declaration from this Court that each claim of the '947 Patent is invalid.

**H.     Third Counterclaim (Declaration of Unenforceability of the '947 Patent)**

18. Borders re-alleges and incorporates by reference Paragraphs 1 through 17 of the Counterclaims, above.

19. On information and belief, an application called EZ Reader that was based on Brightware, Inc.'s ART*Enterprise™ was developed and deployed for Chase Manhattan Bank in early 1996.

20. On information and belief, EZ Reader employed a combination of rule-based parsing and case-based reasoning to automatically respond to electronic messages in a manner described and claimed in '947 Patent. The development and deployment of EZ Reader for Chase Manhattan Bank in early 1996 was information material to patentability of one or more claims of the '947 Patent.

21. On information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of EZ Reader's development and deployment at, or for, Chase Manhattan Bank, but with an intent to deceive the USPTO to ensure issuance of the '947 Patent, failed to disclose this material information while under a duty of candor and good faith including a duty to disclose to the USPTO all information that is material to patentability of the '947 Patent. By reason of this inequitable conduct, the '947 Patent is unenforceable.

22. Borders, and is entitled to, a declaration from this Court that each claim of the '947 Patent is unenforceable.

## IV. PRAYER FOR RELIEF ON PLAINTIFF'S COMPLAINT AND BORDERS' COUNTERCLAIMS

WHEREFORE, Borders prays for the following relief:

a.   That Polaris take nothing by way of its Complaint;

b.   That the Complaint be dismissed with prejudice;

c.   That judgment be entered in favor of Borders that it has not infringed, contributed to the infringement of, or induced others to infringe, or is not in any way liable for infringement, willfully or otherwise, of the '947 Patent;

d.   That judgment be entered in favor of Borders that the '947 Patent is invalid;

e.   That judgment be entered in favor of Borders that the '947 Patent is unenforceable;

f.   That a permanent injunction prohibiting Polaris, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from alleging or charging that the '947 Patent has been infringed by Borders, under any section of 35 U.S.C. § 271;

g.   That this Court find and declare that the claims of the '947 Patent are not infringed by Borders and that Borders is not liable as an infringer;

h.   That this Court find and declare that the claims of the '947 Patent are invalid and unenforceable;

i.   That Borders be awarded attorneys' fees and costs as provided by law; and

j.   That the Court award Borders such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendants

Borders, Inc. and Borders Group, Inc. respectfully request a jury trial on all issues so triable, including without limitation, Polaris' claims and Borders, Inc.'s and Borders Group, Inc.'s affirmative defenses and counterclaims.

Dated: October 18, 2007                              Respectfully submitted,


                                                                            */s/ Blake C. Erskine*
BLAKE C. ERSKINE
Attorney to be noticed
State Bar No. 06649000
ERSKINE & MCMAHON, L.L.P.
Post Office Box 3485
Longview, Texas 75606-3485
Tel: (903) 757-8435
Fax: (903) 757-9429
E-Mail: BlakeE@erskine-mcmahon.com

Of counsel:

LYNN H. PASAHOW
Lead Attorney
J. DAVID HADDEN
DARREN E. DONNELLY
SAINA S. SHAMILOV
C. J. ALICE CHUANG
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008
Tel: (650) 988-8500
Fax: (650) 938-5200
E-mail: dhadden@fenwick.com

                                                                            Attorneys for Defendant
BORDERS, INC. AND BORDERS GROUP, INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 18th day of October, 2007.

        Respectfully submitted,

        */s/ Blake C. Erskine*
        Blake C. Erskine, Bar No. 06649000

        ERSKINE & MCMAHON, LLP
        Post Office Box 3485
        Longview, TX  75606-3485
        Tel: (903) 757-8435
        Fax: (903) 757-9429
        E-mail: BlakeE@erskine-mcmahon.com

        ATTORNEYS FOR DEFENDANTS
        BORDERS, INC. AND BORDERS
        GROUP, INC.