# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC,<br><br>                    Plaintiff,<br><br>      v.<br><br>(1)  GOOGLE INC.;<br>(2)  YAHOO! INC.;<br>(3)  AMAZON.COM, INC.;<br>(4)  A9.COM, INC.;<br>(5)  BORDERS, INC.;<br>(6)  BORDERS GROUP INC.;<br>(7)  AOL LLC;<br>(8)  AMERICA ONLINE, INC.;<br>(9)  IAC/INTERACTIVECORP; and<br>(10) IAC SEARCH AND MEDIA, INC.,<br><br>                    Defendants. | Civil Action No. 2:07-cv-371-TJW-CE<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS IAC/INTERACTIVECORP'S AND

## IAC SEARCH AND MEDIA, INC.'S

## ANSWER AND COUNTERCLAIMS TO ORIGINAL COMPLAINT

In response to the Original Complaint filed by Plaintiff Polaris IP, LLC ("Polaris") on August 27, 2007, Defendants and Counterclaimants IAC/InterActiveCorp and IAC Search and Media, Inc. (collectively, "IAC") plead as follows:

## THE PARTIES

1. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies each and every allegation contained therein.

2. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies each and every allegation contained therein.

3. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies each and every allegation contained therein.

1

sf-2406979

4. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4, and therefore denies each and every allegation contained therein.

5. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies each and every allegation contained therein.

6. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6, and therefore denies each and every allegation contained therein.

7. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 7, and therefore denies each and every allegation contained therein.

8. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 8, and therefore denies each and every allegation contained therein.

9. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies each and every allegation contained therein.

10. Admitted.

11. Admitted.

## JURISDICTION AND VENUE

12. IAC admits that Polaris' Complaint alleges an action for patent infringement arising under the patent laws of the United States. IAC admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, IAC denies the allegations of Paragraph 12.

13. IAC denies each and every allegation of Paragraph 13.

14. IAC denies each and every allegation of Paragraph 14.

## COUNT I

15. IAC admits that, on its face, U.S. patent No. 6,411,947 ("the '947 patent"), entitled "Automatic Message Interpretation and Routing System," indicates that it was issued by the United States Patent and Trademark Office ("PTO") on June 25, 2002, but denies that it was duly and legally issued. Except as expressly admitted, IAC lacks sufficient knowledge or

sf-2406979

information to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore denies the remaining allegations contained therein.

16. IAC admits that, on its face, the '947 patent indicates Amy Rice and Julie Hsu are listed as the inventors and that Anthony M. Angotti, Rosanna M. Piccolo, and Fred R. Cohen are listed as inventors via a Certificate of Correction dated November 8, 2005, but denies that the '947 patent was duly and legally issued. Except as expressly admitted, IAC lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 16, and therefore denies the remaining allegations contained therein.

17. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 17, and therefore denies each and every allegation contained therein.

18. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 18, and therefore denies each and every allegation contained therein.

19. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies each and every allegation contained therein.

20. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies each and every allegation contained therein.

21. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies each and every allegation contained therein.

22. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies each and every allegation contained therein.

23. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies each and every allegation contained therein.

24. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies each and every allegation contained therein.

25. IAC denies each and every allegation of Paragraph 25.

26. IAC denies each and every allegation of Paragraph 26.

27. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 27 as the allegations relate to the other defendants. To the extent the allegations of paragraph 27 relate to IAC, IAC denies them.

28. IAC admits that Polaris' Complaint states that it reserves the right to request that Defendants' infringement is or has been willful. Except as expressly admitted, IAC denies each and every allegation of Paragraph 28.

29. IAC lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies each and every allegation contained therein.

30. IAC denies each and every allegation of Paragraph 30.

31. IAC denies each and every allegation of Paragraph 31.

32. IAC denies that Polaris is entitled to any of the relief it seeks in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, IAC asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE
### (Invalidity)

33. Each of the claims of the '947 patent is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 41, 101, 102, 103, 112, 115, 116, and 132 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## SECOND DEFENSE
### (Non-Infringement)

34. IAC does not and has not infringed, induced infringement of, or contributed to the infringement of, any claim of the '947 patent, either literally or under the doctrine of equivalents, nor willfully or otherwise. If the claims at issue are interpreted so broadly as to read on any

4

accused product or method, IAC does not and has not infringed, induced infringement of, or contributed to the infringement of, any such claim of the patents under the Reverse Doctrine of Equivalents.

## THIRD DEFENSE
### (Prosecution History Estoppel)

35. The actions taken and representations made before the United States Patent and Trademark Office in procuring the '947 patent precludes Polaris from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the patent in a way that would cover or read upon any product or method made, used, sold, or offered for sale by IAC, or made, used, sold, or offered for sale by another entity whose conduct forms the basis of an allegation that IAC contributed to or induced infringement.

## FOURTH DEFENSE
### (Lack of Notice, Marking)

36. Prior to receiving a copy of the Complaint in this action, IAC had neither actual nor constructive notice of the '947 patent. Upon information and belief, Polaris is not entitled to any damages for any period prior to filing of the Complaint, by reason of the failure to properly mark products embodying the claims of the '947 patent as required by 35 U.S.C. § 287.

