IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>(1) GOOGLE INC.;<br>(2) YAHOO! INC.;<br>(3) AMAZON.COM, INC.;<br>(4) A9.COM, INC.;<br>(5) BORDERS, INC.;<br>(6) BORDERS GROUP INC.;<br>(7) AOL LLC;<br>(8) AMERICA ONLINE, INC.;<br>(9) IAC/INTERACTIVECORP; and<br>(10) IAC SEARCH AND MEDIA, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 2:07-cv-371[TJW-CE] |

**DEFENDANT YAHOO! INC.'S MOTION TO DISMISS,
<u>OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT</u>**

Defendant Yahoo! Inc. ("Yahoo!") hereby moves, pursuant to Rule l2(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims against Yahoo! in Plaintiff Polaris IP, LLC's ("Plaintiff") Original Complaint for Patent Infringement ("Complaint") for failure to state a claim upon which relief can be granted. In the alternative, Yahoo! hereby moves for a more definite statement of Plaintiff's claims against Yahoo! pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. As permitted by Rule 12(b), Yahoo! files this motion in lieu of an answer and without waiving its right to answer the allegations in Plaintiff's Complaint.

Plaintiff's pleadings of patent infringement are ambiguous, conclusory, and based solely "on information and belief" allegations that fail to state a claim upon which relief can be granted. Further, Plaintiff's Complaint fails to sufficiently identify the manner in which Yahoo! allegedly

1

infringes U.S. Patent No. 6,411,947 (the "'947 patent"), and Yahoo! is unable to frame a responsive pleading without risk of prejudice. Accordingly, the Court should dismiss Plaintiff's claims of patent infringement against Yahoo!, or in the alternative, order Plaintiff to file a more definite statement of its claims, including an identification of the specific aspects of Yahoo!'s websites that allegedly infringe the '947 patent, and an explanation of how those aspects of Yahoo!'s websites allegedly infringe the '947 patent.

## I.    STATEMENT OF FACTS

On August 27, 2007, Plaintiff filed its Complaint against ten defendants, including defendant Yahoo!, alleging infringement of the '947 patent. Compl. ¶¶ 17-27. The '947 patent refers generally to "a system using combined rule based and case based reasoning in interpreting, classifying, categorizing, prioritizing and responding to electronic messages." Ex. A, '947 patent, Abstract.

The Plaintiff alleges that "[u]pon information and belief, Defendant Yahoo! has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 patent . . . by, among other things, methods and systems (including, but not limited to, Yahoo Search Marketing) implementing various websites (including, but not limited to www.yahoo.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 patent." Compl. ¶ 18. The Plaintiff provided no additional information about the basis for its claim of patent infringement against Yahoo!.

## II.    ARGUMENT

### a. The Court Should Dismiss the Plaintiff's Claims Against Yahoo! Because Plaintiff's Conclusory Allegations, Based Solely "On Information And Belief," Are So Vague And Ambiguous That They Fail To State A Claim Upon Which Relief Can Be Granted

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action "for failure to state claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A cause of action can fail to state a 'claim upon which relief can be granted' if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2)." *Dell, Inc. v. This Old Store, Inc.*, No. H-07-0561, 2007 WL 1958609 at *1 (S.D. Tex. July 2, 2007) (citations omitted).

In a recent decision addressing requirements of Rule 8(a)(2) and the standards for granting a Rule 12(b)(6) motion , the U.S. Supreme Court has stated that

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations and footnote omitted). In *Twombly*, the Court affirmed a district court's decision to dismiss an antitrust complaint that did not allege facts "plausibly" suggesting the existence of an agreement in violation of Section 1 of the Sherman Act. *Id*. at 1964-70. In doing so, the Court explained that

> "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."[1]

---

[1] In *Twombly*, the Court "retired" the traditional standard adopted fifty years earlier in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

*Id.* at 1965 n.3 (citations omitted). Therefore, in order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting *Fernandez-Montes v. AlliedPilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *Beenal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) ("[A] complaint, which contains a 'bare bones' allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice.").

In the context of patent infringement claims, courts have held that the Rule 8(a)(2) standard is not satisfied, and have dismissed patent infringement claims under Rule 12(b)(6), where, as here, the Plaintiff's allegations of infringement include only general statements about the accused infringing products or services, and where those general statements fail to precisely identify the accused infringing products or services. *See, e.g.*, *Ondeo Nalco Co. v. EKA Chemicals, Inc.*, No. 01-537-SLR, 2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002). In *Ondeo Nalco*, the court held that a counterclaim that alleged infringement by "Nalco's products, including the 8692 product" was too vague to provide notice of which products were allegedly infringing the patent. *Ondeo Nalco*, 2002 U.S. Dist. LEXIS 26195, at *1, n.2. The court went on to grant the counterclaim defendant's motion to dismiss the complaint, despite the fact that the counterclaim plaintiff identified one specific accused product, because the allegation was open ended and could include numerous other products. *Id.* at *1-2.

The pleadings of this case closely parallel those in *Ondeo Nalco*. Here, the Plaintiff has provided only a vague description of the accused products, namely, "methods and systems

4

(including, but not limited to, Yahoo Search Marketing) implementing various websites (including, but not limited to www.yahoo.com) that comprise interpreting electronic messages with rule base and case base knowledge engines." Compl. ¶ 18. While the Complaint identifies the "www.yahoo.com" website and the Yahoo! Search Marketing service by name, it also refers generally to "other things, methods and systems" and "various websites" as allegedly infringing. Compl. ¶ 18. As noted by the court in *Ondeo Nalco,* statements of this type are too vague to provide a defendant with fair notice of which products are accused of infringing Plaintiff's patent, and thus, do not satisfy Rule 8(a)(2). *Ondeo Nalco*, 2002 U.S. Dist. LEXIS 26195, at *1-2.

