# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| POLARIS IP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 2:07-cv-371-TJW-CE |
| | § | |
| (1)  GOOGLE INC.; | § | |
| (2)  YAHOO! INC.; | § | |
| (3)  AMAZON.COM, INC.; | § | |
| (4)  A9.COM, INC.; | § | |
| (5)  BORDERS, INC.; | § | JURY TRIAL DEMANDED |
| (6)  BORDERS GROUP INC.; | § | |
| (7)  AOL LLC; | § | |
| (8)  AMERICA ONLINE, INC.; | § | |
| (9)  IAC/INTERACTIVECORP; and | § | |
| (10) IAC SEARCH AND MEDIA, INC., | § | |
| | § | |
| Defendants. | § | |

## GOOGLE INC.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE, AND MOTION TO STAY DISCOVERY; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Google Inc. ("Google") respectfully moves the Court for entry of an order dismissing the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, requiring a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and striking certain allegations against it pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In addition, Google moves this Court for entry of an order staying Google's discovery obligations and patent local rule disclosures at least until such time as the Court rules on Google's motion to dismiss and alternative motion for a more definite statement, and more broadly, unless and until plaintiff Polaris IP, LLC meets the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the United States Supreme

Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which requirements subsequently have been applied by district courts to patent litigation.

This motion is based upon this Motion, the accompanying Memorandum filed herewith, such other oral or written submissions as the Court shall entertain, and upon the papers and pleadings filed in this matter.

## REQUEST FOR ORAL HEARING

In accordance with Local Rule CV-7(g) of this Court, Google respectfully requests an oral hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

The complaint filed by plaintiff Polaris IP, LLC ("Polaris") fails to plead sufficient facts to give fair notice of the nature of the claims asserted and the grounds on which they rest, as required by the United States Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which has been applied by district courts and the Federal Circuit to patent litigation. Polaris's claims of patent infringement against defendant Google Inc. ("Google") are entirely conclusory and devoid of *any* factual allegations that plausibly suggest Polaris is entitled to relief. Polaris alleges merely that its patent directed to an email auto-response system is infringed by three entirely separate Google applications: Google's advertising program (AdWords); advertising syndication program (AdSense); and Google Search, which are not only completely different from each other but also completely different from the subject matter of the patent. In stark contrast to many of plaintiff's prior suits, which accused email messaging systems,[1] Polaris here directs its email patent against systems unrelated to email messaging, akin to trying to hunt quail, hogs and deer with a fishing pole.

Plaintiff attempts to gloss over the incongruity between the subject matter of its patent and the Google applications it claims are at issue by asserting the bare conclusion that these programs "infringe," without articulating any factual basis for the conclusion. As *Bell Atlantic* makes clear, however, Rule 8 of the Federal Rules of Civil Procedure requires more than the formulaic recitation of the elements of a claim. A plaintiff must allege sufficient facts about the defendant's actions and the plaintiff's rights to raise the claim above the level of the speculative

---

[1] Past cases brought by Polaris where no Rule 12 challenges were brought or were denied are irrelevant to this motion, particularly those brought prior to *Bell Atlantic*, and those which, unlike the case here, were targeted at email response systems. By accusing such systems, however, Polaris evidently understood the proper scope of its patent.

and conclusory. Polaris's complaint fails to meet this standard and should be dismissed for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). In the alternative, the Court should require Polaris to provide a more definite statement of its claims, pursuant to Rule 12(e). Absent sufficiently pled allegations of fact, Polaris is not entitled to the relief it requests in its prayer for relief and all such requests should be stricken, pursuant to Rule 12(f). In any event, Google seeks relief from the expensive and time-consuming discovery and disclosures otherwise required by federal and local rules unless and until Polaris pleads its claims with the sufficiency contemplated by Rule 8 and *Bell Atlantic*.

