# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 2:07-cv-371-TJW-CE |
| § | |
| (1) GOOGLE INC.; § | |
| (2) YAHOO! INC.; § | |
| (3) AMAZON.COM, INC.; § | |
| (4) A9.COM, INC.; § | |
| (5) BORDERS, INC.; § | JURY TRIAL DEMANDED |
| (6) BORDERS GROUP INC.; § | |
| (7) AOL LLC; § | |
| (8) AMERICA ONLINE, INC.; § | |
| (9) IAC/INTERACTIVECORP; and § | |
| (10) IAC SEARCH AND MEDIA, INC., § | |
| § | |
| Defendants. § | |

## AMERICA ONLINE, INC. AND AOL LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT, TO STRIKE, AND TO STAY DISCOVERY

For the reasons set forth in Google Inc.'s "Motion to Dismiss or, in the Alternative, for a More Definite Statement; Motion to Strike, and Motion to Stay Discovery," defendants America Online, Inc. and AOL LLC (collectively "AOL") respectfully move to dismiss the claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the alternative, AOL joins in Google Inc.'s motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to stay the defendants' discovery obligations and patent local rule disclosures. The arguments presented in Google Inc's motion are hereby incorporated by reference.

Polaris IP's allegations against AOL consist solely of the following:

>Upon information and belief, Defendant AOL has been and now is directly, literally, and/or upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems implementing various websites (including, but not limited to www.aol.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent.  Defendant AOL is thus liable for infringement of the '947 Patent.

(Complaint ¶ 23.)

As described in Google's motion, the '947 patent is directed toward an automated customer service email response system.  However, the complaint does not accuse any AOL automated email function and otherwise fails to identify any aspect of AOL's website that allows for automated responses to customer service requests.  The complaint merely identifies "methods and systems implementing various websites," but does not describe anything about the website implementation that would suggest that it involves automated emails or otherwise infringes the '947 patent.  With respect to other defendants in this case, the complaint at least identifies certain systems that such defendants' websites implement.  The complaint fails to contain even this level of detail with respect to AOL.  Polaris's allegations against AOL are, therefore, even more conclusory.

Accordingly, AOL respectfully requests that the Court dismiss the claims against AOL pursuant to Rule 12(b)(6) and *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).  In the alternative, AOL joins in Google Inc.'s motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and to stay the defendants' discovery obligations and patent local rule disclosures at least until such time as the Court rules on the Rule 12 motions, and more broadly,

unless and until Polaris can demonstrate it can meet the requirements of Federal Rule of Civil Procedure 8.

Dated: October 19, 2007                Respectfully submitted,

By:      /s/ Victoria F. Maroulis

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
JENNIFER A. KASH
Cal. Bar No. 203679
jenniferkash@quinnemanuel.com
KEVIN A. SMITH
N.Y. Bar No. 4318952
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: 415.875.6600
Facsimile: (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603 (admitted in E.D. Tex.)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendants America Online, Inc. & AOL LLC

51283/2259071.4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 19, 2007. Any other counsel of record will be served by facsimile transmission and first class mail.

/s/ Kevin A. Smith

51283/2259071.4