IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC | |
| v. | No. 2:07-cv-00371-TJW-CE |
| GOOGLE, INC., et al. | JURY |

**PLAINTIFF'S RESPONSE TO YAHOO'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

Plaintiff, Polaris IP, LLC ("Polaris IP"), files this Response in opposition Defendant Yahoo! Inc. ("Yahoo") Motion to Dismiss, or in the Alternative, for More Definite Statement (Dkt. No. 37), as follows:

**I. INTRODUCTION.**

Yahoo's Motion should be denied because Polaris IP's Complaint meets all pleading requirements and can be answered. For example, six defendants in this case have already filed answers. (Dkt. Nos. 32-35). Besides boilerplate recitations of inapplicable case law, the thrust of Yahoo's argument seems to be that it disputes infringing a patent allegedly directed to email processing – an argument based on the **merits** of the case. However, Yahoo's motion is directed to alleged deficiencies in Polaris IP's complaint – an issue of proper pleading, not a motion directed to the **merits** of the case. Clearly Yahoo readily understands that Polaris IP has alleged that Yahoo infringes the patent in suit based upon certain described systems, namely Yahoo's Search Marketing methods, including at www.yahoo.com using rule base and case base knowledge engines. What Yahoo would have this Court do is ignore the Federal Rules of Civil Procedure and proceed straight to deciding a motion for summary judgment on the merits without ever providing Polaris IP with any discovery as to Yahoo's infringing systems. Clearly, Yahoo's motion is simply without merit.

1

However, Yahoo is also wrong on the **merits** of this case. The patent-in-suit is not limited to email processing. Rather, multiple claims of the patent cover the processing of noninteractive messages such as those utilized by Yahoo's described systems, namely Yahoo's Search Marketing methods, including at www.yahoo.com using rule base and case base knowledge engines.

Because Yahoo's Motion lacks any legal or factual merit, it should be seen for what it is – a veiled attempt to seek a decision on the merits at the pleading stage, or to delay Yahoo's answer and obtain early discovery. However, this Court's early disclosure rules provide ample means for prompt discovery in this case.

## II.     FACTS.

### A.     Polaris IP's Complaint.

Polaris IP's Original Complaint (Dkt. No. 1) pleads, *inter alia*, its ownership of U.S. Patent No. 6,411,947 ("the '947 Patent"), the applicable statute, and the means of Yahoo's infringement thereof. Polaris IP's contentions regarding Yahoo's infringement are set forth at paragraph 18, as follows:

> . . . Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems (including, but not limited to, Yahoo Search Marketing) implementing various websites (including, but not limited to www.yahoo.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent. Defendant Yahoo is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

It is clear from Polaris IP's Complaint that it contends infringement relative to Yahoo's described systems, namely Yahoo Search Marketing implemented via www.yahoo.com using rule base and case base knowledge engines. Yahoo's Motion, at page 8, requests in part that

Polaris IP be required to provide "an identification of the particular aspect or aspects of Yahoo!'s websites and its products and services that allegedly infringe the '947 patent." However, even if such specificity was required by the Federal Rules of Civil Procedure, which it is not, it is already set forth in Polaris IP's complaint.

### B.    The '947 patent.

The '947 patent generally relates to, among other things, automatic processing of non-interactive electronic messages comprising interpretation with a rule base and case base knowledge engine and specified other activities, for example, retrieving predetermined responses. For example, claim 26 covers the following:

> 26.    A method for automatically processing a non-interactive electronic message using a computer, comprising the steps of:
>
> (a)    receiving the electronic message from a source;
>
> (b)    interpreting the electronic message using a rule base and case base knowledge engine; and
>
> (c)    retrieving one or more predetermined responses corresponding to the interpretation of the electronic message from a repository for automatic delivery to the source.

### 1.    Yahoo's Apparent Argument that the Complaint Fails to State a Claim Because Yahoo's Accused Systems do not Perform Email Processing is Based Upon the Incorrect Premise that the '947 Patent is limited to Email Processing.

