IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| POLARIS IP, LLC | |
|---|---|
| v. | No. 2:07-cv-00371-TJW-CE |
| GOOGLE, INC., et al. | JURY |

**PLAINTIFF'S RESPONSE TO GOOGLE'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE AND MOTION TO STAY DISCOVERY**

Plaintiff, Polaris IP, LLC ("Polaris IP"), files this Response in opposition Defendant Google, Inc. ("Google") Motion to Dismiss, or in the alternative, for a More Definite Statement, Motion to Strike and Motion to Stay Discovery (Dkt. No. 39), as follows:

**I. INTRODUCTION.**

Google's Motion should be denied because Polaris IP's Complaint meets all pleading requirements. Since Google's positions requiring discovery-type factual specificity in pleadings are at odds with established precedent, Google fashions an argument that the Supreme Court's recent holding in the *Bell Atlantic* case supersedes all precedent. However, this is simply untrue. The *Bell Atlantic* case concerns itself with certain cases, for example antitrust cases wherein there is no agreement to restrain trade, in which the Complaint shows no plausible right to any relief. In fact, since *Bell Atlantic* the Federal Circuit has reaffirmed the traditional standards for pleading patent infringement in the *McZeal* case. Google attempts to dismiss *McZeal* as irrelevant because the plaintiff was *pro se*, but the Federal Circuit's discussion of pleading requirements was in no way limited to *pro se* cases.

Besides boilerplate recitations of inapplicable case law and a couple of unreported, outlier district court cases, the thrust of Google's argument seems to be that it

disputes infringing a patent allegedly directed to email processing – an argument based on the **merits** of the case. However, Google's motion is directed to alleged deficiencies in Polaris IP's complaint – an issue of proper pleading, not a motion directed to the merits of the case. Clearly Google readily understands that Polaris IP has alleged that Google infringes the patent in suit based upon certain described systems, namely Google Search, Google AdWords, Google AdSense, and Google AdSense for Content implemented via www.google.com using rule base and case base knowledge engines. What Google would have this Court do is ignore the Federal Rules of Civil Procedure and proceed straight to deciding a motion for summary judgment on the **merits** without ever providing Polaris IP with any discovery as to Google's infringing systems. Clearly, Google's motion is simply without merit.

However, Google is also wrong on the merits of this case. The patent-in-suit is not limited to email processing. Rather, multiple claims of the patent cover the processing of noninteractive messages such as those utilized by Google's described systems, namely Google Search, Google AdWords, Google AdSense, and Google AdSense for Content, implemented via www.google.com using rule base and case base knowledge engines.

Since Google's Motion lacks any legal or factual merit, the Motion should be seen for what it is – a veiled attempt seek a decision on the merits at the pleading stage, and/or to require early discovery of Polaris IP while delaying Google's answer and discovery obligations. However, this Court's early disclosure rules provide ample means for this case to appropriately move forward. Accordingly, this Court should deny Google's Motion and allow discovery in this case to proceed in accordance with its normal schedule and procedures.

**II.     FACTS.**

    **A.     Polaris IP's Complaint.**

Polaris IP's Original Complaint (Dkt. No. 1) pleads, *inter alia*, its ownership of U.S. Patent No. 6,411,947 ("the '947 Patent"), the applicable statute, and the means of Google's infringement thereof. Polaris IP's contentions regarding Google's infringement are set forth at paragraph 17, as follows:

> . . . Google has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods and systems (including, but not limited to, Google Search, Google AdWords, Google AdSense, and Google AdSense for Content) implementing various websites (including, but not limited to www.google.com) that comprise interpreting electronic messages with rule base and case base knowledge engines as covered by one or more claims of the '947 Patent. Defendant Google is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

It is clear from Polaris IP's Complaint that it contends infringement relative to Google's described systems, namely Google Search, Google AdWords, Google AdSense, and Google AdSense for Content implemented via www.google.com using rule base and case base knowledge engines.

