# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 2:07-cv-371-TJW-CE |
| § | |
| (1) GOOGLE INC.; § | |
| (2) YAHOO! INC.; § | |
| (3) AMAZON.COM, INC.; § | |
| (4) A9.COM, INC.; § | |
| (5) BORDERS, INC.; § | JURY TRIAL DEMANDED |
| (6) BORDERS GROUP INC.; § | |
| (7) AOL LLC; § | |
| (8) AMERICA ONLINE, INC.; § | |
| (9) IAC/INTERACTIVECORP; and § | |
| (10) IAC SEARCH AND MEDIA, INC., § | |
| § | |
| Defendants. § | |

## GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR IN THE ALTERANTIVE FOR A MORE DEFINITE STATEMENT; MOTION TO STRIKE, AND MOTION TO STAY DISCOVERY

**SUMMARY OF REPLY ARGUMENT**

Rather than address the deficiencies in its complaint, Polaris opposes Google's motions by mischaracterizing the governing authorities and Google's position. Polaris incorrectly argues that Google's motions are either a premature attempt to seek unilateral discovery or an attempt to debate the merits of the complaint by requiring Polaris to meet a pleading standard above that required by Rule 8.

Google makes no such claim; it is only asking Polaris to do what the law requires: allege sufficient facts, which raise its claim above the speculative and conclusory to the plausible. Polaris's singular and conclusory allegation that Google's three entirely separate products, Search, AdWords and AdSense, all infringe the '947 patent through the alleged use of rule base and case base reasoning is precisely the type of insufficient, speculative pleading that the Supreme Court rejected in *Bell Atlantic* under Rule 12(b)(6). Given the substantial incongruity between the patented subject matter and Google's accused programs, the same result as in *Bell Atlantic* should occur here.

The bald allegation that the accused Google programs utilize rule base and case based reasoning is insufficient. Polaris must articulate some *facts* showing *how* it is that Google's programs allegedly infringe the asserted patent claims. This is particularly true here where the patent is directed to "automatic message interpretation and routing," or in essence an automated customer message handling service, and the three accused products are vastly different from the patent and from each other. As Google's publicly and readily available website indicates, Google Search is a web search technology, AdWords is an advertising program, and AdSense is an advertising syndication program. Any relationship between the asserted patent and the accused technologies is not at all evident, let alone easily discernable and plausible. In short, the assertion of the '947 patent is nothing more than a fishing expedition. But rather than trying to

catch fish with the '947 patent as its fishing pole, Polaris has made the absurd decision to cast its fishing pole at quail, hogs and deer. However, before Polaris can move forward with its fishing expedition, the pleading standards demand that it present facts sufficient to show that it can plausibly catch quail, hogs and deer – with only a fishing pole.

Because Polaris's complaint lacks the most basic explanation, the Court should dismiss the complaint and stay any discovery or other obligations, as expressly noted by the Supreme Court in *Bell Atlantic*, until such time as Polaris can satisfy its pleading requirements.

## ARGUMENT

### I. POLARIS'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Pleading merely that Google uses rule base and case base reasoning is a bare conclusion that does not raise Polaris's speculative pleading to a "plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Indeed, that Polaris's opposition brief contains far more detail than its complaint is reason enough to grant Google's motion.

#### A. The '947 Patent Cannot Plausibly Read On Google's Accused Programs

Polaris's bold attempt to shoehorn its patent into an infringement claim by redrawing it into something it is not, should be rejected. Nowhere in the '947 patent can one find the teaching of, or any plausible reference to, web searching (Google Search) or directed advertising (Google AdWords) or advertising syndication (Google AdSense). Polaris's allegations amount to nothing more than a claim that its patent covers automated response to *any* type of electronic message. Under Polaris's view, its patent can just as plausibly be asserted against the Internet itself for automatically returning a web page when a user enters a website's address into a web browser.

The absurdity of Polaris's complaint is further demonstrated by the contrast between its allegations against Google and its prior assertions of infringement. *See* Google Mem. at 3. In

those prior assertions, Polaris directed its allegations to automated email messaging systems in the customer relationship management field – a field directly related to the patent. *See e.g.* '947 patent, col. 1, lines 26-49. Detailed factual allegations were unnecessary in those cases because there was at least a discernable and plausible connection between the patented technology and the accused product. Here there is no discernable and plausible connection between the patented technology and the accused products. As such, Polaris was required to provide *some* factual connection, but instead has provided none.

