# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC, § § § Plaintiff, § § vs. § § (1) GOOGLE INC.; § (2) YAHOO! INC.; § (3) AMAZON.COM, INC.; § (4) A9.COM, INC.; § (5) BORDERS, INC.; § (6) BORDERS GROUP INC.; § (7) AOL LLC; § (8) AMERICA ONLINE, INC.; § (9) IAC/INTERACTIVECORP; and § (10) IAC SEARCH AND MEDIA, INC., § § Defendants. § | Civil Action No. 2:07-cv-371-TJW-CE<br><br>JURY TRIAL DEMANDED |

### AMERICA ONLINE, INC. AND AOL LLC'S REPLY TO POLARIS IP, LLC'S RESPONSE TO AOL'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND MOTION TO STAY DISCOVERY

America Online, Inc. and AOL LLC (collectively, "AOL") file this Reply to Polaris IP, LLC's ("Polaris") Response to AOL's Motion to Dismiss, Motion for More Definitive Statement, Motion to Strike, and Motion to Stay Discovery.

Polaris has not substantively answered AOL's Motion, other than to conclusively state that AOL's web site somehow infringes U.S. Patent 6,411,947. Rather, Polaris has incorporated its Response to Google's Motion. With respect to those arguments, AOL hereby incorporates by reference Google's Reply in Support of its Motion to Dismiss, or in the Alternative for a More Definitive Statement; Motion to Strike, and Motion to Stay Discovery.

However, Polaris leaves unanswered the arguments presented on page 2 of AOL's Motion. www.aol.com is one of the largest web sites on the Internet: it offers a staggering variety of content and services to the consumer, from online shopping, consumer reviews, and AP wires to instant messaging, personal ads, and streaming audio. However, AOL does not offer any services relating to automated email messaging systems in the customer relationship management field-- the subject matter of the '947 patent. Rather than indicate which of the hundreds[1] of AOL internet product offerings allegedly infringe the asserted patent-- a step that Polaris undertook with some of the other defendants-- Polaris merely declares that "www.aol.com's use of rule base and case base knowledge engines" so infringe. This formulaic recitation of an internet company's *web* address is equivalent to listing AOL's *street* address and declaring that "some" activity occurring therein infringes the claims of the patent. Such a declaration not only fails to provide the grounds on which Polaris' claims rest, it also fails to provide fair notice of the nature of the claim.

For the foregoing reasons and those set forth in Google's and AOL's opening briefs and Google's Reply brief, the Court should grant AOL's motion in all respects.

---

[1] An index to AOL's internet offerings may be found at http://daol.aol.com/main.

Dated:  November 13, 2007

Respectfully submitted,

By:  _____/s/ Victoria F. Maroulis_____

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

CHARLES K. VERHOEVEN
LEAD COUNSEL
Cal. Bar No. 170151
charlesverhoeven@quinnemanuel.com
JENNIFER A. KASH
Cal. Bar No. 203679
jenniferkash@quinnemanuel.com
KEVIN A. SMITH
N.Y. Bar No. 4318952
kevinsmith@quinnemanuel.com
50 California St., 22nd Floor
San Francisco, CA 94111
Telephone: 415.875.6600
Facsimile: (415) 875.6700

VICTORIA F. MAROULIS
Cal. Bar No. 202603 (admitted in E.D. Tex.)
victoriamaroulis@quinnemanuel.com
555 Twin Dolphin Dr., Suite 560
Redwood Shores, California 94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Defendants America Online, Inc. & AOL LLC

51283/2293674.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 13, 2007. Any other counsel of record will be served by facsimile transmission and first class mail.

          _/s/ Kevin Smith

51283/2293674.1