IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC | |
| v. | No. 2:07-cv-00371-TJW-CE |
| GOOGLE, INC., et al. | JURY |

### PLAINTIFF'S SUR-REPLY REGARDING GOOGLE'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT, MOTION TO STRIKE AND MOTION TO STAY DISCOVERY

Polaris IP, LLC ("Polaris IP") files this Sur-Reply to Google's Reply (Dkt. No. 59):

## I.    INTRODUCTION.

Google's Motion (Dkt. No. 39) is premised upon a misreading of *Bell Atlantic* by which Google erroneously argues that established rules for pleading in patent cases are overturned. *See Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007). Polaris IP's Reply (Dkt. No. 50) explains Google's misreading of *Bell Atlantic*, and that the Federal Circuit has reaffirmed its established standards in *McZeal*. *See McZeal v. Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007).

Google's Motion is also premised upon the erroneous assertion that the '947 patent-in-suit is limited to e-mail response methods and apparatuses. Polaris IP's Reply points out that multiple claims in the '947 patent, including exemplary independent claim 26 and its dependent claims, are not limited to e-mails. Understandably, Google has now abandoned this argument.

The discussion of *Bell Atlantic*'s "plausible entitlement to relief" standard in Google's Reply is a belated acknowledgement of the limited scope of that holding. However, Google's abandonment of its unsupportable position that all claims in the '947 patent are limited to e-mail responses leaves Google's position without any support. Google's Reply merely pays lip service to *Bell Atlantic* with conclusory assertions like, "[a]ny relationship between the asserted patent and the accused technologies is not at all evident, let alone easily discernable or plausible" to

1

Google. Reply at pp. 1-2. Having abandoned its baseless argument that the claims are limited to e-mail response systems, apparently Google is now arguing (1) that its accused systems are different from the preferred embodiments described in the patent; or (2) that the claims should not be interpreted to cover Google's accused systems. Yet this Court is well aware that patent claims are not limited to the preferred embodiments. Moreover, it is wholly improper to bypass *Markman* and summary judgment procedures with a 12(b)(6) motion alleging that Google should not be held to infringe according to *its view* of the '947 patent.

Google obviously purports to dispute infringement. If a Defendant's dispute of infringement was sufficient to require dismissal of a Complaint, then presumably few patent infringement cases would survive the Rule 12 stage. Clearly this is not the standard.

Google's Reply devotes little to its alternate requested relief of a more definite statement or a stay of discovery. Here Google essentially incorporates the same insufficient arguments that Polaris IP has already refuted. Google cites two new cases as support, but neither is applicable.

## II.    ARGUMENT.

As set forth in Polaris IP's Response, the Complaint complies with the requirements of Rule 8, Rule 16 and *Phonometrics*, which was recently reaffirmed by *McZeal*. Google's real issue with Polaris IP's Complaint is not that the pleading is deficient. Rather, Google merely disputes the **merits** of the case, *i.e.*, that its accused systems infringe the '947 patent.

In its Reply, Google belatedly acknowledges that Polaris IP's Complaint alleges (and thus provides ample notice), that Google infringes the '947 patent based upon Google Search, Google AdWords, Google AdSense, and Google AdSense for Content implemented via www.google.com using rule base and case base knowledge engines. Reply at pp. 1-2. Google's Reply alleges that the Complaint should state "facts showing how it is that Google's programs

allegedly infringe the asserted patent claims." Reply at p. 1. Google apparently would not be satisfied unless Polaris IP imported its P.R. 3-1 infringement contentions into its complaint.

Irrespective of the foregoing, Polaris IP's Response specifically notes exemplary claim 26 as being infringed, and Google's Reply provides no facts, except lawyer argument, calling such infringement into question. Clearly unsworn lawyer argument cannot suffice to show that Polaris IP does not have plausible right to relief. Moreover, it is common knowledge, and Google does not dispute, that Google's systems comprise automatically processing non-interactive electronic messages (for example, electronic messages comprising search queries) using computers. *See* '947 patent, claim 26, preamble. Also, it is common knowledge, and Google does not dispute, that such electronic messages are received. *See* '947 patent, claim 26, element (a). In addition, whether or not it is common knowledge, Polaris IP contends, and Google's Reply does not dispute, that Google's systems interpret such electronic message using a rule base and case base knowledge engine. *See* '947 patent, claim 26, element (b). In addition, it is common knowledge, and Google does not dispute, that Google's systems retrieve predetermined responses which are automatically delivered. *See* '947 patent, claim 26, element (c). Finally, whether or not it is common knowledge, Polaris IP contends, and Google's Reply does not dispute, that Google's systems retrieve such predetermined responses corresponding to Google's interpretation of such electronic messages. *See* '947 patent, claim 26, element (c). The forgoing is not a complete analysis of claim 26 (or of any other claims which Google infringes) because no such analysis is required at this stage. However, it does illustrate that Google has brought no forth nothing but unsworn lawyer argument to indicate why Polaris IP's Complaint fails to show a plausible entitlement to relief.

