IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POLARIS IP, LLC | |
| v. | No. 2:07-cv-00371-TJW-CE |
| GOOGLE, INC., et al. | JURY |

## PLAINTIFF'S SUR-REPLY REGARDING YAHOO'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT

Plaintiff, Polaris IP, LLC ("Polaris IP"), files this Sur-Reply to the Reply (Dkt. No. 61) filed by Yahoo! Inc. ("Yahoo") regarding Yahoo's Motion to Dismiss or for More Definite Statement, as follows:

**I.    Yahoo's Motion to Dismiss Lacks Merit and Should be Denied.**

Yahoo's Reply scolds Polaris for citing "case law that predates the controlling U.S. Supreme Court precedent." However, Yahoo's Motion (Dkt. No. 37) never argued that *Bell Atlantic* changed the law applicable to motions to dismiss. In fact, Yahoo's Motion relies almost exclusively upon case law which pre-dates *Bell Atlantic*. Yahoo's Reply does as well.

Yahoo apparently belatedly adopts the argument made by Yahoo's co-Defendant Google that *Bell Atlantic* has overruled established precedent which would hold Polaris IP's Complaint to be sufficient. This erroneous argument is no doubt motivated by the realization – pointed out in Polaris IP's Response – that Yahoo's position contradicts well established precedent.

Polaris IP has already refuted this erroneous *Bell Atlantic* argument at length in its Response (Dkt. No. 51) and Sur-Reply (Dkt No. 66) to Google's Motion to Dismiss. Rather than belabor the Court with redundant arguments and authorities, Polaris IP respectfully incorporates herein its Response and Sur-Reply to Google's Motion. To summarize, *Bell Atlantic* has limited

1

applicability and, post-*Bell Atlantic,* the Federal Circuit has affirmed the traditional standard for pleading in patent cases. *McZeal v. Sprint Nextel Corp.*, 2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*).

Moreover, to the extent *Bell Atlantic*'s "plausibility" standard is even arguably applicable to this case, it has been met. The gist of Yahoo's argument based upon *Bell Atlantic* seems to be that Polaris IP's Complaint does not state a plausible claim because the '947 patent is directed to e-mail processing and Yahoo's accused system is not an email processing system. But as already noted in Polaris IP's Response, the '947 patent is clearly not limited to email processing. Yahoo understandably finesses this argument in its Reply because Yahoo can no longer credibly maintain the argument from its Motion that the '947 patent is limited to email processing. To the extent *Bell Atlantic*'s plausibility standard is applicable to this case (which, according to the Federal Circuit, it is not), that standard has been met.

Yahoo's reliance upon *Ondeo Nalco* is also misplaced. In *Ondeo Nalco*, the Delaware Court dismissed a complaint in which "[t]he infringing products are described as "Nalco's products, including the 8692 product." *Ondeo Nalco Co. v. Eka Chems., Inc.*, 2002 U.S. Dist. LEXIS 26195, *3-4 (D. Del. Aug. 10, 2002). In contrast, Polaris IP's Complaint accuses Yahoo's "methods and systems (including, but not limited to, Yahoo Search Marketing) implementing various websites (including, but not limited to www.yahoo.com) that comprise interpreting electronic messages with rule base and case base knowledge engines." As noted even in the *Ondeo Nalco* case cited by Yahoo as authoritative, a patent infringement complaint need not identify specific products that are alleged to infringe by name so long as they are "sufficiently identified in some way." *Id.* at *5. *See Interdigital Technology Corp. v. OKI America, Inc.,* 845 F. Supp. 276, 283 (E.D. Pa. 1994) (same).

Contrary to what Yahoo asserts in the form of unsubstantiated lawyer argument, Polaris IP has not accused all of Yahoo's products/services of infringement. Polaris IP has accused only those Yahoo products/services that comprise interpreting electronic messages with rule base and case base knowledge engines. More specifically, Polaris has identified Yahoo Search Marketing as infringing. To the extent *Ondeo Nalco* is to be read as Yahoo asserts, the case is an outlier that does not represent the law. It is common pleading practice to use words like "comprising" and "including." If Yahoo's unduly restrictive view of pleading was adopted, presumably the pleadings would have be amended every time a different infringing product, version, release, iteration, etc. was identified (and presumably a Defendant such as Yahoo would have to amend its pleadings every time a new piece of prior art is asserted).

This Court already has established procedures under its Patent Rules, specifically P.R. 3-1 and P.R. 3-6, for early specific disclosure of all Accused Instrumentalities and for supplementing such disclosure if good cause is shown and leave is obtained. This Court should follow its own established procedures relative to specific identification of all Accused Instrumentalities rather than following Yahoo's erroneous and restricted view of pleading practice.

