# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **POLARIS IP, LLC,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| vs. | § | Civil Action No. 2:07-cv-371-CE |
| | § | |
| **GOOGLE INC., et al.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

## DOCKET CONTROL ORDER

In accordance with the case status conference held herein on the 1st day of May, 2008, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this court:

| **Proposed Dates** | **Event** |
|---|---|
| **Tuesday, July 6, 2010** | Jury Selection - 9:00 a.m. in **Marshall, Texas** |
| **Tuesday, June 29, 2010** | Pretrial Conference - 9:30 a.m. in **Marshall, Texas** |
| | The parties are ordered to **meet and confer** on their respective motions in limine and **advise the court of any agreements in this regard by 3:00 p.m. the business day before the pretrial conference**. The parties shall limit their motions in limine to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |

CERTIFICATE OF SERVICE – DOCKET CONTROL ORDER

PAGE 1

| | |
|---|---|
| **Tuesday, June 22, 2010** | Motions in Limine due |
| **Friday, June 22, 2010** | Objections to Witnesses, Deposition Designations, and Exhibits contained in the Joint Pretrial Order and Counter-Deposition Designations due |
| **Friday, June 11, 2010** | Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **Wednesday, June 9, 2010** | Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| **June 7, 2010** | Defendant to Identify Trial Witnesses |
| **June 7, 2010** | Plaintiff to Identify Trial Witnesses |
| **June 14, 2010** | Response to Dispositive Motions (including *Daubert* motions)[1] **Responses to dispositive motions filed prior to the dispositive motion deadline, including Daubert Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **May 31, 2010** | For Filing Dispositive Motions and any other motions that may require a hearing (including *Daubert* motions) |
| **14 days after service of Rebuttal Expert Reports** | Fact and Expert Discovery Deadline |
| **42** days after claim construction ruling | • Designate Rebuttal Expert Witnesses other than claims construction (Refer to Discovery Order for required information); <br> • Rebuttal expert witness report due |
| **21** days after claim construction ruling | • Party with burden of proof to designate Expert Witnesses other than claims construction (Refer to Discovery Order for required information); <br> • Expert witness reports due for parties with the burden |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in addition to any added time permitted under Fed. R. Civ. P. 6(e),** in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| | |
|---|---|
| | of proof |
| **7** days after claim construction ruling | Comply with P.R. 3-8 (Willfulness Disclosures) |
| **March 31, 2010** | Claim construction hearing 9:00 a.m., **Marshall, Texas**. |
| **March 17, 2010** | Comply with P.R. 4-5(d) -- Joint Claim Construction Chart |
| **March 3, 2010** | Comply with P.R. 4-5(c) -- Claim Construction Reply Brief |
| **February 17, 2010** | Comply with P.R. 4-5(b) -- Claim Construction Opposition Brief |
| **February 3, 2010** | Comply with P.R. 4-5(a) -- Claim Construction Opening Brief |
| **October 30, 2009** | Comply with P.R. 4-4 -- Discovery deadline–claims construction issues |
| **July 30, 2009** | Comply with P.R. 4-3 – Joint Claim Construction and Prehearing Statement |
| **April 30, 2009** | Comply with P.R. 4-2 – Exchange of Preliminary Claim Construction and Extrinsic Evidence |
| **January 30, 2009** | Comply with P.R. 4-1 – Exchange of Proposed Claim Terms for Construction |
| **November 7, 2008** | Privilege Logs to be exchanged by parties (or a letter to the court stating that there are no disputes as to claims of privileged documents) |
| **December 7, 2008** | Join Additional Parties |
| **August 7, 2008** | Comply with P.R. 3-3 & 3-4 – Disclosure of Invalidity Contentions |
| **June 6, 2008** | Comply with P.R. 3-1 & 3-2 – Disclosure of Asserted Claims and Infringement Contentions |

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY**

those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

> (a) The fact that there are motions for summary judgment or motions to dismiss pending;
> (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
>
> (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

# CERTIFICATE OF SERVICE

       I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 6th day of June, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                                                                        */s/ C. J. Alice Chuang*
                                                                        C. J. Alice Chuang

24616/00403/LIT/1285068.9