IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| BRIGHT RESPONSE, LLC | |
|---|---|
| v. | 2:07-CV-371-CE |
| GOOGLE INC., et al. | JURY |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Bright Response, LLC, formerly known as Polaris IP, LLC ("Bright Response") makes the following allegations against Google Inc., Yahoo! Inc., AOL LLC and America Online, Inc., (collectively the "Defendants").

## PARTIES

1.  Bright Response is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.  On information and belief, Defendant Google Inc. ("Google") is a Delaware corporation with its corporate headquarters and principal place of business at 1600 Amphitheater Parkway, Mountain View, California, 94043. Google has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

3.  On information and belief, Defendant Yahoo! Inc. ("Yahoo") is a Delaware corporation with its corporate headquarters and principal place of business at 701 First Avenue, Sunnyvale, California 94089. Yahoo has appointed its agent for service as follows: CT Corporation System, 350 North Paul St., Dallas, Texas 75201.

4.  On information and belief, Defendant AOL LLC ("AOL") is a Delaware limited liability company with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166. AOL has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

5. On information and belief, Defendant America Online, Inc. ("America Online") is a Delaware corporation with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166. America Online has appointed its agent for service as follows: Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and has committed, contributed to, and/or induced acts of patent infringement in this district.

8. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,411,947

9. Bright Response is the owner by assignment of United States Patent No. 6,411,947 ("the '947 Patent") entitled "Automatic Message Interpretation and Routing System."

The '947 Patent issued on June 25, 2002. A true and correct copy of the '947 Patent is attached as Exhibit A.

10. Amy Rice, Julie Hsu, Anthony M. Angotti, Rosanna M. Piccolo, and Fred R. Cohen are listed as inventors on the '947 Patent.

11. Upon information and belief, Defendant Google has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using methods comprising automatically processing a non-interactive electronic message, for example a search query or an email, using a computer, for example, the servers and other computers used in connection with the www. www.google.com website, including Google Search (including Web Search, Advanced Search, iGoogle, and Google Toolbar), including Google AdWords and/or Google AdSense, including such methods used in connection Gmail (including related and linked websites and webpages). Bright Response's P.R. 3-1 Infringement Contentions relative to this defendant are incorporated herein by reference for notice purposes. Defendant Google is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

12. Upon information and belief, Defendant Yahoo has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using methods comprising automatically processing a non-interactive electronic message, for example a search query, using a computer, for example, the servers and

other computers used in connection with the www.yahoo.com website, including Yahoo! Search (including Web Search, Advanced Web Search, Yahoo! Shopping, Yahoo! Product Search, My Yahoo! Search, Y!Q Beta Search, Yahoo! MyWeb Search, and Yahoo! Toolbar) and Yahoo! Search Marketing (including Yahoo! Sponsored Search and Yahoo! Product Submit) (including related and linked websites and webpages). Bright Response's P.R. 3-1 Infringement Contentions relative to this defendant are incorporated herein by reference for notice purposes. Defendant Yahoo is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

13. Upon information and belief, Defendant AOL has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using methods comprising automatically processing a non-interactive electronic message, for example a search query, using a computer, for example, the servers and other computers used in connection with the www.aol.com website, including AOL Search (including "enhanced by Google") (including Web Search, Advanced Search, AOL Local, including AOL Shopping, AOL Autos, and AOL Yellow Pages), including AOL Search Advertising, including AOL Search Marketplace, Trademark Layer, and Search-Back (including related and linked websites and webpages). Bright Response's P.R. 3-1 Infringement Contentions relative to this defendant are incorporated herein by reference for notice purposes. Defendant AOL is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

14. Upon information and belief, Defendant America Online has been and now is directly, literally and/or, upon information and belief, jointly, equivalently and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by

others of the '947 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, using methods comprising automatically processing a non-interactive electronic message, for example a search query, using a computer, for example, the servers and other computers used in connection with the www.aol.com website, including AOL Search (including "enhanced by Google") (including Web Search, Advanced Search, AOL Local, including AOL Shopping, AOL Autos, and AOL Yellow Pages), including AOL Search Advertising, including AOL Search Marketplace, Trademark Layer, and Search-Back (including related and linked websites and webpages). Bright Response's P.R. 3-1 Infringement Contentions relative to this defendant are incorporated herein by reference for notice purposes. Defendant America Online is thus liable for infringement of the '947 Patent pursuant to 35 U.S.C. § 271.

15. Defendants have actively induced and are actively inducing infringement of the '947 Patent and are liable for contributory infringement of the '947 Patent.

16. To the extent that facts learned in discovery show that Defendants' infringement is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

17. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '947 Patent complied with such requirements.

18. As a result of these Defendants' infringement of the '947 Patent, Bright Response has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '947 Patent, Bright Response will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Bright Response respectfully requests that this Court enter:

1. A judgment in favor of Bright Response that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '947 Patent;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '947 Patent;

3. A judgment and order requiring Defendants to pay Bright Response its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '947 Patent as provided under 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Bright Response its reasonable attorneys' fees; and

5. Any and all other relief to which Bright Response may show itself to be entitled.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

July 21, 2008                                          Respectfully submitted,

                                                       **BRIGHT RESPONSE, LLC F/K/A**
                                                       **POLARIS IP, LLC**

                                                       By: /s/ John J. Edmonds
                                                       Andrew W. Spangler – LEAD COUNSEL
                                                       State Bar No. 24041960

Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
R.I. Bar No. 6625
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247
david@pridhamiplaw.com

Daniel F. Perez
Texas Bar No. 15776380
THE PEREZ LAW FIRM
6131 Park Lane
Dallas, Texas 75225
(214) 289-6659
(214) 521-1128 (fax)
dan@pereziplaw.com

John J. Edmonds
Texas Bar No. 00789758
The Edmonds Law Firm, PC
709 Sabine Street
Houston, Texas 77007
(713) 858-3320
(832) 415-2535 (fax)
johnedmonds@edmondslegal.com

**COUNSEL FOR PLAINTIFF
BRIGHT RESPONSE LLC, F/K/A
POLARIS IP, LLC**

## **CERTIFICATE OF SERVICE**

       I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

July 21, 2008                                                      /s/ John J. Edmonds
                                                                                John J. Edmonds