# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BRIGHT RESPONSE, LLC<br><br>v.<br><br>GOOGLE INC., et al. | 2:07-CV-371-CE |

## YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Yahoo! Inc. ("Yahoo"), by and through its undersigned attorneys, answers the First Amended Complaint ("Complaint") of Plaintiff, Bright Response LLC ("BR"), and asserts its affirmative defenses and counterclaims as follows:

## PARTIES

1. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

2. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

3. Admitted.

4. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

5. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

## JURISDICTION AND VENUE

6. Yahoo admits that BR, in its Complaint, alleges patent infringement under Title 35 of the United States Code. Yahoo also admits that this Court has subject matter jurisdiction over the allegations raised in the Complaint. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

7. Yahoo does not contest venue of this action in the Eastern District of Texas. Yahoo denies any remaining allegations in this paragraph and expressly denies any infringement of the asserted patent.

8. Yahoo does not contest that this Court has personal jurisdiction over Yahoo for purposes of this action. For any remaining allegations in this paragraph, including those directed to a defendant other than Yahoo, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,411,947

9. Yahoo admits that a copy of a document bearing U.S. Patent No. 6,411,947, with a title of "Automatic Message Interpretation and Routing System" and an issue date of June 25, 2002 was filed as Exhibit A to the Complaint. Yahoo is without knowledge or information

sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

10. Yahoo admits that Amy Rice and Julie Hsu are listed, on the face of the '947 Patent, as inventors on the '947 patent. Yahoo also admits that a Certificate of Correction for the '947 Patent identifies Anthony M. Angotti, Rosanna M. Piccolo, and Fred R. Cohen as inventors of the '947 Patent. Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

11. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

12. Yahoo denies that has infringed, directly or indirectly, or is infringing, directly or indirectly, any valid and enforceable claim of the '947 Patent. Yahoo also denies that BR's P.R. 3-1 Infringement Contentions are properly incorporated by reference for notice purposes. Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph and therefore denies those allegations.

13. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

14. The allegations of this paragraph are directed to a defendant other than Yahoo. To the extent that an answer by Yahoo is necessary, Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

15. Yahoo denies any allegations in this paragraph that are directed to Yahoo. For any remaining allegations in this paragraph, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

16. Yahoo denies that BR has properly plead willful infringement and also denies that BR is entitled to reserve the right that it purports to reserve. Yahoo also denies that it has infringed any claim of the '947 Patent. Yahoo is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph, including those directed to a defendant other than Yahoo and therefore denies those allegations.

17. Yahoo is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

18. Yahoo denies any allegations in this paragraph that are directed to Yahoo. For any remaining allegations in this paragraph, Yahoo is without knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

19. Yahoo denies any allegations in this paragraph that are directed to Yahoo. For any remaining allegations in this paragraph, Yahoo is without knowledge or information

sufficient to form a belief as to the truth of such allegations and therefore denies those allegations.

## PRAYER FOR RELIEF

These paragraphs set forth the prayer for judgment requested by BR to which no response is required. Yahoo denies that BR is entitled to any of the requested relief and denies any allegations set forth in these paragraphs.

## AFFIRMATIVE DEFENSES

### AFFIRMATIVE DEFENSE NO. 1
### FAILURE TO STATE A CLAIM

1. BR's Complaint fails to state a claim against Yahoo upon which relief may be granted.

### AFFIRMATIVE DEFENSE NO. 2
### NON-INFRINGEMENT OF U.S. PATENT NO. 6,411,947

2. Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, any valid and enforceable claim of United States Patent No. 6,411,947 ("the '947 Patent").

### AFFIRMATIVE DEFENSE NO. 3
### INVALIDITY OF U.S. PATENT NO. 6,411,947

3. The '947 Patent is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## AFFIRMATIVE DEFENSE NO. 4
## LACHES/ESTOPPEL

4. BR's claims for relief are barred, in whole or in part, by the equitable doctrines of laches and/or estoppel.

## AFFIRMATIVE DEFENSE NO. 5
## LIMITATION ON DAMAGES

5. BR's claims for damages are barred, in whole or in part, by 35 U.S.C. § 287.

## AFFIRMATIVE DEFENSE NO. 6
## UNENFORCEABILITY

6. Upon information and belief, a software application called EZ Reader, which was based on Brightware, Inc.'s ART*Enterprise product, was developed by one or more of the named inventors of the '947 Patent for use by Chase Manhattan Bank in early 1996.

7. Upon information and belief, EZ Reader utilized a rule base and a case base knowledge engine to interpret and automatically respond to electronic messages, as described and claimed in the '947 Patent.

8. Upon information and belief, the facts regarding the development and use of EZ Reader in early 1996 were material to the patentability of one or more claims of the '947 Patent.

9. Upon information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of the development and use of EZ Reader, but failed to disclose these facts to the USPTO during the prosecution of the '947 Patent.

10. Upon information and belief, the actions noted in paragraph 9 above were undertaken with the intent to deceive the USPTO to ensure the allowance and issuance of the '947 Patent.

11. As a result of the actions noted in paragraphs 6-10 above, the '947 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '947 Patent.

**AFFIRMATIVE DEFENSE NO. 7**
**UNENFORCEABILITY**

12. The '947 Patent was filed as a continuation of U.S. Application No. 08/853,074 (the '074 Application).

13. A number of U.S. Patents were cited to the USPTO during the prosecution of the '074 Application in an Information Disclosure Statement filed on November 25, 1997. Upon information and belief, many of these U.S. Patents (the "Non-Considered U.S. Patents") were not considered by the examiner during the prosecution of the '074 Application.