## FIFTH DEFENSE
### (Equitable Defenses)

37. Any claim for damages by Polaris is barred by the equitable doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, or any other equitable doctrine.

38. IAC has no obligation with respect to any claim alleged in the Complaint to the extent that such claim is barred by the equitable doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, or any other equitable doctrine.

## SIXTH DEFENSE
### (Adequate Remedy at Law)

39.     Polaris has an adequate remedy at law, and no basis exists for the grant of equitable relief.

## ADDITIONAL DEFENSES
### (Reserved)

40.     IAC specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial or otherwise.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IAC hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

## PRAYER FOR RELIEF

WHEREFORE, defendant IAC prays for relief as follows:

A.      That the Court enter judgment in favor of IAC, and against plaintiff Polaris;

B.      That the Court find the '947 patent invalid;

C.      That the Court find the '947 patent unenforceable;

D.      That the Court find the '947 patent not infringed by IAC;

E.      That Polaris take nothing by its Complaint against IAC;

F.      That the Court deny any and all of plaintiff Polaris' requests for injunctive relief;

G.      That the Court deny any and all of plaintiff Polaris' requests for equitable relief;

H.      That the Court dismiss Polaris' Complaint in its entirety, with prejudice.

I.      That the Court find this case exceptional under 35 U.S.C. § 285, and award IAC its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

J.      That the Court grant IAC such other and further relief as the Court deems just and proper.

## **COUNTERCLAIMS**

### **(Declaratory Judgment as to the '947 Patent)**

1. IAC incorporates by reference what is set out in the preceding paragraphs as if fully set forth herein.

2. By its Complaint, Polaris alleges that the '947 patent is valid and enforceable and that IAC has infringed it. IAC has denied these allegations. A justifiable controversy therefore exists between Polaris and IAC.

3. A judicial declaration is necessary and appropriate at this time in order that IAC may ascertain its rights and duties with respect to the '947 patent.

4. These counterclaims arise under federal statutory law, including 35 U.S.C. § 271 *et seq.* and 28 U.S.C. § 2201. Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

## **COUNT ONE**

### **(Declaratory Judgment of Non-Infringement of the '947 Patent)**

5. IAC incorporates by reference Paragraphs 1-4 of these Counterclaims as if fully set forth herein.

6. IAC does not and has not infringed, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '947 patent, either literally or under the doctrine of equivalents.

7. Additionally, Polaris is precluded under the doctrine of prosecution history estoppel from asserting or construing, whether literally or by the doctrine of equivalents, the claims of the '947 patent in a way that would cover or read upon any product or method made, used, sold, or offered for sale by IAC.

sf-2406979

## COUNT TWO

### (Declaratory Judgment of Invalidity of the '947 Patent)

8.  IAC incorporates by reference Paragraphs 1-4 of these Counterclaims as if fully set forth herein.

9.  Upon information and belief, the '947 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, without limitation, Sections 41, 101, 102, 103, 112, 115 and 116 of Title 35, and/or under the doctrine of obviousness-type double patenting.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, IAC hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant IAC prays for relief as follows:

A.  That the Court enter judgment in favor of IAC, and against plaintiff Polaris;

B.  That the Court enter declaratory judgment that the '947 patent is invalid;

C.  That the Court enter declaratory judgment that the '947 patent is not infringed by IAC;

D.  That Polaris take nothing by its Complaint against IAC;

E.  That the Court deny any and all of plaintiff Polaris' requests for injunctive relief;

F.  That the Court dismiss Polaris' Complaint in its entirety, with prejudice.

G.  That the Court find this case exceptional under 35 U.S.C. § 285, and award IAC its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

      H.      That the Court grant IAC such other and further relief as the Court deems just and proper.

Dated: October 18, 2007                        Respectfully submitted,

                                                  /s/  Michael A. Jacobs
                                                  Michael A. Jacobs - Lead Attorney
                                                  MORRISON & FOERSTER LLP
                                                  425 Market Street
                                                  San Francisco, California  94105
                                                  Tel: (415) 268-7000
                                                  Fax: (415) 268-7522
                                                  E-mail: mjacobs@mofo.com

OF COUNSEL:

                                                  Otis W. Carroll
                                                  State Bar No. 3895700
                                                  Deborah J. Race
                                                  State Bar No. 16448700
                                                  IRELAND, CARROLL & KELLEY, PC
                                                  6101 South Broadway
                                                  Suite 500
                                                  Tyler, Texas 75703
                                                  Telephone:  (903) 561-1600
                                                  Facsimile:  (903) 581-1071
                                                  E-mail: fedserv@icklaw.com

                                                  *Attorneys for Defendants*
                                                  *IAC/InterActiveCorp and IAC Search*
                                                  *and Media, Inc.*

**CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 18th day of October, 2007. Any other counsel of record will be served via facsimile transmission and first-class certified mail, return-receipt requested.

      /s/ Michael A. Jacobs
      Michael A. Jacobs

sf-2406979