Moreover, the identification of the "www.yahoo.com" website and the Yahoo! Search Marketing service by name does not provide the notice required under Rule 8(a)(2) because both the website and the service are complex, and the Complaint does nothing to identify the manner in which either the website or the service allegedly infringe.[2] Adding to the confusion about Plaintiff's infringement allegations is that fact that the '947 patent is directed to an email processing system, yet the Plaintiff has failed to provide any indication of how this patent applies to Yahoo!'s Internet-based products and services. Given the vagueness of Plaintiff's pleadings, Yahoo! would be prejudiced if it were forced to guess as how it may be infringing the '947 patent in preparing a responsive pleading. For at least these reasons, Plaintiff's claims against Yahoo! should be dismissed under Fed. R. Civ. P. 12(b)(6).

---

[2] The uncertainty of the Plaintiff's infringement allegations are magnified by its pleading of indirect infringement. A plaintiff must show direct infringement as a predicate for any claim of indirect infringement, yet the Complaint fails to identify any direct infringement as a predicate to Plaintiff's allegations of indirect infringement. *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).

### b. Alternatively, The Court Should Order Plaintiff To Provide A More Definite Statement About Yahoo!'s Alleged Infringement Because Plaintiff's Claims Are Too Vague

In the event this Court determines that Plaintiff's claims against Yahoo! should not be dismissed, Yahoo! alternatively requests, under Rule 12(e) of the Federal Rules of Civil Procedure, a more definite statement setting forth the Plaintiff's infringement allegations against Yahoo!. Rule 12(e) provides that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002); *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981). A Rule 12(e) motion is appropriate when the complaint is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (2d ed. 1990)).

In patent cases, courts have repeatedly required a plaintiff to provide a more definite statement when the plaintiff has failed to precisely identify the accused infringing product or service. *See, e.g., Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 U.S. Dist. LEXIS 86757, at *5-6 (E.D. Wis. Nov. 29, 2006) (granting a motion for a more definite statement where the plaintiff failed to identify any allegedly infringing product or set fort a limiting parameter); *eSoft v. Astaro Corp.*, No. 06-cv-00441-REB-MEH, 2006 U.S. Dist. LEXIS 52336, at *4 (D. Colo. July 31, 2006) (granting a motion for a more definite statement where the complaint failed to identify any particular product that infringed the plaintiff's patent); *Agilent Techs., Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090 (RWS), 2004 US. Dist. LEXIS 20723, at *15, *35 (S.D.N.Y. Oct. 19, 2004) (granting a motion for a more definite statement where the complaint did not specify which products infringed the plaintiff's patents); *In re Papst Licensing GmbH Patent*

*Litig.*, MDL 1298, 2001 US. Dist. LEXIS 2255, at *4-5 (E.D. La. Feb. 22, 2001) (granting a motion for a more definite statement where the allegations of infringement encompassed any IBM product that contained a hard disk drive).  The reasoning behind many of these cases is that it is improper for the plaintiff to "foist the burden of discerning what products it believes infringe the patent onto defense counsel."  *eSoft*, 2006 U.S. Dist. LEXIS 52336, at *4.

Here, the Plaintiff is attempting to do precisely that.  As discussed above, Plaintiff's Complaint provides only a vague description of the accused products, and it is open ended in that it generally refers to "other things, methods and systems" and "various websites" as allegedly infringing.  The Complaint fails to explain how any of Yahoo!'s products or services allegedly infringe the '947 patent, and it fails to explain how the patent, which is directed to an email processing system, applies to Yahoo!'s Internet-based products and services.  The Complaint also includes vague and deficient pleadings of indirect infringement.

Plaintiff's allegations fail to provide proper notice of its claims, and Yahoo! cannot realistically be expected to frame a responsive pleading to these allegations.  Also, such vague language places an unreasonable burden on defense counsel to try to discern which of Yahoo!'s products or services allegedly infringe and how those products or services allegedly infringe.  *See eSoft*, 2006 U.S. Dist. LEXIS 52336, at *4; *see also Bay*, 2006 U.S. Dist. LEXIS 86757, at *5 ("Defendant should not have to guess which of its products infringes nor guess how its products might fall within plaintiff's interpretations of the claims of the patent.").

Accordingly, the Court should grant Yahoo!'s motion for a more definite statement and order Plaintiff to clarify what aspect or aspects of Yahoo!'s websites and its products and services allegedly infringe the '947 patent, and explain how those aspects of Yahoo!'s websites, products, and services allegedly infringe the '947 patent.

**III. CONCLUSION**

For the reasons set forth above, Yahoo! respectfully requests that the Court dismiss Plaintiff's claims of patent infringement against Yahoo!. In the alternative, Plaintiff should be ordered to provide a more definite statement of its claims, including an identification of the particular aspect or aspects of Yahoo!'s websites and its products and services that allegedly infringe the '947 patent, and an explanation of how those aspects of Yahoo!'s websites, products, and services allegedly infringe the '947 patent.

Dated: October 19, 2007                    Respectfully submitted,

                                                                  By:    */s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P. O. Box 359
Tyler, Texas 75710
(903) 597 8311
(903) 593 0846 (Facsimile)
mikejones@potterminton.com

Jason C. White
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower, Suite 3600
Chicago, Illinois 60611-5599
(312) 321-4200
(312) 321-4299 (Facsimile)

ATTORNEYS FOR DEFENDANT
YAHOO! INC.

9

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th day of October 2007. Any other counsel of record will be served by first class U.S. mail on this same date.

/s/ Michael E. Jones
Michael E. Jones