## BACKGROUND

### I.    THE COMPLAINT

On August 27, 2007, Polaris filed a complaint for patent infringement against Google and nine other, unrelated companies: Amazon.com, Inc. and A9.com, Inc., Borders, Inc., and Borders Group, Inc., IAC/Interactivecorp and IAC Search and Media, Inc., AOL LLC, American Online, Inc, and Yahoo! Inc. The complaint alleges infringement of U.S. Patent No. 6,411,947 ("the '947 patent").[2] Compl. ¶¶ 15-26. The '947 Patent is directed to a system that receives emails, classifies and categorizes the emails and attempts to automatically respond to the emails or direct the emails to a human attendant. *See* Compl. ¶ 15, Exhibit A, col. 3:3-42; cols. 4-12. The classification and categorizing of emails occurs through a two-step process in which the patented device applies rule base and case base reasoning to determine, *inter alia*, whether the message should be forwarded to a human operator for processing. Compl. ¶ 17. The '947 patent does not relate to web searching, web advertisements or even websites generally, and the complaint does not and cannot provide a single fact to suggest otherwise.

---

[2] The complaint contains no allegations suggesting that Polaris itself practices the '947 patent or that it engages in any other commercial activity based on the patent. *See* Compl. ¶¶ 1, 15.

Google operates the well-known website www.google.com. Every day, millions of people use that site and related programs, such as Google Search and Google AdWords, to find useful information and news. That search process does not use or require emails, the classification of emails, the automatic response to emails, rule and case base reasoning to determine responses to emails, or any determination of whether a human operator is required, as described and claimed by the '947 patent. Not surprisingly then, the allegations of infringement made against Google in the complaint are conclusory and devoid of facts as to how Google supposedly infringes the '947 patent. Indeed, the complaint merely identifies Google's website by its Uniform Resource Locator ("URL") and describes nothing about the website other than to conclusorily allege that the website and related programs interpret emails with "rule base and case base knowledge engines." *See id.* ¶ 17[3] The complaint also recites in equally conclusory fashion that the "defendants have actively induced and are actively inducing infringement of the '947 Patent and are liable for contributory infringement of the '947 Patent." *See id.* ¶ 27.

---

[3] The sum total of the allegations specific to Google's alleged infringement are at most formulaic. They read as follows:

> Google has infringed and continues to infringe, has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by among other things, methods and systems (including, but not limited to, Google Search, Google AdWords, Google AdSense and Google AdSense for content) implementing various websites (including but not limited to www.google.com) that comprise interpreting electronic messages with rule base and case base knowledge engines covered by one or more claims of the '947 Patent. Defendant Google is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

*See id.* ¶ 17

Nowhere in the complaint is there a single *fact* in support of these conclusory allegations of infringement. No *facts* are alleged regarding how Google processes or responds to emails. No *facts* are alleged regarding a single operation utilized by any of Google's programs. And no *facts* are alleged to explain rule base and case base reasoning, how any determination is made regarding the necessity of a human operator, or how any of that could relate in any way to Google's programs. In short, the complaint provides no specifics about how or when Google's websites and search and advertising programs infringe Polaris's wholly unrelated patent covering email interpretation and automated or human operator moderated response.

The complaint likewise says *nothing* about any knowledge by Google of direct infringement by others, nor does it allege any culpable state of mind on Google's behalf, both of which are necessary elements of Polaris's claim of indirect infringement and any willfulness claim. Given the substantial public knowledge that performing a search on Google or receiving advertisements along with the search results has nothing to do with emails, let alone rule and case based reasoning or any determination of need for human operator intervention to determine responses to emails, Polaris must be required to plead at least some factual basis for its allegations, or face dismissal of its complaint.

On the basis of these perfunctory allegations, Polaris makes far-reaching demands for relief against Google, including: (i) judgment of infringement, induced infringement and/or contributory infringement of the '947 patent; (ii) a permanent injunction; (iii) damages; and (iv) attorneys' fees. Compl. at pp. 8-9. Additionally, Polaris attempts to leverage these conclusory allegations into a device to burden Google with the expensive and time consuming process of discovery on three large and disparate products, and potentially billions of documents and countless witnesses, in the hopes that Google will settle to avoid the expense of litigation.