Yahoo's motion, at page 5, erroneously states that "the '947 patent is directed to an email processing system." Although the '947 patent does cover certain email processing systems, Yahoo's suggestion that the patent is limited to email processing systems is entirely mistaken. For example, four of the five independent claims (i.e., claims 1, 26, 41 and 54), cover automatic processing of any *noninteractive electronic messages*, not merely emails. It does not take a lengthy study of the '947 patent to realize that most claims cover more than emails. For

3

example, independent claim 25 is distinguishable from the other independent claims at least because it is directed to a method for automatically processing an "electronic mail (E-mail) message," as opposed to other types of noninteractive electronic messages. An additional example is claim 17, which covers, "[t]he method of claim 15, *wherein the electronic message is an electronic mail (E-mail) message*." As this Court is aware from its significant experience with *Markman* rulings, it is claim interpretation 101 that when some claims are limited to emails and others are not, it would be improper to conclude that all claims are limited to emails. In fact, the '947 patent explicitly states that an email is but one an "example" of an electronic message. ('947 patent, col. 1, lines 33-34).

Polaris IP does not dispute that at least certain preferred embodiments described in the specification are at least primarily directed to a system for processing emails. However, again as this Court is well aware, it would be improper to conclude that the claims of the '947 patent are limited to the preferred embodiments.

In any event, Yahoo's suggestion that Polaris IP's Complaint fails to state a claim because Yahoo's accused system is not directed to emails is based upon a wholly incorrect premise that the '947 patent is limited to processing of e-mails.

### III. ANALYSIS.

#### A. The Complaint Meets All Pleading Requirements and is Clearly Capable of Being Answered.

The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 further requires pleadings "to be concise and direct." FED. R. CIV. P. 8(e). The Supreme Court has noted that, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will

give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Patent infringement cases are governed by the same liberal, notice pleading standard. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). In *Phonometrics*, the Federal Circuit made clear that a complaint alleging patent infringement need only allege the following: (1) ownership of the asserted patent, (2) the names each individual defendant, (3) the patent that is allegedly infringed, (4) the means by which defendants allegedly infringe, and (5) the statute implicated. *Id.* at 794. *See also McZeal v. Sprint Nextel Corp.*, 2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*).

In addition, a complaint alleging patent infringement is sufficient to withstand a motion for a more definite statement "if it provides at least as much information as Form 16 in the Federal Rules of Civil Procedure's Appendix of Forms." *Dome Patent L.P. v. Permeable Techs.*, Inc., 190 F.R.D. 88, 90-91 (W.D.N.Y. 1999) (citing *OKI Elec. Indus. Co. v. LG Semicon Co.*, 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. 1998); *Soli-Tech, Inc. v. Halliburton Co.*, 1993 U.S. Dist. LEXIS 19602 (E.D. Mich. 1993); see also FED. R. CIV. P. 84 ("The forms contained in this Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."). The only infringement allegation contained in Form 16 is that the defendant is infringing the plaintiff's patent "by making, selling, and using electric motors." Form 16. Complaint for Infringement of Patent Form 16, FED. R. CIV. P. Appendix of Forms.

A motion for more definite statement is only proper when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ."

FED.R. CIV. P. 12(e). *See also* 5C WRIGHT & MILLER, FED. PRAC. & PROC., § 1376 at 311 (3d ed. 2004) (noting that Rule 12(e) applies only in limited circumstances where the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself"). "An underlying aim of the Federal Rules is 'to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.'" *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F.Supp.2d 260, 265 (E.D.N.Y. 2004). "Rule 12(e) is designed to prevent unintelligibility in complaints in order for a party to interpose a responsive pleading." *Id.* Rule 12(e) is not designed, however, to make it easier for the moving party to prepare its case. *Symbol Techs., Inc. v. Hand Held Prods.*, 2003 U.S. Dist. Lexis 21002, at *9 (D. Del. 2003) (citing FED. R. CIV. P. advisory committee's note). As such, motions for more definite statement are typically disfavored by the courts. *See, e.g., J&J Manuf. Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998) (stating that "a motion for more definite statement is generally disfavored").