    **B.     The '947 patent.**

The '947 patent generally relates to, among other things, automatic processing of non-interactive electronic messages comprising interpretation with a rule base and case base knowledge engine and specified other activities, for example, retrieving predetermined responses. For example, claim 26 covers the following:

> 26.     A method for automatically processing a non-interactive electronic message using a computer, comprising the steps of:
>
> (a)     receiving the electronic message from a source;

(b)   interpreting the electronic message using a rule base and case base knowledge engine; and

(c)   retrieving one or more predetermined responses corresponding to the interpretation of the electronic message from a repository for automatic delivery to the source.

### C.   Google's Argument that the Complaint Fails to State a Claim Because Google's Accused Systems do not Perform Email Processing is Based Upon the Incorrect Premise that the '947 Patent is Limited to Email Processing.

Google's Motion erroneously alleges throughout that the '947 patent is directed to an email processing system.  Although the '947 patent does cover certain email processing systems, Google's suggestion that the patent is limited to email processing systems is entirely mistaken.  For example, four of the five independent claims (i.e., claims 1, 26, 41 and 54), cover automatic processing of any *noninteractive electronic messages*, not merely emails.  It does not take a lengthy study of the '947 patent to realize that most claims cover more than emails.  For example, independent claim 25 is distinguishable from the other independent claims at least because it is directed to a method for automatically processing an "electronic mail (E-mail) message," as opposed to other types of noninteractive electronic messages.  An additional example is claim 17, which covers, "[t]he method of claim 15, *wherein the electronic message is an electronic mail (E-mail) message*."  As this Court is aware from its significant experience with *Markman* rulings, it is claim interpretation 101 that when some claims are limited to emails and others are not, it would be improper to conclude that all claims are limited to emails.  In fact, the '947 patent explicitly states that an email is but one an "example" of an electronic message. ('947 patent, col. 1, lines 33-34).

Polaris IP does not dispute that at least certain preferred embodiments described in the specification are at least primarily directed to a system for processing emails.  However, again as

this Court is well aware, it would be improper to conclude that the claims of the '947 patent are limited to such preferred embodiments.

### III.   ANALYSIS.

#### A.   The Complaint Meets All Pleading Requirements.

The Federal Rules require only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 further requires pleadings "to be concise and direct." FED. R. CIV. P. 8(e).  The Supreme Court has noted that, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Patent infringement cases are governed by the same liberal, notice pleading standard. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). In *Phonometrics*, the Federal Circuit made clear that a complaint alleging patent infringement need only allege the following: (1) ownership of the asserted patent, (2) the names each individual defendant, (3) the patent that is allegedly infringed, (4) the means by which defendants allegedly infringe, and (5) the statute implicated. *Id.* at 794.  *See also McZeal v. Sprint Nextel Corp.*, 2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*).

#### B.   Google's Reliance Upon *Bell Atlantic* is Misplaced.

Because Google's position requiring unwarranted specificity in patent infringement complaints is contrary to established law, Google fashions an argument that the law recently changed via the *Bell Atlantic* case. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

However, Google's interpretation of *Bell Atlantic* is a significant misreading of that decision.

The focus of the *Bell Atlantic* case is the "entitled to relief" portion of Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" -- specifically whether allegations of "parallel conduct" are sufficient to state a claim under § 1 of the Sherman Act "absent some factual context suggesting agreement, as distinct from identical, in-dependent action." *Bell Atlantic*, 127 S. Ct. at 1961 & 1964. The Court held that to state a claim on which relief can be granted, a § 1 complaint must include allegations "plausibly suggesting" (and not merely consistent with) an agreement between the defendants. *Id.* at 1966.

The Court cited *Conley* for the proposition that Rule 8 requires a complaint to provide "fair notice of what the claim is...and the grounds upon which it rests." *Id.* at 1964. While this rule does not require detailed factual allegations, it does "require more than labels and conclusions, and a formulaic recitation of an elements of a cause of action will not do." *Id.* Thus, for a complaint to survive Rule 12(b)(6) dismissal, its factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

Considering the proper standard for "entitled to relief," the Court rejected its prior holding in *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 1968. *See Conley,* 355 U.S. at 45-46. The Court acknowledged that Conley's "no-set-of-facts" language "can be read in isolation as saying that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Id.* at 1968. On such a "focused and literal reading," the Court noted, "a wholly conclusory statement of claim would survive a motion to dismiss

whenever the pleadings left open the possibility that the plaintiffs might later establish some set undisclosed facts to support it." *Id.* Such an approach to pleading, however, would effectively eliminate Rule 8's requirement of demonstrating an entitlement to relief. *Id.*