### B. Polaris's Opposition Concedes That All But One Claim of the '947 Patent Cannot Plausibly Read on Google's Programs

Acknowledging the limitations of the '947 patent, Polaris's opposition focuses on claim 26, the only independent claim that does not specifically require a human operator to interpret and classify an "electronic message." Opp. at 3-4. *See e.g.* '947 patent, col. 10, lines 40-42 ("classifying the electronic message…requiring the assistance from a human operator"); *Id.* at col. 14, lines 27-29 ("classifying the E-mail…requiring assistance from a human operator.").

Each of the other independent claims contains a "human operator" element. Polaris's failure to confront this limitation is not surprising since it is well known to the general public and persons skilled in the art that Google's search and advertising programs operate without such human involvement. By the act of providing no response to Google's motion as to these "human operator" limitations, Polaris implicitly concedes that it has failed to state a claim as to each patent claim requiring a human operator. At the very least, the "human operator" claims should be dismissed, though claim 26 is also deficient.

Polaris also concedes that at least claims 17 and 25 are limited exclusively to the interpretation of emails. Opp. at 4. None of the accused Google programs, however, involve the interpretation of emails, and nothing in Polaris's opposition or complaint shows how any

involvement with emails is even plausible, and thus claims 17 and 25 also should be dismissed.[1]

As to claim 26, Polaris's continued failure to provide, even in the context of, and with the luxury of the space allowed for in its opposition brief, any explanation as to how Google's programs could *plausibly* practice its limitations, highlights the incongruity between the subject matter of the patent and Google's programs. Claim 26 thus should be dismissed also.

      **C.**      **Rule 8 and *Bell Atlantic* Did Change the Standard, Requiring the Pleading of Facts Supporting Plausible Grounds For Patent Infringement**

Polaris protests that *Bell Atlantic* and its progeny simply re-affirmed the pre-existing standard of pleading for patent cases. Opp. at 8. To the contrary, *Bell Atlantic* expressly rejected the often-misapplied "no set of facts" pleading standard of *Conley v. Gibson*, 355 U.S. 41 (1957), and reformulated the standard against which pleadings are tested. *See* Google Mem. at 7-9.

Other courts, including in this Circuit, have recognized that *Bell Atlantic* repudiated the old *Conley* standard "in favor of a standard of a 'plausible' right to relief." *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("in *Bell Atlantic*, the Supreme Court made clear that the Conley rule is not the 'minimum standard of adequate pleading to govern a complaint's survival.'"); *Norris v. The Hearst Trust*, No. 05-20710, 2007 U.S. App. LEXIS 22304, *26-27 (5th Cir. Sept. 18, 2007) ("Factual allegations must be enough to raise a right to relief above the speculative level…"); *Garmin LTD. v. TomTom, Inc.*, No. 2:06-CV-338 (LED), 2007 U.S. Dist. LEXIS 74032, *3-4 (E.D. Tex. Oct. 3, 2007) ("The complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'"); *see also* Google Mem. at 7-9. This new standard has been held applicable to patent cases. *E.g. AntiCancer, Inc. v. Xenogen*

---

[1] Polaris also makes no attempt to define or explain the "electronic message" and/or "rule base and case base reasoning" claim limitations. Rather than providing any explanation of how or when Google's program plausibly practices these limitations, Polaris chooses to rely on its conclusory allegation that Google's programs infringe merely because Polaris say so. But simply alleging that a fishing pole can catch quail does not raise theoretical speculation to the plausible. *Bell Atlantic*, 17 S.Ct. at 1974; *see also* Google Mem. at 7-9.

*Corp.*, 2007 U.S. Dist. LEXIS 59811, *11 (S.D. Cal. Aug. 13, 2007); Google Mem. at 11.

Under the new *Bell Atlantic* standard, Google does not suggest that Polaris must plead enough facts to *prove* each element of each claim, or that they must plead the kind of detail found in discovery. Polaris must, however, plead enough facts to *plausibly support* each material element of its claims. Without such facts, Polaris has only pled a theoretical possibility, not a plausible one. Courts in at least the Fifth, Sixth and Seventh Circuits have found that the plausibility standard supports a requirement of element-by-element pleading.[2] Polaris's authorities are not to the contrary.[3] *E.g. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d. Cir. 2007) (finding that a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.").

### D. Polaris Does Not Sufficiently Plead Each Variety of Its Claims

Polaris's arguments that it has sufficiently pled each variety of its claims are premised almost exclusively on pre-*Bell Atlantic* cases following the defunct "no set of facts" rule.