Google's Reply relative to indirect infringement adds nothing to arguments which are

refuted in Polaris IP's Response. At least Google now acknowledges that Polaris IP's Complaint alleges that that Google is "inducing infringement by others," which distinguishes Google's authorities for dismissing inducement claims because no direct infringement by others has been alleged. Google's Reply points out that Polaris IP has not specifically identified the persons that Google has induced to infringe. But Google has no authority for such a requirement, presumably because none exists.

Google's Reply scolds Polaris IP for not distinguishing the *Xenogen* case, but this case was not specifically addressed because Google mentioned it only in a string cite. In *Xenogen*, the Court dismissed a complaint which merely alleged that, "[e]ach of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others." *AntiCancer Inc. v. Xenogen Corp.*, 2007 U.S. Dist. LEXIS 59811, * 11 (S.D. Cal. Aug. 13, 2007). The allegations in the Complaint against Google are significantly more detailed than those in *Xenogen*. Moreover, a month after the District Court issued its opinion in *Xenogen*, the Federal Circuit issued its opinion in *McZeal*. *McZeal* and the *Phonometrics* case cited therein represent the correct standard for pleading patent infringement. That standard has been met.

Google's Reply raises no new arguments relative to willful infringement. Thus no additional response is needed. However, Google's Reply suggests for the first time that "no discovery should be allowed" on the issue of willfulness. Since this is not a motion properly briefed or properly before the Court, Polaris IP need not use the limited space available in this Sur-Reply to address it. But suffice it to say that Polaris IP disagrees with Google's gratuitous suggestion that discovery on willfulness should be prohibited.

Google's Reply devotes only a paragraph to its alternate requested relief of a more

definite statement. Here Google essentially incorporates the arguments from its Motion that Polaris IP has already refuted. In addition, Google now cites *Bay Industries*. However, in *Bay Industries* the Court required a more definite statement because no infringing products had been identified. Although *Bay Industries* does not represent the correct standard for Rule 12(e) motions (*see, e.g.,* the cases cited in Polaris IP's Response), even if it did, the case would be inapplicable. The Complaint clearly alleges infringement by Google Search, Google AdWords, Google AdSense, and Google AdSense for Content.

Finally, the only authority that Google can muster for its requested stay of discovery is the *Easter* case. *See Easter v. Aventis Pasteur, Inc.*, No. 5:03-cv-141, 2004 U.S. Dist. LEXIS 26527, *25-26 (E.D. Tex. Feb. 10, 2004). In *Easter,* this Court dismissed claims against various vaccine manufacturers in favor of the exclusive jurisdiction of the Court of Federal Claims. In addition, this Court stayed all proceedings including discovery against Eli Lilli, a non-manufacturer, pending resolution of the Court of Claims cases. Google presently has no document production obligations, and will have no document production obligations until it has ample infringement discovery from Polaris IP's P.R. 3-1 disclosures. Google apparently wants this Court's approval to disregard its document preservation obligations. *Easter* provides no support for any relief requested by Google. Google has shown no good cause or other basis for a stay of its document preservation, or production, obligations.

### III.   CONCLUSION.

In sum, Google's Motion has no merit. Google is merely seeking to obtain early discovery from Polaris IP under the guise of a Rule 12 motion while shielding Google from its reciprocal discovery obligations. Under this Court's Patent Rules, Google will obtain ample early discovery of Polaris IP's specific infringement contentions.

Date: November 23, 2007.                    Respectfully submitted,

                                                                      POLARIS IP, LLC

By: /s/ John J. Edmonds
Eric M. Albritton - LEAD ATTORNEY
Texas Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

Danny L. Williams
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wma.law.com
mike@wma.law.com

David M. Pridham
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
david@ipnav.com

John J. Edmonds
Texas Bar No. 00789758
THE EDMONDS LAW FIRM, PC
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 415-2535 (Fax)
johnedmonds@edmondslegal.com

        Jason W. Cook
        Texas Bar No. 24028537
        The Law Office of Jason W. Cook
        6282 McCommas Blvd.
        Dallas, Texas 75214
        Telephone: (214) 504-6813
        Facsimile: (469) 327-2777
        jcook@cookip.com

        Attorneys for Plaintiff
        POLARIS IP, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: November 23, 2007        /s/ John J. Edmonds
                                                       John J. Edmonds