Yahoo's argument of undue burden in having to answer Polaris IP's complaint consists only of unsupported lawyer argument. As noted above, Polaris IP has not accused every Yahoo product of infringing. At a minimum, Yahoo can answer the complaint by stating whether it disputes that Yahoo Search Marketing infringes the '947 patent. In addition, Yahoo should be aware of its other products/services which comprise interpreting electronic messages with rule base and case base knowledge engines. There is no supported reason that Yahoo cannot readily proceed with its answer and state whether such products/services described in Polaris IP's

Complaint infringe.

Yahoo's argument that Polaris IP's Complaint "contains less notice" than Form 16 is erroneous. The Rule 16 form accuses "electric motors" of infringement, and Polaris IP's Complaint accuses Yahoo's "methods and systems (including, but not limited to, Yahoo Search Marketing) implementing various websites (including, but not limited to www.yahoo.com) that comprise interpreting electronic messages with rule base and case base knowledge engines." As noted above, Polaris IP's Complaint is not "open ended" as Yahoo suggests. Rather, Constellation's Complaint against Yahoo is limited according to its own language noted above.

Because Yahoo's Motion to Dismiss lacks any legal or factual merit, Yahoo's denial that it seeks a decision on the merits or early discovery is unpersuasive.

**II.     Yahoo's Motion for More Definite Statement Lacks Merit and Should be Denied.**

Yahoo's Reply regarding its Motion for More Definite Statement adds nothing to what has already been briefed in Yahoo's Motion and Polaris IP's Response. Yahoo's authorities are only cited for general propositions of law that are not applicable to the answerability of the Complaint before the Court. Apparently, Yahoo's authorities pertain primarily to situations in which no infringing products are specified. This is not the case here. Polaris IP's Complaint provides specific notice of infringement by Yahoo's products/services – including at least Yahoo Search Marketing -- which interpret electronic messages with rule base and case base knowledge engines.

The authorities cited in Polaris IP's Response demonstrate that Polaris IP's Complaint complies with all pleading requirements. Without limitation, Polaris IP's complaint complies with all requirements of *Phonometrics* and Form 16. *See, e.g., Phonometrics, Inc. v. Hospitality Franchise Sys. Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000). *See also McZeal v. Sprint Nextel Corp.*,

4

2007 U.S. App. LEXIS 22025, * 5-9 (Fed. Cir. Sept. 14, 2007) (reaffirming *Phonometrics*). In addition, the fact that six defendants have already answered similarly-worded allegations illustrates that the complaint is answerable.

The fact that Polaris IP's complaint already complies with all pleading requirements is also illustrated by the relief requested by Yahoo. Yahoo requests that Polaris IP be required to "identify the specific aspects" of its web services that infringe. In other words, Yahoo does not need any more specific identification of products or services – what it wants is the specificity of P.R. 3-1 infringement contentions. The correct procedure for Yahoo to obtain such specificity is P.R. 3-1.

**III.   Conclusion.**

In sum, Yahoo's Motion has no merit and should be denied. Yahoo is merely seeking to delay its answer for strategic reasons, or to conduct premature discovery under the guise of a Rule 12 motion. Under this Court's procedures for timely and comprehensive discovery, Yahoo will obtain ample early discovery of Polaris IP's infringement contentions at the appropriate time.

Date:  November 26, 2007.                               Respectfully submitted,

                                                        POLARIS IP, LLC

                                                        By:  /s/ John J. Edmonds
                                                        Eric M. Albritton - LEAD ATTORNEY
                                                        Texas Bar No. 00790215
                                                        ALBRITTON LAW FIRM
                                                        P.O. Box 2649
                                                        Longview, Texas 75606
                                                        Telephone: (903) 757-8449
                                                        Facsimile: (903) 758-7397
                                                        ema@emafirm.com

Danny L. Williams
Texas State Bar No. 21518050
J. Mike Amerson
Texas State Bar No. 01150025
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wma.law.com
mike@wma.law.com


David M. Pridham
R.I. Bar No. 6625
Intellectual Property Navigation Group, LLC
207 C North Washington Avenue
Marshall, Texas 75670
Telephone: (903) 938-7400
Facsimile: (903) 938-7404
david@ipnav.com

John J. Edmonds
Texas Bar No. 00789758
THE EDMONDS LAW FIRM, PC
709 Sabine Street
Houston, Texas 77007
Telephone: (713) 858-3320
Facsimile: (832) 415-2535 (Fax)
johnedmonds@edmondslegal.com

Jason W. Cook
Texas Bar No. 24028537
The Law Office of Jason W. Cook
6282 McCommas Blvd.
Dallas, Texas 75214
Telephone: (214) 504-6813
Facsimile: (469) 327-2777
jcook@cookip.com

Attorneys for Plaintiff
POLARIS IP, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated: November 26, 2007                     /s/ John J. Edmonds
                                                    John J. Edmonds