14. The Non-Considered U.S. Patents were material to the '947 Patent.

15. Upon information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the USPTO knew of the Non-Considered U.S. Patents, but failed to disclose these patents to the USPTO during the prosecution of the '947 Patent.

16. Upon information and belief, the actions noted in paragraph 15 above were undertaken with the intent to deceive the USPTO to ensure the allowance and issuance of the '947 Patent.

17. As a result of the actions noted in paragraphs 12-16 above, the '947 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '947 Patent.

# YAHOO'S COUNTERCLAIMS AGAINST BR

1. Defendant and Counterclaim-Plaintiff, Yahoo! Inc. ("Yahoo"), is a Delaware corporation with a place of business at 701 First Avenue, Sunnyvale, CA 94089.

2. Bright Response LLC ("BR") has plead in its First Amended Complaint that it is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

3. Yahoo's counterclaims arise under the United States patent laws, 35 U.S.C. § 100 *et seq.* and the provisions for declaratory judgment under 28 U.S.C. §§ 2201-2202. As a result of BR's Complaint, an actual and justiciable controversy exists between Yahoo and BR.

4. The Court has subject matter jurisdiction over Yahoo's counterclaims based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5. BR is subject to personal jurisdiction in this District.

6. Venue is proper in this judicial district based on 28 U.S.C. §§ 1391 and 1400.

## COUNTERCLAIM NO. 1
## DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,411,947

7. Yahoo repeats and incorporates by reference paragraphs 1-6 above as though fully set forth herein.

8. Yahoo asks the Court to declare that Yahoo has not committed any acts of infringement of U.S. Patent No. 6,411,947.

## COUNTERCLAIM NO. 2
## DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,411,947

9. Yahoo repeats and incorporates by reference paragraphs 1-8 above as though fully set forth herein.

10. Yahoo asks the Court to declare that U.S. Patent No. 6,411,947 is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNTERCLAIM NO. 3**
**DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 6,411,947**

11. Yahoo repeats and incorporates by reference paragraphs 1-10 above as though fully set forth herein.

12. Upon information and belief, a software application called EZ Reader, which was based on Brightware, Inc.'s ART*Enterprise product, was developed by one or more of the named inventors of the '947 Patent for use by Chase Manhattan Bank in early 1996.

13. Upon information and belief, EZ Reader utilized a rule base and a case base knowledge engine to interpret and automatically respond to electronic messages, as described and claimed in the '947 Patent.

14. Upon information and belief, the facts regarding the development and use of EZ Reader in early 1996 were material to the patentability of one or more claims of the '947 Patent.

15. Upon information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of the development and use of EZ Reader, but failed to disclose these facts to the USPTO during the prosecution of the '947 Patent.

16. Upon information and belief, the actions noted in paragraph 15 above were undertaken with the intent to deceive the USPTO to ensure the allowance and issuance of the '947 Patent.

17. As a result of the actions noted in paragraphs 12-16 above, the '947 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '947 Patent.

9

# COUNTERCLAIM NO. 4
# DECLARATION OF UNENFORCEABILITY OF U.S. PATENT NO. 6,411,947

18. The '947 Patent was filed as a continuation of U.S. Application No. 08/853,074 (the '074 Application).

19. A number of U.S. Patents were cited to the USPTO during the prosecution of the '074 Application in an Information Disclosure Statement filed on November 25, 1997. Upon information and belief, many of these U.S. Patents (the "Non-Considered U.S. Patents") were not considered by the examiner during the prosecution of the '074 Application.

20. The Non-Considered U.S. Patents were material to the '947 Patent.

21. Upon information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the USPTO knew of the Non-Considered U.S. Patents, but failed to disclose these patents to the USPTO during the prosecution of the '947 Patent.

22. Upon information and belief, the actions noted in paragraph 21 above were undertaken with the intent to deceive the USPTO to ensure the allowance and issuance of the '947 Patent.

23. As a result of the actions noted in paragraphs 18-22 above, the '947 Patent is unenforceable due to inequitable conduct committed during the prosecution of the '947 Patent.

**REQUEST FOR RELIEF**

Yahoo respectfully requests that the Court enter judgment against Plaintiff and award Yahoo the following relief:

(a) That the Court dismiss, with prejudice, BR's Complaint against Yahoo;

(b) That the Court award BR nothing by way of its Complaint against Yahoo;

(c) That the Court declare that Yahoo has not infringed, directly or indirectly, and is not infringing, directly or indirectly, U.S. Patent No. 6,411,947;

(d) That the Court declare that the claims of U.S. Patent No. 6,411,947 are invalid;

(e) That the Court declare that U.S. Patent No. 6,411,947 is unenforceable;

(f) That the Court enjoin BR from charging or asserting infringement of any claim of U.S. Patent No. 6,411,947 against Yahoo or anyone in privity with Yahoo;

(g) That Yahoo be awarded its reasonable costs, expenses, and attorneys' fees in this action, as this is an exceptional case; and

(h) That Yahoo be awarded further relief as the Court may deem just and proper.

## JURY DEMAND

Yahoo hereby requests trial by jury on all issues triable of right by jury.

August 20, 2008

Respectfully submitted,

By: s/ Jason C. White
Jason C. White
HOWREY LLP
321 N. Clark Street
Suite 3400
Chicago, IL 60654
312) 595-1239 (telephone)
(312) 595-2250 (facsimile)

Michael Jones
Potter Minton
110 N. College, Suite 500
P. O. Box 359
Tyler, Texas 75710
(903) 597- 8311 (telephone)
(903) 597- 0846 (facsimile)
mikejones@potterminton.com

Attorneys for Defendant
YAHOO! INC

**CERTIFICATE OF SERVICE**

       I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

August 20, 2008                                                                s/ Jason C. White