**ARGUMENT**

**I.    POLARIS'S CLAIMS AGAINST GOOGLE SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    **A.    Rule 8 and *Bell Atlantic* Require Facts "Showing" Entitlement to Relief**

The Supreme Court recently revisited and explained Rule 8's requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955 (2007) (discussing Fed. R. Civ. P. 8(a)(2)). The *Bell Atlantic* Court affirmed that the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," but rejected the then-prevailing formulation of the pleading standard from the Court's 1957 decision in *Conley v. Gibson*, which held that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Bell Atlantic*, 127 S.Ct. at 1964, 1968-69 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Observing that the quoted passage from *Conley* had been misunderstood and misapplied for more than 50 years, the *Bell Atlantic* Court deemed it now "best forgotten." *Id.* at 1969.

Instead, *Bell Atlantic* made clear that Rule 8 requires a "showing" and not merely a blanket assertion of entitlement to relief. *Id.* at 1965 n.3. The Court explained the applicable pleading standard as follows:

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a *formulaic recitation of the elements of a cause of action will not do, . . . Factual allegations must be enough to raise a right to relief above the speculative level*, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and footnote omitted) (emphasis added).  Pleadings compliant with Rule 8 must express enough facts to move plaintiff's claims "across the line from conceivable to plausible."  *Id.* at 1974.  If a complaint does not meet this standard, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Id.* at 1966 (citation omitted).

Here, Polaris has failed to plead the necessary showing of enough facts to raise its claim from the conceivable to the plausible.  To obscure its lack of facts, Polaris has instead listed in conclusory terms every possible type of infringement and accuses Google of liability.  As noted by one of the first appellate court decisions following *Bell* Atlantic, this strategy of throwing everything into a complaint, and hoping that something sticks, fails to meet a plaintiff's Rule 8 obligations.  *See In re Elevator Antitrust Litig.*, 2007 U.S. App. LEXIS 21086 (2d Cir. 2007).  In *Elevator Antitrust*, the Second Circuit affirmed the district court's dismissal of the complaint and criticized the plaintiff's complaint because, like Polaris's complaint, the *Elevator Antitrust* complaint:

> enumerate[d] basically every type of conspiratorial activity that one could imagine…The list is in entirely general terms without any specification of any particular activities by any particular defendant; it is nothing more than a list of theoretical possibilities, which one could postulate without knowing any facts whatever.

*Id.* at *8 (citations omitted).

Polaris's allegations concerning Google's programs and Polaris's patent are also nothing more than general allegations without any specifics as to Google's particular activities; the kind which Polaris could postulate without knowing any facts.  Such allegations do not move plaintiff's claims "across the line from conceivable to plausible."  *Bell Atlantic*, 17 S.Ct. at 1974.

Accordingly, Polaris's claims against Google fail to meet the Rule 8 standard articulated by *Bell Atlantic*, and the complaint should be dismissed at the outset under Rule 12(b)(6). *See Bell Atlantic*, 17 S.Ct. at 1973-1974; *see also Golden Bridge Tech., Inc v. Nokia, Inc.*, 416 F. Supp. 2d 525, 528 (E.D. Tex. 2006) ("[I]n order to avoid dismissal for failure to state a claim…a plaintiff must plead specific facts, not mere conclusory allegations. A court will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations and quotations omitted) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

### B.    Polaris Does Not Plead Sufficient Facts to Support a Claim for Direct Patent Infringement

Polaris's allegations of direct patent infringement by Google fall far short of the minimum pleading required by Rule 8. Although Polaris recites the *elements* of a claim for direct patent infringement under 35 U.S.C. § 271(a),[4] it fails to assert any *specific facts*, if taken as true, plausibly suggesting that Google infringes any claim of the '947 Patent. *See Bell Atlantic*, 127 S.Ct. at 1965-66 (requiring antitrust complaint to include "enough factual matter" "plausibly suggesting (not merely consistent with)" an illegal agreement); *Golden Bridge Tech*, 416 F. Supp. 2d at 528 (E.D. Tex. 2006) (requiring the pleading of specific facts to survive a motion to dismiss). Polaris's only allegation specific to Google is that it implements websites, which utilize "methods and systems" such as Google Search and Google Adwords, which allegedly infringe the '947 Patent. Compl. ¶ 17. The '947 patent, however, covers only the interpretation of emails and automated response thereto, through the required two-step process of

---

[4] Section 271(a) of Title 35 states: "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."