Polaris IP's Complaint complies with the requirements set forth by the Federal Circuit in *Phonometrics* and Form 16, and similar or less specific complaints have withstood motions to dismiss. *See, e.g., Constellation IP, LLC v. Marriott International, Inc., et al.*, Case 9:06-cv-00162-RHC (E.D. Tex. Nov. 6, 2006) *digiGan, Inc. v. iValidate, Inc.,* 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. 2004); *One World Techs., Ltd. v. Robert Bosch Tool Corp.,* 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. 2004); *Interdigital Technology Corp. v. OKI America, Inc.*, 845 F.Supp. 276, 283 (E.D. Pa. 1994).

Yahoo cannot credibly maintain that Polaris IP's Complaint is unanswerable. For

example, six defendants in this case – Amazon.com, A9,com, Borders, Inc., Borders Group, Inc, IAC/Interactivecorp and IAC Search and Media, Inc. -- have already filed answers. (Dkt. Nos. 32-35). Also for example, Yahoo and its same counsel in this case were capable of recently answering the Plaintiff's Complaint in the *Creative Internet Advertising v. Yahoo* case, which appears no more detailed than Polaris IP, LLC's Complaint in this case. *See* Dkt. Nos. 1 & 23 in *Creative Internet Advertising Corp. v. Yahoo! Inc., et al.*; No. 6:07-cv-00354-LED-JDL (E.D. Tex 2007).

    **B.**    **Yahoo's Attempt at Early Discovery is Unwarranted, Especially in View of this Court's Procedures for Early Discovery.**

Yahoo's Motion appears to be a veiled attempt to delay its answer and obtain early discovery. For example, Yahoo's Motion requests that the Court order Polaris IP to provide "an explanation of how those aspects of Yahoo's websites, products and services allegedly infringe the '947 patent." However, Yahoo has no persuasive legal support for this position. *See generally Charles E. Beard, Inc. v. Cameronics Tech. Corp.*, 120 F.R.D. 40, 41-42 (E.D. Tex. 1988) (noting that the notice pleading requirements of the federal rules do not require a plaintiff set out the details of the facts on which he bases his claim because "such detail is properly left to the many devices of discovery, such as interrogatories, requests for admissions, [and] depositions"). Moreover, this Court's Patent Rules, in particular P.R. 3-1, provide for ample early disclosures relative to Polaris IP's infringement contentions.

**IV.**    **CONCLUSION.**

In sum, Yahoo's Motion has no merit. Yahoo is merely seeking to obtain a dismissal on the pleadings for issues related to the merits of the case, or to delay its answer for strategic reasons, or to conduct premature discovery under the guise of a Rule 12 motion. Under this

Court's rules for timely and comprehensive discovery, Yahoo will obtain ample discovery of Polaris IP's infringement contentions at the appropriate time.

WHEREFORE, premises considered, Plaintiff Polaris IP, LLC requests that the Court DENY the Motion to Dismiss and for More Definite Statement asserted by Defendant Yahoo! Inc. In the alternative, if the Court deems Polaris IP's Complaint to be deficient in any way, then leave should be granted for Polaris IP to amend the Complaint to address any such issues. Polaris IP also requests such other relief to which it may be entitled.

Date: November 5, 2007.  Respectfully submitted,

POLARIS IP, LLC

By: /s/ John J. Edmonds
Eric M. Albritton - LEAD ATTORNEY
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Danny L. Williams
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wma.law.com
mike@wma.law.com

David M. Pridham
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404

        david@ipnav.com

        John J. Edmonds
        Texas Bar No. 00789758
        THE EDMONDS LAW FIRM, PC
        709 Sabine Street
        Houston, Texas 77007
        Telephone: (713) 858-3320
        Facsimile: (832) 415-2535 (Fax)
        johnedmonds@edmondslegal.com

        Jason W. Cook
        Texas Bar No. 24028537
        The Law Office of Jason W. Cook
        6282 McCommas Blvd.
        Dallas, Texas 75214
        Telephone: (214) 504-6813
        Facsimile: (469) 327-2777
        jcook@cookip.com

        Attorneys for Plaintiff
        POLARIS IP, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: November 5, 2007                          /s/ John J. Edmonds
                                                        John J. Edmonds