The Court expressly denied that it was crafting heightened pleading rules. *Id.* at 1973. Rather, it concluded that the existing Rule 8 standard required "enough facts to state a claim to relief that is plausible on its face." *Id.* Because the plaintiffs had not "nudged their claims across the line from conceivable to plausible," dismissal was appropriate. *Id.*

When the *Bell Atlantic* decision issued, the Second Circuit was considering an interlocutory appeal from the denial of several Rule 12(b)(6) motions in *Iqbal v. Hasty*, a civil rights case arising from the pretrial detention of the plaintiff by the federal government in connection with its post-9/11 investigation. *Iqbal v. Hasty,* 2007 U.S. App. LEXIS 13911 (2d Cir. June 14, 2007)  In letters to the court citing the sub-sequent authority, the defendants characterized Bell Atlantic as effecting a "sea change" in the pleading standard under Rule 8. *Iqbal*, 2007 U.S. App. LEXIS 13911, at *34 n.6.  The Second Circuit noted multiple signals pointing away from *Bell Atlantic* requiring a new and heightened pleading standard (or at any rate, toward limiting such standard to antitrust cases), including the Court's (1) express disclaimer of any such standard; (2) citation, with approval, to Fed. R. Civ. P. Form 9 (complaint for negligence), which contains only a generalized allegation of negligence and does not specify the particular respect in which the defendant is alleged to have been negligent; and (3) subsequent citation to *Bell Atlantic* in a civil rights case for the proposition that pleading specific facts is unnecessary. *Id.* at *30-34 (citing *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)). Thus, the *Iqbal* court concluded that *Bell Atlantic* did not announce a universal standard of heightened fact pleading, or even an antitrust-specific rule. Id. at *35.   Rather, *Bell Atlantic* announced a

"flexible 'plausibility standard,'" which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. *Id.*

Accordingly, *Bell Atlantic* has done nothing to change the established rules for pleading patent infringement, nor has it made any change effecting Polaris IP's Complaint.

    **C.**    **The Federal Circuit has reviewed *Bell Atlantic* in the Patent Context and Rejected the Heightened Pleading Standard Asserted by Google.**

In *McZeal*, the Federal Circuit discussed *Bell Atlantic* and the requirements for stating a claim for patent infringement. *McZeal v. Sprint Nextel Corp.*, 2007 U.S. App. LEXIS 22025, *6-9. Because the Federal Circuit's holding in *McZeal* is contrary to Google's positions, it seeks to distinguish *McZeal* because the plaintiff was pro se. However, the Federal Circuit's discussion of Rule 8 is not limited to pro se plaintiffs and Google has no good faith basis to argue otherwise. More specifically, the Federal Circuit wrote as follows:

> The Supreme Court has explained what is necessary for a claimant to state a claim:
>> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."
>
> *Bell Atlantic Corp. v. Twombly*, ___ US ____, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)) ("*Bell Atlantic*"); *see also* Fed. R. Civ. P. Form 16 (2006) (setting forth a sample complaint for patent infringement that includes only the following elements: 1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages); *Conley*, 355 U.S. at 47 (stating that "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements]"). It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend. *See Bell Atlantic*, 127 S. Ct. at 1971 n. 10 (stating "[a] defendant wishing to prepare an answer in the simple fact pattern laid out in Form 9 [in the Federal Rules of Civil Procedure] would know what to answer; a defendant seeking to respond to plaintiffs' conclusory allegations . . . would have little idea where to begin."). Thus, a plaintiff in a patent infringement suit is not required to specifically include each element of the