#### 1. Polaris Fails to State a Claim for Direct Infringement

Citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790 (Fed. Cir. 2000), Polaris claims to have sufficiently stated a claim for direct infringement since it has alleged that Google's programs utilize rule base and case base reasoning. Opp. at 10. As noted above, however, Polaris's complaint and its opposition fail to explain how the '947 Patent could plausibly read upon the accused Google programs. *See infra* I.A, I.B; *see also* Google Mem. at

---

[2] *See Dell, Inc. v. This Old Store*, 2007 U.S. Dist. LEXIS 73952, No. H-07-0561, (S.D. Tex. October 3, 2007) (relying on *Bell Atlantic* and conducting an element-by-element analysis of the plaintiff's claims); *Omnicare, Inc. v. UnitedHealth Group, Inc.*, No. 06C 6235, 2007 WL 2875227, *3 (N.D. Ill. Sept. 28, 2007) (finding that a plaintiff must "plead facts plausibly suggesting that" all elements of its claim are satisfied, and conducting an element-by-element analysis); *Romer v. Bhimschi*, No. 06-10859, 2007 U.S. Dist. LEXIS 73024, *8 (E.D. Mich. Sept 28, 2007) (finding that *Bell Atlantic* requires a plaintiff to plead with specificity "enough facts to raise a reasonable expectation that discovery will reveal evidence of [the requisite elements of the claim]") (brackets in original).

[3] In fact, Polaris's cited authority supports the rule that a plaintiff must plead each element of its claims. *See Sony Electronics, Inc. v. Soundview Technologies Inc.*, 157 F. Supp. 2d 190, 197 (D. Conn. 2001) (finding that if a complaint pleads "every element necessary to recover" it can withstand dismissal) (cited by Opp. at 12).

9-14. Furthermore, *Phonometrics* does not hold that Polaris's conclusory allegations are sufficient to state a claim. Rather, in that case, the Federal Circuit (relying on the now defunct "no set of facts" standard) only rejected the defendant's demand for express allegations of infringement as to each element (or term) of the claims in the asserted patent. *See* 203 F.3d at 792. For Polaris's direct infringement claims, Google does not advance such an argument. Instead, Google simply argues that Polaris must plead the necessary showing of enough facts to show plausibility.[4]

### 2. Polaris Fails to State Claims for Indirect Infringement

Polaris's pleading failure is even more evident for its claims of indirect infringement, where it fails to recite the ***material elements*** of those claims, as well as a plausible factual basis. As explained in Google's opening brief, inducement and contributory infringement require, among other things, an allegation of knowledge or intent. *See* Google Mem. at 14-17. Polaris's authorities do not indicate otherwise. Instead, they highlight exactly what Polaris's complaint is lacking – i.e. allegations of intent – or they do not even address the indirect infringement claims.[5] In stark contrast to its own cited authorities, Polaris's complaint fails to allege even a single conclusory allegation regarding Google's knowledge of the '947 patent, or any facts supporting a specific intent to cause indirect infringement.

Likewise, Polaris has failed to plead the required element of an underlying direct

---

[4] Polaris's arguments regarding other complaints that have survived a motion to dismiss are irrelevant. *See* Opp. at 10. Complaints which may have been proper before *Bell Atlantic* may no longer meet the plausibility standard. Furthermore, the cases cited by Polaris do not address assertions of patents against products unrelated to the field of invention.

[5] *See McZeal v. Sprint Nextel Corp.*, No. 2006-1548, 501 F.3d 1354, 2007 U.S. App. LEXIS 22025 (Fed. Cir. 2007) (without specifically addressing the indirect infringement claims, the majority found that a *pro se* complaint, which alleged that the infringement was "willful, and done with full knowledge," was sufficient to establish a claim); *Phonometrics,* 203 F.3d at 794 (overruling a district court's requirement that the plaintiff plead infringement of each specific claim of the patent without addressing the indirect infringement claims); *Sony Electronics,* 157 F. Supp. 2d at 198 (finding allegations that the defendant "knowingly and intentionally induced" infringement where the complaint was "replete with allegations as to how [the defendant] accomplished its inducement," were sufficient to establish a claim); *Snap-On, Inc. v. Hunter Eng. Co.*, 29 F. Supp. 2d 965, 970 (E. D. Wisc. 1998) (finding the allegation that the defendant's infringement was "willful and deliberate" sufficient to establish a claim).

infringement by another. *See Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092, *8-9 (N.D. Cal. Sept. 6, 2003) (dismissing indirect infringement claims for failure to allege direct infringement by a third party); *see also* Google Mem. 14-16. Polaris's complaint does not identify a single third party who directly infringes, or where or how Google has induced or contributed to this infringement. Instead, Polaris's opposition brief merely argues the conclusion that it should be "clear" that its use of the term "others" includes Google's customers. Opp. at 12. Nowhere does the complaint, however, refer to any Google customers or otherwise define these "others," or how they plausibly are induced to infringe. Such *conceivable* and vague claims are insufficient after *Bell Atlantic*, 17 S.Ct. at 1974. *See also, In re Elevator Antitrust Litig.*, No. 06-3128, 2007 U.S. App. LEXIS 21086, *8 (2d Cir. Sept. 4, 2007) (dismissing complaint based on "theoretical possibilities, which one could postulate without knowing any facts whatever.").