rule base and case base reasoning, and a determination of whether human operator intervention is required. Compl. ¶¶ 15, 17. The '947 patent has nothing to do with websites, or the well known methodology for web searching and advertisements. Polaris cannot plead any facts plausibly suggesting otherwise. As *Bell Atlantic* makes clear, Polaris's mere recitation of a patent and allegation that Google practiced its claim *without any specifics* as to *how or when* defendants practiced the patent is not enough to raise a claim from the conceivable to the plausible. *See Bell Atlantic*, 17 S.Ct. at 1964-1965; *see also Dow Jones & Co., Inc. v. Int'l Securities Exchange, Inc.*, 451 F.3d 295, 307 (2d Cir. 2006) (affirming a dismissal of a trademark infringement complaint and finding that "the mere assertion that [defendant's] intended use of the [] marks would constitute trademark infringement and dilution without any factual allegations concerning the nature of the threatened use, does not give the defendants fair notice of the claims against them…").

The Second Circuit's decision *In re Elevator Antitrust Litig.*, 2007 U.S. App. LEXIS 21086 (2d Cir. 2007) applying the Rule 8 standard after *Bell Atlantic*, dismissed a complaint with substantially more specific facts than Polaris's allegations. For example, the *Elevator Antitrust* plaintiff alleged *inter alia*: (1) meetings amongst the defendants at which price and market divisions were discussed and agreed to; (2) rigging of bids for sales and maintenance contracts; (3) collusively requiring of customers to enter into similar long term contracts; (4) exclusionary conduct in acquiring a monopoly over the maintenance of their elevators; and (5) investigations by European government agencies into the defendants antitrust violations.

Notwithstanding these allegations, the *In re Elevator Antitrust Litig.* court affirmed the dismissal of the complaint because the plaintiff was "unable to allege facts that would provide plausible grounds to infer an agreement." *Id.* at *6 (internal citations omitted). It was not

enough to allege that the *Elevator Antitrust* defendants conspired to fix prices because they had meetings to discuss the elevator market, and it is not enough to allege that Google infringes because of Search and the advertising programs, particularly since it is well known that such services do not plausibly involve the interpretation of emails.  Such allegations of conspiracy or infringement amount to mere conclusory summaries of conceivable possibilities and are insufficient under Rule 8 and *Bell Atlantic*.  *Bell Atlantic*, 17 S.Ct. at 1974; *see also, Elevator Antitrust*, 2007 U.S. App. LEXIS 21086 at *8 (requiring the pleading of more than a theoretical possibility of liability, "which one could postulate without knowing any facts whatever.").  Moreover, allowing such allegations to survive a motion to dismiss would reduce Rule 8's requirements to a tautological absurdity.  Polaris's complaint amounts to nothing more than the conclusory claim that: "Google infringes because Polaris says that Google infringes."  To survive a motion to dismiss, a plaintiff must plead specific facts regarding *how* the defendant's actions infringe the patent to move across the plausibility line.  *Bell Atlantic*, 17 S.Ct. at 1974

Likewise, district courts applying the Rule 8 standard in patent infringement cases after *Bell Atlantic*, have rejected pleadings with conclusory allegations like Polaris's.  *See AntiCancer, Inc. v. Xenogen Corp.*, No. 05-CV-0448, 2007 U.S. Dist. LEXIS 59811, *11 (S.D. Cal. Aug. 13, 2007) (dismissing complaint under *Bell Atlantic* where "[p]laintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement"); *see also Halo Elecs., Inc. v. Bel Fuse, Inc.*, No. 2:07-CV-00331, 2007 U.S. Dist. LEXIS 54419, *5 (D. Nev. July 26, 2007) (dismissing complaint because it "fails to allege the manner or means by which Defendants infringe the patents, instead alleging only the legally conclusory allegation that Defendants 'have been and are infringing' the patents, without any factual allegations in support").