8

> claims of the asserted patent. See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys., Inc., 203 F.3d 790, 794 (Fed. Cir. 2000). Here, McZeal asserted ownership of the '226 patent, Compl. at 13; named Sprint Nextel as defendants, Compl. at 15-16; cited the '226 patent as allegedly infringed, Compl. at 14; described the means by which Sprint Nextel allegedly infringes ("[t]he defendant's INTERNATIONAL WALKIE TALKIE machine physically have [sic] or perform all of the basic elements contained in the patent claims of the plaintiff and further infringes under the doctrine of equivalents," Compl. at 14, 56; and pointed [*8] to the specific parts of the patent law invoked ("35 U.S.C. § 271," Compl. at 5). More specifically, McZeal's complaint alleges that the "[Motorola i930] manufactured and distributed by the defendants, which claims to be an 'International Walkie Talkie Machine' and which purports to provide 'INTERNATIONAL WALKIE TALKIE' service or global wireless Voice Over Internet Protocol (VoIP) communications" infringes his patent. . . . Accordingly, McZeal's complaint contains enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion. *See Conley*, 355 U.S. at 47-48; *Phonometrics*, 203 F.3d at 794. Nothing more is required.

*McZeal*, 2007 U.S. App. LEXIS 22025, *6-9.

As noted above, Polaris IP's Complaint meets all requirements of *Phonometrics* and Form 16, which -- post-*Bell Atlantic* -- the Federal Circuit has again affirmed as the standard of pleading for patent cases. In addition, *McZeal* is particularly applicable to this district because, relative to Rule 12, the Federal Circuit applies the law of the regional circuit, and in *McZeal* it applied the law of the Fifth Circuit. *Id.* at *4.

### D. To the extent *Bell Atlantic*'s Plausibility Standard is Applicable to this Case, it has been Met.

The gist of Google's argument based upon *Bell Atlantic* seems to be that Polaris IP's Complaint does not state a plausible claim because the '947 patent is directed to e-mail processing and Google's accused systems are not. But as noted above, the '947 patent is clearly not limited to email processing. Multiple claims, for example claim 26, cover noninteractive electronic messages (not merely emails), such as those used with Google Search, Google AdWords, Google AdSense, and Google AdSense for Content implemented via

9

www.google.com using rule base and case base knowledge engines.

Thus, to the extent *Bell Atlantic*'s plausibility standard is applicable to this case (which, according to the Federal Circuit, it is not), that standard has been met, notwithstanding Google's unwarranted characterizations of the '947 patent being limited to certain preferred embodiments despite clear claim language to the contrary.

### E.    Polaris IP's Complaint Complies with all Pleading Requirements for Asserting Direct Infringement.

As noted above, Polaris IP's Complaint is sufficient to withstand a motion to dismiss if complies with the requirements of *Phonometrics* and Form 16.  It is irrefutable that such information is included.  Specifically, Polaris IP's Complaint alleges ownership of the '947 patent, the names each individual defendant including Google, that the '947 patent is allegedly infringed, the statute implicated (i.e., 35 U.S.C. § 271), and the means by which defendants allegedly infringe.  Specific to Google, the means of infringement are Google's described systems, namely Google Search, Google AdWords, Google AdSense, and Google AdSense for Content implemented via www.Google.com using rule base and case base knowledge engines.

Polaris IP's Complaint complies with the requirements set forth by the Federal Circuit in *Phonometrics* and Form 16, and similar or less specific complaints have withstood motions to dismiss. *See, e.g., Constellation IP, LLC v. Marriott International, Inc., et al.*, Case 9:06-cv-00162-RHC (E.D. Tex. Nov. 6, 2006) *digiGan, Inc. v. iValidate, Inc.,* 2004 U.S. Dist. LEXIS 1324, at *11-12 (S.D.N.Y. 2004); *One World Techs., Ltd. v. Robert Bosch Tool Corp.,* 2004 U.S. Dist. LEXIS 14035, at *6-7 (N.D. Ill. 2004); *Interdigital Technology Corp. v. OKI America, Inc.*, 845 F.Supp. 276, 283 (E.D. Pa. 1994).

Google's Motion appears to argue that no claim for direct infringement is made because the '947 patent is directed to e-mail processing, and Google's accused systems are not.  Thus,

according to Google, the Complaint does not "plausibly suggest" infringement. Here Google's argument is fundamentally flawed because multiple claims in the '947 patent, including those asserted against Google, are not limited to email processing. As noted in Section II.B.1 above, Google is flat wrong in asserting that the '947 patent is limited to any preferred embodiments for email processing, especially when numerous claims directed to electronic messages are clearly not limited to emails.