Finally, Polaris makes no attempt to distinguish the recent patent decision in *AntiCancer, Inc. v. Xenogen Corp.*, 2007 U.S. Dist. LEXIS 59811, *11 which in relying on the *Bell Atlantic* standard, dismissed nearly identical allegations of indirect infringement because they consisted of only a "bare statement" of indirect infringement. Likewise, Polaris's bare statement of indirect infringement, which fails to plead the material elements of an indirect infringement claim, should be dismissed.[6]

### 3. Polaris Concedes that it Fails to State a Willful Infringement Claim

---

[6] The cases relied upon by Polaris direct the same result. For example, *Sony Electronics* 157 F. Supp. 2d at 197-98 is cited by Polaris (Opp. at 12) and relies upon two cases, which dismissed indirect infringement claims similar to Polaris's. In *Shearing v. Optical Radiation Corp.*, the court dismissed the indirect infringement claims because they failed to plead specific intent to induce infringement and held that such failure did not "afford a basis for believing the plaintiffs could prove scienter." No. CV-S-850 DWH (LRL) 1994 U.S. Dist. LEXIS 18937 (D. Nev. Mar. 25, 1994) (internal citations omitted). In *Ristvedt-Johnson v. Pelz*, the court dismissed the indirect infringement claims as they only included the "bald assertion" of induced infringement, without any facts supporting this assertion, such as "any facts showing *how* the defendants induced" infringement. No. 91 C 3273, 1991 U.S. Dist. LEXIS 17233 *11-13 (N.D. Ill. Nov. 18, 1991) (emphasis added). Polaris makes no attempt to distinguish either of these cases.

Polaris's opposition readily concedes that its complaint does not state a willful infringement claim. Opp. at 13. Accordingly, Polaris's allegation of a supposed "reservation" of a willfulness claim is immaterial and should be stricken. Rule 12(f). Because there is no alleged basis for willfulness, it follows that no discovery relating to that subject should be allowed unless and until such time as Polaris can meet the Rule 11 requirements for pleading such a claim.

E.   **Polaris's Complaint Is Inconsistent with Form 16 of the Federal Rules**

Polaris's last gasp to save its conclusory complaint is to argue that its pleadings meet Rule 8 because they are consistent with Form 16. Opp. at 9-10. Form 16 was adopted in 1938, well before *Bell Atlantic*, and may no longer suffice. *See McZeal*, 501 F.3d 1354, 2007 U.S. App. LEXIS 22025, *19-20 (Dyk, dissenting) (suggesting the elimination of Form 16 or a revision consistent with *Bell Atlantic*'s requirements). Even if Form 16 remains valid, Polaris's argument merely begs the question of whether its allegations meet Form 16's requirements.

Form 16 provides an example of pleading a simple claim for direct infringement. It provides no guidance regarding pleading claims for inducement or contributory infringement, and thus affords Polaris no support as to those claims. *Id.* ("forms should not be interpreted as going beyond the fact situation described in the form.").

Even as to direct infringement, Polaris's allegations fall far short of the model pleading illustrated by Form 16. In Form 16, a patent directed to an invention in a particular device ("an electric motor") is alleged to be directly infringed by *the same type of device* made, sold and used by the defendant ("electric motors"). *See, e.g., Hewlett-Packard Co.*, 2003 U.S. Dist. LEXIS 26092, *6-7 (observing that "the example in Form 16 [is] limited to a single 'type' of product"). Form 16 thus may suffice only where there is an easily discernible, and thus plausible, connection between the asserted patent and the accused device.