The Federal Circuit has had only one occasion to consider application of the *Bell Atlantic* pleading standard in a patent infringement case, and that instance is distinguishable from this case. In *McZeal v. Sprint Nextel Corp.*, No. 2006-1548, __ F.3d __ , 2007 U.S. App. LEXIS 22025 (Fed. Cir. Sept. 14, 2007) the Federal Circuit vacated the dismissal of McZeal's ninety-five page complaint, holding that he had pled sufficient facts to support a claim of direct infringement.[5] *Id.* at *5, *8-9. McZeal, however, was a *pro se* litigant who was entitled to "leeway on procedural matters, such as pleading requirements," and whose complaint was subject to "less demanding standards" than those applied to the pleadings of represented parties, like Polaris. *Id.*

Even so, *pro se* plaintiff McZeal made a greater "showing" in support of his infringement claims than Polaris does here, and his allegations unlike those of Polaris, did not fly in the face of the patent or public knowledge about the accused instrumentalities. The patent at issue in *McZeal* was directed at Walkie-Talkie devices and voice over internet protocol ("VOIP") communications. *Id.* at * 7-8. And McZeal limited his allegations to only those products that were clearly in the field of his invention – cellular phones, walkie-talkie machines and wireless VOIP products. *Id.* With such a close link between the McZeal patent and the allegedly infringing product it was unnecessary for McZeal to provide many specific facts to raise his allegations from a conclusory and conceivable claim for relief to the necessary plausible claim for relief. Nevertheless, unlike Polaris, McZeal also explained how the defendant infringed ("purports to provide International Walkie Talkie® service or global wireless Voice over Internet Protocol (VoIP) communications"), and even specified the nature of what he believed was

---

[5] *McZeal* did not address requirements for sufficiently pleading indirect infringement (induced or contributory) or willful infringement.

infringement by equivalents ("[w]hen used as any wireless apparatus over the internet or data network[,] telephone infringes plaintiff's patent via the Doctrine of Equivalents").  *Id.*

In contrast to *McZeal*, Polaris is attempting to apply its patent regarding the interpretation of emails and automatic response to emails to Google's wholly unrelated websites and search and advertising programs, without even the specific facts alleged by McZeal.  Polaris does not and cannot plead any facts plausibly suggesting how Google's programs relate to the interpretation of and automated response to emails because it is clear from the face of the programs' operations that they have nothing to do with emails, the required two-step process of rule base and case base reasoning, or with determining the necessity for human intervention. Before Polaris can open the door to burden Google through the expense and time of the discovery process or the requirements of the Patent Local Rules, Polaris should be required to plead specific facts providing some plausibility to its conclusory allegations.  *Bell Atlantic*, 17 S.Ct. at 1967 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management"). As it stands now, Polaris's complaint, consisting only of conclusory allegations regarding three separate Google programs, all of which are wholly unrelated to the '947 patent, fails to meet the threshold bar of pleading enough specific facts to move across the line from the conceivable to the plausible.  *See Bell Atlantic*, 127 S.Ct. at 1974.

Because Polaris's claims of infringement lack the minimum factual allegations required by *Bell Atlantic*, including how any of Google's websites or programs plausibly infringe any claim of its email patent, the Court should dismiss Polaris's patent infringement claims against Google.  In addition, the Court should strike Polaris's related prayers for relief against Google, including its request for judgment of infringement, a permanent injunction, and damages,

because these become immaterial once the claims upon which they are based are dismissed.  *See* Fed. R. Civ. P. 12(f) (court may strike "any redundant, immaterial, impertinent, or scandalous matter"); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) ("A motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."); *Nichia Corp. v. Seoul Semiconductor, Ltd.,* No. C-06-0162, 2006 WL 1233148 at *2 (N.D. Cal. May 9, 2006) (noting that when the underlying claims are insufficiently pled, striking the related prayers for relief is appropriate).

### C.    Polaris Does Not Plead Sufficient Facts to Support a Claim for Inducement of Infringement

A claim for inducement of infringement requires the patent holder to plead and prove that the accused infringer had knowledge of the patent and that it "actively and knowingly aided and abetted another's direct infringement."  *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc, in relevant part).  Mere knowledge of the acts alleged to constitute infringement is insufficient.  *Id.*  "*Specific intent and action to induce infringement*" must be shown, as well as the existence of the underlying *direct* infringement.  *Id.* (emphasis added); *see also Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988); *Boston Scientific Corp. v. Johnson & Johnson*, No. C 02-00790, 2007 WL 2408870 at *13-14 (N.D. Cal. Aug. 21, 2007); *Ondeo Nalco Co. v. EKA Chems., Inc.*, No. Civ. A. 01-537, 2002 WL 1458853 (D. Del. June 10, 2002) (inducement pleadings that fail to allege direct infringement by someone other than defendant are properly dismissed under Rule 8); *Coolsavings.com Inc. v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (dismissing complaint with leave to amend where complaint "alleges only the 'bald assertion' of active inducement, which, 'without the allegation of any facts supporting it,' does not satisfy the pleading requirements of the federal rules").