### F. Polaris IP's Complaint Complies with all Pleading Requirements for Asserting Inducement of Infringement.

Google's arguments for the requirements for pleading inducement of infringement are unsupported. Besides citing to unhelpful cases generically discussing what must be proven in court to prevail on inducement, Google cites only to two unreported outlier district court cases – *Ondeo Nalco* and *Coolsavings.com* -- which dismissed inducement claims as insufficient.

In *Ondeo Nalco,* plaintiff alleged inducement by the defendant without alleging that anyone else was directly infringing the patent. *Ondeo Nalco Co. v. EKA Chems.,Inc.*, No. 01-537-SLR, 2002 U.S. Dist. LEXIS 26195, *3 (D. Del. Aug. 10, 2002). The district court held that the plaintiff had failed to state a claim because infringement by others being induced is a necessary element of inducing infringement. *Id.* at * 3-5. Thus, even if *Ondeo Nalco* was binding authority, which it is not, the holding is inapplicable to the present case. Paragraph 17 of Polaris IP's Complaint specifically alleges that Google is inducing infringement "by others" who are directly infringing the '947 patent.

Google's description of *Coolsavings.com*, like Google's descriptions of *Bell Atlantic* and *McZeal*, is inaccurate. In *Coolsavings.com*, the district court dismissed the inducement claims because they failed to include an allegation of intent. *Coolsavings.com v. Catalina Mktg. Corp.*, No. 98 C 6668, 1999 U.S. Dist. LEXIS 7891, *5-6 (N.D. Ill. May 13, 1999). The district

11

rejected the defendants' other complaints and ruled only on that single basis. *Id.* at * 6 ("We deny defendants' motion to dismiss as to all other allegations.").

The district court opinion in *Coolsavings.com* is Google's only support that Polaris IP's inducement claim is insufficient because it lacks the magic word "intent." However, *Coolsavings.com* is an unreported outlier case that should not be followed. *See, e.g., Sony Electronics, Inc. v. Soundview Technologies, Inc.,* 157 F. Supp. 2d 190; 195-97 (D. Conn. 2001); *Snap-On, Inc. v. Hunter Eng. Co.,* 29 F. Supp. 2d 965, 970 (E.D. Wis. 1998).

Polaris IP's pleading of inducement of infringement tracks the statute and is sufficient on that ground. *See McZeal, supra; Phonometrics, supra*. The specific facts necessary to prove inducement of infringement are subsumed in the statute and need not be spelled out with further specificity in the Complaint. *See, id.* In addition, to the extent that notice pleading requires alleging intent when alleging inducement of infringement – a proposition which no controlling authority supports – the better reasoned view is that an allegation of "intent" can be inferred from the context of the other allegations. *See, e.g., Sony Electronics, Inc. v. Soundview Technologies, Inc.,* 157 F. Supp. 2d 190; 195-97 (D. Conn. 2001); *Snap-On, Inc. v. Hunter Eng. Co.,* 29 F. Supp. 2d 965, 970 (E.D. Wis. 1998). For example, it is clear from Polaris IP's Complaint that it contends infringement relative to Google's described systems, namely Google Search, Google AdWords, Google AdSense, and Google AdSense for Content, implemented via www.google.com using rule base and case base knowledge engines. It should also be clear that Google intends for "others," including its customers, to use these systems. In addition, whether or not Google was aware of the '947 patent before this lawsuit (a matter which is to be explored during discovery), at least since receiving service of this lawsuit, Google has been aware of the '947 patent. Accordingly, to the extent a pleading of intent is even required for inducing

infringement, the Court should conclude that intent can be inferred from associated language in the Complaint.

      **G.    Polaris IP's Complaint Complies with all Pleading Requirements for Asserting Contributory Infringement.**

The only case law cited by Google in support of its argument against the sufficiency of Polaris IP's pleading of contributory infringement is general case law relative to the facts necessary to prove contributory infringement. Aside from the lack of authority supporting Google's position, Polaris IP's allegations of contributory infringement are sufficient for the same reasons noted immediately above relative to inducing infringement.