Polaris's reliance on its pre-*Bell Atlantic* "Form 16" cases is misplaced. In *Dome Patent*

*L.P. v. Permeable Techs., Inc.*, the plaintiffs adequately pleaded infringement since the patent covered precisely the material alleged to be embodied in the defendant's product. 190 F.R.D. 88, 89-91 (W.D.N.Y. 1999). Likewise in *Soli-Tech, Inc. v. Halliburton Co.*, the complaint was more detailed than Polaris's because it provided "more information than the model complaint for patent infringement." 1993 U.S. Dist. LEXIS 19602, *9 (E.D. Mich. Jan. 25, 1993).[7]

By contrast, Polaris's complaint discloses no easily discernable or plausible connection between the '947 patent and the accused Google programs, nor can one be inferred due to the lack of any fact allegations. Unlike the example in Form 16, Google is left to guess at the plausible connection, if any, between Polaris's patent and its own web searching, advertising and advertising syndication programs. Accordingly, Polaris's claims do not meet Form 16 and should be dismissed.

## II.  IN THE ALTERNATIVE, POLARIS SHOULD AMEND ITS CLAIMS TO PROVIDE A MORE DEFINITE STATEMENT

Granting a Rule 12(e) motion is appropriate when the plaintiff fails to adequately identify an infringing product. *See, e.g.*, *Bay Indus., Inc. v. Tru-Arx Mfg. LLC*, No. 06-C-1010 2006 U.S. Dist. LEXIS 86757 (E.D. Wis. Nov. 29, 2006). Here Polaris has inadequately named Google's programs as it does not plead how these programs' extensive features could plausibly infringe a patent for email interpretation and automated or human operator moderated response. In the event that the Court does not dismiss the complaint, Polaris should at least be required to amend its complaint to provide a more definite statement of its infringement claims for the reasons articulated in Google's opening brief. Google Mem. at 17-19.[8]

---

[7] Polaris's other pre-*Bell Atlantic* cases are likewise distinguishable as they do not apply the required pleading standard and like Form 16, limited their allegations to an easily discernible connection between the asserted patent and the accused devices. *E.g. Interdigital Technology Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 282 (E.D. Pa. 1994) (holding a complaint adequate where both the patent and the accused product covered digital wireless telephones with CDMA technology compatible with the IS-95 standard).

[8] The decisions by the other defendants to answer Polaris's separate allegations as to them are irrelevant, for they are

### III. THE COURT SHOULD STAY DISCOVERY AND DISCLOSURES PENDING RESOLUTION OF GOOGLE'S MOTION TO DISMISS

Contrary to Polaris's unsupported assumptions, both this Court and the U.S. Supreme Court support the type of stay requested by Google. In *Easter v. Aventis Pasteur, Inc.*, No. 5:03-CV-141 (TJW), 2004 U.S. Dist. LEXIS 26527, *25-26 (E.D. Tex. February 10, 2004), Judge Ward held that the court had the discretion to stay discovery as to claims that survived a motion to dismiss until other claims regarding the same subject matter that did not survive the motion to dismiss were properly brought before the court. The Supreme Court in *Bell Atlantic* similarly observed that requiring a plaintiff to sufficiently plead its allegations first could avoid the "potentially enormous expense" of discovery. 127 S.Ct. at 1967.[9] Discovery should be stayed until such time that Polaris is able to allege claims that satisfy Rule 8.

### CONCLUSION

For the foregoing reasons and those set forth in Google's opening brief, the Court should grant Google's motion in all respects.

---

unrelated to Google and have different products. Just because others might choose to answer does not mean that Polaris's allegations against Google are sufficiently clear and unambiguous.

[9] *See also, Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief should, however, be resolved before discovery begins"); *Wimberly v. Williamson*, No. 1:06-CV-52 (WLS) 2006 U.S. Dist. LEXIS 85213, *2 (M.D. Ga. Nov. 22, 2006) ("The court is persuaded … that it makes no sense for the parties to engage in expensive and time consuming discovery during the pendency of the motion to dismiss…").

Dated: November 13, 2007

Respectfully submitted,

GOOGLE INC.

*/s/ Jennifer Parker Ainsworth*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
WILSON, ROBERTSON & CORNELIUS, P.C.
P.O. Box 7339
Tyler, Texas 75711
Telephone: (903) 509-5000
Facsimile: (903) 509-5092
jainsworth@wilsonlawfirm.com

Of Counsel:
Tyler A. Baker, Texas State Bar No. 01595600
Darryl M. Woo, California Bar No. 100513
LEAD ATTORNEY
Michael J. Sacksteder, CA Bar No. 191605
Saina S. Shamilov, CA Bar No. 215636
Eric J. Ball, CA Bar No. 241327
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
tbaker@fenwick.com
dwoo@fenwick.com
msacksteder@fenwick.com
sshamilov@fenwick.com
eball@fenwick.com

Attorneys for Defendant Google Inc.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this 13th day of November, 2007.

>*/s/ Jennifer P. Ainsworth*
>Jennifer P. Ainsworth