Polaris pleads none of the facts required to support a claim of inducement of infringement in accordance with *DSU Medical* and *Bell Atlantic*. Polaris does not allege that Google had knowledge of the asserted patents, but even if it did, with respect to the intent element, Polaris must also allege facts showing "evidence of culpable conduct, . . . not merely that the inducer had knowledge of the direct infringer's activities." *DSU Medical Corp.*, 471 F.3d at 1306. Indeed, "the inducer must have an affirmative intent to cause direct infringement." *Id.*

Here, Polaris has only pled that Google was "indirectly infringing by way of inducing infringement by others" and that "Defendants have actively induced and are actively inducing infringement of the '947 Patent and are liable for contributory infringement of the '947 Patent." Compl. ¶¶ 17, 27. There is not a single allegation specific to Google's supposed knowledge of the patent or Google's intent to induce infringement. *See Bell Atlantic,* 127 S. Ct. at 1965 n.3 ("Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief"). Likewise, Polaris has failed to sufficiently plead direct infringement by others, or *any facts* showing that Google encouraged or promoted any direct infringement. *See Ondeo Naclo Co.*, 2002 WL 1458853 at *1.

A district court recently dismissed nearly identical allegations of inducing infringement. *Compare AntiCancer*, 2007 U.S. Dist. LEXIS 59811 at *11 ("Each of the defendants…indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others.") *with* Compl. ¶ 17 ("Google…indirectly infringing by way of inducing infringement by others"). Like Polaris, the plaintiff in *AntiCancer* failed to make any allegations as to the defendants' individual knowledge and instead alleged mere conclusions. *AntiCancer*, 2007 U.S. Dist. LEXIS 59811 at *11. Applying the pleading standards set forth in *Bell Atlantic*, the *AntiCancer* court granted the defendants' motion to dismiss these claims, holding that "the

Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement so as to demonstrate a plausible entitlement to relief." *Id.*  As Polaris's allegations also consist merely of "bare statements" that Google induced infringement of others, Polaris's conclusory claims of inducement of infringement should be dismissed, and the related prayer for relief should be stricken.

### D.     Polaris Does Not Plead Sufficient Facts to Support a Claim for Contributory Infringement

"An accused infringer may be liable for contributory infringement under 35 U.S.C. § 271(c) if the patent holder proves that the defendant made the patented device, that the device has no substantial non-infringing uses, and that the defendant sold the device within the United States to a customer whose use of the device constituted an act of direct infringement." *MGM Well Servs., Inc. v. Mega Lift Sys.*, LLC, No. H-05-1634, 2007 U.S. Dist. LEXIS 30536, at *6 (S.D. Tex. Apr. 25, 2007) (citing *DSU Medical Corp.*, 471 F.3d at 1303).  "The patentee always has the burden to show direct infringement for each instance of indirect infringement." *DSU Medical Corp.*, 471 F.3d at 1303.  To satisfy the requirements of Rule 8, a complaint must contain, at a bare minimum, facts showing that: (1) Google makes and sells products or services that interpret email in an infringing manner; (2) Google's allegedly infringing products or services have no substantial non-infringing uses; and (3) Google made sales of such products or services in the United States that contributed to another's direct infringement.  *See id*.

Polaris pleads no such facts.  Instead, Polaris alleges only that Google's websites and related programs are "contributing to the infringement by others."  Compl. ¶ 17.  Such allegations are nothing more than labels and conclusions.  *Bell Atlantic,* 127 S.Ct. at 1964-1965 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than

labels and conclusions"). The Court should dismiss Polaris's claim for contributory infringement, and strike its corresponding prayer for relief.