      **H.    Google's Arguments Relative to Willful Infringement are Misplaced.**

Google's Motion states that "Polaris does not plead sufficient facts to support a claim for willful infringement." There is no need for Polaris IP to address the merits of this statement, or the lack thereof, because it is a moot point. Polaris IP's Complaint does not plead a claim for willful infringement. All that is stated in the Complaint is at paragraph 28, as follows: "To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial." Polaris IP included this language to provide the defendants with notice that Polaris IP would seek discovery on the issue of willfulness, and, subject of course to permission from the Court, Polaris IP reserves the right to plead willful infringement if the facts show it is an issue.

Google contends that the Court should "strike Polaris's attempted 'reservation' of willfulness as immaterial." Here again, Google only cites a general proposition of law – Rule 12(f) – and makes no attempt to show any specific support or authority for its position. Irrespective of the foregoing, paragraph 28 of Polaris IP's Complaint should not be stricken because it is not immaterial. Specifically, paragraph 28 serves the purpose of putting the

defendants on notice that Polaris IP intends to seek discovery relative to willfulness, and, subject to permission from the Court, Polaris IP reserves the right to plead willful infringement if the facts support it.

### I.     The Complaint is Clearly Answerable.

Google's alternative grounds for relief – that Polaris IP should be required to provide a more definite statement – should also be denied. A complaint alleging patent infringement is sufficient to withstand a motion for a more definite statement "if it provides at least as much information as Form 16 in the Federal Rules of Civil Procedure's Appendix of Forms." *Dome Patent L.P. v. Permeable Techs.*, Inc., 190 F.R.D. 88, 90-91 (W.D.N.Y. 1999) (citing *OKI Elec. Indus. Co. v. LG Semicon Co.,* 1998 U.S. Dist. LEXIS 22507 (N.D. Cal. 1998); *Soli-Tech, Inc. v. Halliburton Co*., 1993 U.S. Dist. LEXIS 19602 (E.D. Mich. 1993); *see also* FED. R. CIV. P. 84 ("The forms contained in this Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."). The only infringement allegation contained in Form 16 is that the defendant is infringing the plaintiff's patent "by making, selling, and using electric motors." Form 16. Complaint for Infringement of Patent Form 16, FED. R. CIV. P. Appendix of Forms.

A motion for more definite statement is only proper when a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . ." FED.R. CIV. P. 12(e). *See also* 5C WRIGHT & MILLER, FED. PRAC. & PROC., § 1376 at 311 (3d ed. 2004) (noting that Rule 12(e) applies only in limited circumstances where the pleading is "so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself"). "An underlying aim of the Federal Rules is 'to discourage

motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings.'" *Home & Nature Inc. v. Sherman Specialty Co., Inc.*, 322 F.Supp.2d 260, 265 (E.D.N.Y. 2004). "Rule 12(e) is designed to prevent unintelligibility in complaints in order for a party to interpose a responsive pleading." *Id.* Rule 12(e) is not designed, however, to make it easier for the moving party to prepare its case. *Symbol Techs., Inc. v. Hand Held Prods.*, 2003 U.S. Dist. Lexis 21002, at *9 (D. Del. 2003) (citing FED. R. CIV. P. advisory committee's note). As such, motions for more definite statement are typically disfavored by the courts. *See, e.g., J&J Manuf. Inc. v. Logan*, 24 F.Supp.2d 692, 703 (E.D. Tex. 1998) (stating that "a motion for more definite statement is generally disfavored").

Google cannot credibly maintain that Polaris IP's Complaint is unanswerable. For example, the thrust of Google's Motion is that its accused systems cannot plausibly infringe the '947 patent because Google believes (erroneously) that the patent is limited to email processing. Clearly Google understands what is accused of infringement and purports such systems do not infringe. There is no reason why Google cannot file an answer denying infringement if this is its position. In addition, six other defendants in this case – Amazon.com, A9,com, Borders, Inc., Borders Group, Inc, IAC/Interactivecorp and IAC Search and Media, Inc. --  have already filed answers. (Dkt. Nos. 32-35). If Polaris IP's complaint was not answerable, then such defendants could not have answered it.