### E.     Polaris Does Not Plead Sufficient Facts to Support a Claim for Willful Infringement

To establish a claim of willful infringement, a patent holder must show that the accused infringer acted despite an "objectively high likelihood that its actions constituted infringement of a valid patent." *In re Seagate Tech., LLC*, No. 06-M830, 2007 WL 2358677, at *5 (Fed. Cir. Aug. 20, 2007) (en banc). Mere negligence is not enough – *a plaintiff must plead facts that show a reckless disregard of its patents*. *See id.* at *4-5. An accused infringer is not objectively "reckless" unless the risk of infringement is "known or so obvious that it should have been known to the accused infringer." *Id.* at *5.

Polaris fails to properly plead even the *elements* of willful infringement, let alone *facts* that plausibly suggest such a claim. Instead, the complaint requests a peculiar "reservation" of a willfulness claim that Polaris may or may not allege at some future, unknown time. This reservation is especially curious since Polaris failed to even contact Google regarding the '947 patent prior to filing suit. Because Polaris's complaint utterly fails to meet its pleading obligations for willfulness, and cannot meet them in light of *Seagate*, the Court should strike Polaris's attempted "reservation" of willfulness as immaterial. *See* Fed. R. Civ. P. 12(f).

## II.     IN THE ALTERNATIVE, THE COURT SHOULD REQUIRE POLARIS TO AMEND ITS CLAIMS TO PROVIDE A MORE DEFINITE STATEMENT

In the event that the Court does not grant Google's motion to dismiss, the Court should alternatively require Polaris to provide a more definite statement of its allegations of direct infringement, inducement of infringement, contributory infringement, and any allegation of willful infringement. Rule 12(e) permits a defendant to challenge a complaint that is vague or ambiguous:

> If a pleading to which a responsive pleading is permitted is so
> vague or ambiguous that a party cannot reasonably be required to
> frame a responsive pleading, the party may move for a more
> definite statement before interposing a responsive pleading.  The
> motion shall point out the defects complained of and the details
> desired.

Fed. R. Civ. P. 12(e); *see also Agilent Techs., Inc. v. Micromuse, Inc.,* 2004 U.S. Dist. LEXIS
20723 * 12 (S.D.N.Y. Oct. 19, 2004).

Polaris's complaint is hopelessly vague with respect to its claims of direct infringement,
inducement of infringement, and contributory infringement because as set forth above, Polaris
has failed to plead facts that could plausibly support these claims.   Likewise, Polaris's
"reservation" with respect to willful infringement is so indefinite that it prevents Google from
even knowing the extent to which Polaris alleges a willfulness claim.   While Polaris has listed
Google's website and related advertising programs, it has not sufficiently alleged *how* those
programs can possibly involve emails in a way that infringes the '947 Patent.   *Dow Jones*, 451
F.3d at 307 (finding the failure to plead how a defendant infringed plaintiff's trademarks was
grounds for dismissal under Fed. R. Civ. P. 12(b)(6)).   This failure to properly frame and present
the issues, with facts as opposed to conclusions, unfairly places the burden on Google to guess at
what aspects of its services are truly involved and how to respond.[6]   Importantly, it unfairly
burdens Google with having to guess at what documents and records, if any, would be relevant in
the litigation.   In this situation, if the Court does not dismiss Polaris's claims for its pleading

---

[6] A more definite statement also ensures that issues are properly framed and fairly presented
early in the litigation process.  *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 n.13 (11th
Cir. 1996); *Fikes v. City of Daphne*, 79 F.3d 1079, 1082-83 (11th Cir. 1996); *Anderson v. Dist.
Bd. Of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches
that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled,
the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence
in the court's ability to administer justice.").

failures pursuant to Rule 12(b)(6), the Court should at least order Polaris to amend its complaint to provide a more definite statement regarding its infringement claims.