> **J.      Google's Request for the Court to Stay Discovery and "Patent Disclosures" Lacks Good Cause and is Puzzling, and Should be Denied.**

The Courts in the Eastern District have already considered whether discovery should proceed while a motion to dismiss is pending, and have decided that it presumptively should. Specifically, Local rule CV-26(a) provides that, "[a]bsent court order to the contrary, a party is

not excused from responding to discovery because there are pending motions to dismiss, to remand or to change venue." In addition, this Court has established procedures for early, orderly disclosures in patent cases. Specifically, P.R. 3-1 requires early disclosure of infringement contentions. Given Google's purported belief that Polaris IP's infringement net is too wide, and that Polaris IP cannot prove Google's infringement of the '947 patent, one would think Google would favor the early disclosures required by the patent rules. It is perplexing that Google opposes them. Apparently Google's agenda is that it wants to obtain early discovery from Polaris IP, or a dismissal based upon its exaggeration of the pleading rules, without Google ever having to provide discovery concerning, for example, the function of its infringing systems.

Google has no support for its puzzling position and makes no showing of good cause as to why this Court's established discovery procedures should not be followed in this case.

Although Google, like accused infringers in the vast majority of patent cases, apparently disputes infringement, there is no reason for Google to be exempted from discovery in this case. Google is clearly aware of its products and services accused of infringement and should already be preserving documents and electronic data from being destroyed. Polaris IP will be prepared to make its P.R. 3-1 and 3-2 disclosures and mandatory disclosures in accordance with the Court's procedures and schedule. Google should be prepared to make its reciprocal disclosures mandated by this Court's standard procedures and scheduling.

Google's Motion appears to be a veiled attempt to delay its answer and obtain early discovery from Polaris IP while exempting Google from the discovery process. Google has no good cause, case law support, or valid argument for such extreme and unwarranted relief.

## IV.    CONCLUSION.

In sum, Google's Motion has no merit.  Google is merely seeking to obtain early discovery from Polaris IP under the guise of a Rule 12 motion while shielding Google from its reciprocal discovery obligations.  The fact that Google seeks a stay of this Court's mandatory early disclosures, including patent disclosures, illustrates that Google's Motion is disingenuous and lacks merit.  Under this Court's rules for timely and comprehensive discovery, Google will obtain ample early discovery of Polaris IP's specific infringement contentions.

WHEREFORE, premises considered, Plaintiff Polaris IP, LLC requests that the Court DENY Google's Motion to Dismiss, or in the Alternative, for a More Definite Statement, Motion to Strike and Motion to Stay Discovery.  In the alternative, if the Court deems Polaris IP's Complaint to be deficient in any way, then leave should be granted for Polaris IP to amend the Complaint to address any of the Court's issues.  Polaris IP also requests such other relief to which it may be entitled.

Date:  November 5, 2007.                                        Respectfully submitted,

                                                                POLARIS IP, LLC

                                                                By:  /s/ John J. Edmonds
                                                                Eric M. Albritton - LEAD ATTORNEY
                                                                Texas Bar No. 00790215
                                                                ALBRITTON LAW FIRM
                                                                P.O. Box 2649
                                                                Longview, Texas 75606
                                                                Telephone: (903) 757-8449
                                                                Facsimile: (903) 758-7397
                                                                ema@emafirm.com

Danny L. Williams
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wma.law.com
mike@wma.law.com

David M. Pridham
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
david@ipnav.com

John J. Edmonds
Texas Bar No. 00789758
THE EDMONDS LAW FIRM, PC
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 415-2535 (Fax)
johnedmonds@edmondslegal.com

Jason W. Cook
Texas Bar No. 24028537
The Law Office of Jason W. Cook
6282 McCommas Blvd.
Dallas, Texas 75214
Telephone: (214) 504-6813
Facsimile: (469) 327-2777
jcook@cookip.com

Attorneys for Plaintiff
POLARIS IP, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated:  November 5, 2007                              /s/ John J. Edmonds
                                                                      John J. Edmonds