## III. THE COURT SHOULD STAY DISCOVERY AND PATENT DISCLOSURES AS TO GOOGLE PENDING POLARIS'S FILING OF A COMPLAINT THAT MEETS THE REQUIREMENTS OF RULE 8 AND *BELL ATLANTIC*

The *Bell Atlantic* Court observed that "[w]hen the allegations in a complaint, however true, could not raise a claim or entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic*, 127 S.Ct. at 1966 (citations omitted). In keeping with this observation, Google seeks a stay of its discovery obligations under the Federal Rules of Civil Procedure and the Local Rules of this judicial district, as well as a stay of its obligations to make disclosures or produce documents under the Patent Local Rules, pending Polaris's filing of a complaint that can pass muster under Rule 8 and *Bell Atlantic*. Google believes that Polaris cannot in good faith plead the requisite facts because of the fundamental differences between the asserted patents and Google's technology. As such, in light of *Bell Atlantic*, Google requests that discovery and its patent local rules obligations be suspended at least pending resolution of its motion to dismiss and its alternative motion for a more definite statement.

Until Polaris has made the "showing" required by Rule 8 and has given Google "fair notice" of the nature of its claims and the "grounds" on which they rest, Google should not be forced to incur the burden and expense of providing discovery and disclosures to Polaris. *Bell Atlantic* directly addressed the problem of requiring a defendant to litigate against inadequately pled claims:

> It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through "careful case management," given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side. And it is

> self-evident that the problem of discovery abuse cannot be solved
> by "careful scrutiny of evidence at the summary judgment stage,"
> much less "lucid instructions to juries"; the threat of discovery
> expense will push cost-conscious defendants to settle even anemic
> cases before reaching those proceedings.

*Id.* at 1967 (citations omitted).  The *Bell Atlantic* Court concluded that only by requiring a plaintiff to plead sufficient allegations could the "potentially enormous expense" of discovery be avoided in cases where the complaint shows no plausible entitlement to relief.  *Id.*

This is such a case.  Accordingly, Google asks for a stay of its discovery obligations and patent disclosures at least until such time as the Court rules on Google's motion to dismiss and alternative motion for a more definite statement, and more broadly, unless and until Polaris can demonstrate it can meet the requirements of Rule 8 and *Bell Atlantic*.  *See, e.g*., *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("The purpose of F.R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Havoco of America, Ltd. v. Shell Oil Co*., 626 F.2d 549, 553 (7th Cir. 1980) ("[I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility."); *Greene v. Emersons, Ltd*., 86 F.R.D. 66, 73 (S.D.N.Y. 1980) ("defendant has the right . . . to challenge the legal sufficiency of the complaint's allegations against him, without first subjecting himself to discovery procedures").

## CONCLUSION

Polaris has not sufficiently pled its claims for direct infringement, inducement of infringement, contributory infringement and willful infringement under the pleading standards articulated by the United States Supreme Court.  Accordingly, the Court should dismiss those claims and strike the related prayers for relief.  In the alternative, the Court should require Polaris to provide a more definite statement of its claims.  In the meantime, Google should not be

required to respond to discovery or provide its patent local rules disclosures unless and until

Polaris can demonstrate compliance with Rule 8 and *Bell Atlantic.*

Dated: October 19, 2007                    Respectfully submitted,

                                            */s/ Jennifer Parker Ainsworth*
                                            Jennifer Parker Ainsworth
                                            State Bar No. 00784720
                                            WILSON, ROBERTSON & CORNELIUS, P.C.
                                            P.O. Box 7339
                                            Tyler, Texas 75711
                                            (903) 509-5000
                                            (903) 509-5092 (facsimile)
                                            jainsworth@wilsonlawfirm.com

                                            Darryl M. Woo
                                            *Lead Attorney*
                                            California Bar No. 100513
                                            Tyler A. Baker
                                            Texas State Bar No. 01595600
                                            Michael J. Sacksteder
                                            California Bar No. 191605
                                            Saina S. Shamilov
                                            California Bar No. 215636
                                            Eric J. Ball
                                            California Bar No. 241327
                                            FENWICK & WEST LLP
                                            555 California Street, 12th Floor
                                            San Francisco, CA  94104
                                            Telephone:     (415) 875-2300
                                            Facsimile:      (415) 281-1350
                                            tbaker@fenwick.com
                                            dwoo@fenwick.com
                                            msacksteder@fenwick.com
                                            sshamilov@fenwick.com
                                            eball@fenwick.com

                                            *Attorneys for Defendant Google Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 19th day of October, 2007.


<u>*/s/ Jennifer Parker Ainsworth*</u>
Jennifer Parker Ainsworth