## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **BRIGHT RESPONSE, LLC F/K/A** § | |
| **POLARIS IP, LLC,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 2:07-cv-371-TJW-CE |
| § | |
| **GOOGLE INC. et al.,** § | **JURY DEMANDED** |
| § | |
| **Defendants.** § | |

### DEFENDANT AOL LLC AND AMERICA ONLINE, INC.'S
### ANSWER AND COUNTERCLAIMS

Defendant AOL LLC and America Online, Inc. ("AOL" or "Defendant"), by and through its undersigned counsel, answers Bright Response, LLC f/k/a Polaris IP, LLC's ("Bright Response" or "Plaintiff") First Amended Complaint for Patent Infringement ("FAC") and counterclaims against Plaintiff as follows:

### I. ANSWER TO COMPLAINT

**A. The Parties**

1.  AOL lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the FAC and, on that basis, denies them.

2.  Paragraph 2 of the FAC purports to be allegations regarding a party other than AOL. To the extent any answer by AOL is warranted, AOL lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and, on that basis, denies them.

3.  Paragraph 3 of the FAC purports to be allegations regarding a party other than AOL. To the extent any answer by AOL is warranted, AOL lacks sufficient information to form

Dockets.Justia.com

a belief as to the truth or falsity of the allegations contained in Paragraph 3 and, on that basis, denies them.

4. AOL admits that AOL LLC is a Delaware limited liability company with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166. AOL further admits that it has appointed its agent for service as Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

5. AOL admits that America Online, Inc. is a Delaware corporation with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166. AOL further admits that it has appointed its agent for service as Corporation Service Company, 701 Brazos St., Suite 1050, Austin, Texas 78701.

**B.     Jurisdiction and Venue**

6. AOL admits that the FAC is an action for alleged patent infringement under the patent laws of the United States, Title 35 of the United States Code, and admits that this Court has subject matter jurisdiction over such actions based on 28 U.S.C. §§ 1331 and 1338(a).

7. AOL admits that Plaintiff purports to aver that the venue is proper in this district. To the extent the remaining allegations in Paragraph 7 of the FAC relate to AOL, AOL denies them. To the extent such remaining allegations relate to parties other than AOL, AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 7, and therefore denies them.

8. AOL admits that it is subject to personal jurisdiction in this District solely for purposes of this action. To the extent the remaining allegations in Paragraph 8 of the FAC relate to AOL, AOL denies them. To the extent such remaining allegations relate to parties other than AOL, AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8, and therefore denies them.

C.  **Allegation of Infringement of U.S. Patent No. 6,411,947**

9. AOL admits that Exhibit A to the FAC, on its face, purports to be a copy of United States Patent No. 6,411,947 ("the '947 Patent") with a purported patent date of June 25, 2002, and bears the title "Automatic Message Interpretation and Routing System." AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9 of the FAC and therefore denies them.

10. AOL admits that Exhibit A to the FAC, on its face, lists Amy Rice and Julie Hsu as inventors of the '947 Patent and a document attached to the FAC purporting to be a certificate of correction for the '947 Patent lists Anthony Angotti, Rosanna Piccolo, and Fred Cohen as inventors of that patent. AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 10 of the FAC and therefore denies them.

11. Paragraph 11 of the FAC purports to make allegations concerning a party other than AOL. To the extent any answer by AOL is warranted, AOL lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and, on that basis, denies them.

12. Paragraph 12 of the FAC purports to make allegations concerning a party other than AOL. To the extent any answer by AOL is warranted, AOL lacks sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 and, on that basis, denies them.

13. AOL denies each and every allegation in Paragraph 13 of the FAC.

14. AOL denies each and every allegation in Paragraph 14 of the FAC.

15. AOL denies each and every allegation in Paragraph 15 of the FAC as they pertain to AOL. AOL lacks sufficient information to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 15 pertaining to parties other than AOL and, on that basis, denies them.

16. AOL denies Plaintiff is entitled to reserve the "right" it purports to reserve or that it is or ever will be entitled to adjudication of any issue of willful infringement by AOL. AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 pertaining to parties other than AOL and, on that basis, denies them.

17. AOL lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and, on that basis, denies them.

18. AOL denies each and every allegation in Paragraph 18 of the FAC as they pertain to AOL. AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 pertaining to parties other than AOL and, on that basis, denies them.

19. AOL denies each and every allegation in Paragraph 19 of the FAC as they pertain to AOL. AOL lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 pertaining to parties other than AOL and, on that basis, denies them.

**D.** **Plaintiff's Prayer for Relief**

AOL denies that Plaintiff is entitled to the relief it prays for, or any relief at all, for the allegations contained in the FAC.

To the extent that any allegations of the FAC have not been previously specifically admitted or denied, AOL denies them.

## II. DEFENSES

Without admitting any allegations in the FAC not otherwise admitted, AOL avers and asserts the following defenses pursuant to Federal Rule of Civil Procedure 8(c) and 35 U.S.C. § 282:

**A.     First Affirmative Defense (Failure to State A Claim)**

1.     Plaintiff's FAC fails to state a claim against AOL upon which relief can be granted.

**B.     Second Affirmative Defense (Non-infringement)**

2.     AOL has not and does not infringe, and is not liable for any infringement of the '947 Patent under any section of 35 U.S.C. § 271, or in any other way.

**C.     Third Affirmative Defense (Invalidity)**

3.     Each claim of the '947 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C. or the rules, regulations and law related thereto, including, without limitation in 35 U.S.C. §§ 101, 102, 103, and 112.

**D.     Fourth Affirmative Defense (Claims Barred)**

4.     Bright Response is barred from obtaining all, or part, of the relief it seeks under the doctrine of prosecution history estoppel.

**E.     Fifth Affirmative Defense (Unenforceability)**

5.     On information and belief, an application called EZ Reader that was based on Brightware, Inc.'s ART*Enterprise™ was developed and deployed for Chase Manhattan Bank in early 1996.

6.     On information and belief, EZ Reader employed a combination of rule-based parsing and case-based reasoning to automatically respond to electronic messages in a manner described and claimed in the '947 Patent. The development and deployment of EZ Reader at

Chase Manhattan Bank in early 1996 was information material to patentability of one or more claims of the '947 Patent.

7. On information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of EZ Reader's development and deployment at, or for, Chase Manhattan Bank, but with an intent to deceive the USPTO to ensure issuance of the '947 Patent, failed to disclose this material information while under a duty of candor and good faith including a duty to disclose to the USPTO all information that is material to patentability of the '947 Patent. By reason of this inequitable conduct, the '947 Patent is unenforceable.

**F.** **Sixth Affirmative Defense (Unenforceability)**

8. The '947 Patent was filed as a continuation of U.S. Application No. 08/853,074 (the '074 Application), which issued as U.S. Patent No. 6,182,059.

9. A number of references were cited to the USPTO by the applicants and/or their attorneys during the prosecution of the '074 Application in an Information Disclosure Statement filed on November 25, 1997. Upon information and belief, many of these references were not considered by the examiner during the prosecution of the '074 Application.

10. The non-considered references were not submitted to the USPTO as part of the prosecution of the '947 Patent. The non-considered references were material to patentability of one or more claims of the '947 Patent.

11. Upon information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the USPTO knew of the non-considered references, but with intent to deceive the USPTO to ensure the issuance of the '947 Patent, failed to disclose these material references to the USPTO as part of the prosecution of the '947 Patent while under a duty of candor and good faith including a duty to disclose to the USPTO all

information that is material to patentability of the '947 Patent. By reason of this inequitable conduct, the '947 Patent is unenforceable.

### G. Seventh Affirmative Defense (Costs Barred In Action For Infringement Of A Patent Containing An Invalid Claim)

12. Pursuant to 35 U.S.C. § 288, Bright Response is barred from recovering any costs.

### H. Eighth Affirmative Defense (Laches)

13. The doctrine of laches bars Bright Response from obtaining all, or part, of the relief it seeks.

### I. Ninth Affirmative Defense (Limitation on Damages)

14. Plaintiff's claim for damages is barred, in whole or in part, by 35 U.S.C. § 287.

### J. Additional Affirmative Defenses Reserved

15. AOL reserves any and all additional affirmative defenses available to it under Title 35 U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.

## III. COUNTERCLAIMS

For its counterclaims against Plaintiff Bright Response, LLC ("Bright Response"), AOL LLC and America Online, Inc. (collectively "AOL") alleges as follows:

### A. Nature of Counterclaim

1. AOL counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13 for a declaration of non-infringement, invalidity, and unenforceability of U.S. Patent No. 6,411,947.

B. **Parties**

2. On information and belief from the allegations in the FAC, Bright Response is a corporation organized and existing under the laws of Texas, having its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

3. AOL LLC is a Delaware limited liability company with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166.

4. America Online, Inc. is a Delaware corporation with its corporate headquarters and principal place of business at 22000 AOL Way, Dulles, Virginia 20166.

C. **Jurisdiction**

5. The counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. This Court also has jurisdiction over the counterclaims pursuant to Rule 13 of the Federal Rules of Civil Procedure.

6. By virtue of initiating suit for patent infringement in this Court, Plaintiff has consented to personal jurisdiction.

7. By virtue of the allegations contained in Bright Response's FAC, filed July 21, 2008 in this Court, an actual controversy exists between Bright Response and AOL as to whether AOL is liable for any infringement of a valid, enforceable claim of the '947 Patent.

D. **Venue**

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400, and by virtue of Plaintiff's admissions in the FAC that venue is proper in this District.

E. **Controversy**

9. On information and belief from the FAC, Bright Response purports to be the owner of the '947 Patent.

10. On information and belief from the FAC, Bright Response claims AOL is liable to it for infringement of the '947 Patent.

11. AOL is not liable for any infringement of any valid, enforceable claim of the '947 Patent.

F. **First Counterclaim (Declaration of Non-infringement of the '947 Patent)**

12. AOL re-alleges and incorporates by reference Paragraphs 1 through 11 of the Counterclaims, above.

13. AOL is not infringing, has not infringed, and is not liable for any infringement of any claim of the '947 Patent under 35 U.S.C. § 271.

14. AOL seeks, and is entitled to, a declaration from this Court that it has not infringed, does not infringe, and is not liable for any infringement of any claim of the '947 Patent under 35 U.S.C. § 271, or in any other way.

G. **Second Counterclaim (Declaration of Invalidity of the '947 Patent)**

15. AOL re-alleges and incorporates by reference Paragraphs 1 through 14 of the Counterclaims, above.

16. Each claim of the '947 Patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35 U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, and 112.

17. AOL seeks, and is entitled to, a declaration from this Court that each claim of the '947 Patent is invalid.

H. **Third Counterclaim (Declaration of Unenforceability of the '947 Patent)**

18. AOL re-alleges and incorporates by reference Paragraphs 1 through 17 of the Counterclaims, above.

19. On information and belief, an application called EZ Reader that was based on

Brightware, Inc.'s ART*Enterprise™ was developed and deployed for Chase Manhattan Bank in early 1996.

20. On information and belief, EZ Reader employed a combination of rule-based parsing and case-based reasoning to automatically respond to electronic messages in a manner described and claimed in '947 Patent. The development and deployment of EZ Reader for Chase Manhattan Bank in early 1996 was information material to patentability of one or more claims of the '947 Patent.

21. On information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the United States Patent and Trademark Office (USPTO) knew of EZ Reader's development and deployment at, or for, Chase Manhattan Bank, but with an intent to deceive the USPTO to ensure issuance of the '947 Patent, failed to disclose this material information while under a duty of candor and good faith including a duty to disclose to the USPTO all information that is material to patentability of the '947 Patent. By reason of this inequitable conduct, the '947 Patent is unenforceable.

22. As a result of the actions noted in paragraphs 18-21 above, AOL seeks, and is entitled to, a declaration from this Court that each claim of the '947 Patent is unenforceable.

**I.      Fourth Counterclaim (Declaration of Unenforceability of the '947 Patent)**

23. AOL re-alleges and incorporates by reference Paragraphs 1 through 22 of the Counterclaims, above.

24. The '947 Patent was filed as a continuation of U.S. Application No. 08/853,074 (the '074 Application), which issued as U.S. Patent No. 6,182,059.

25. A number of references were cited to the USPTO by the applicants and/or their attorneys during the prosecution of the '074 Application in an Information Disclosure Statement

filed on November 25, 1997.  Upon information and belief, many of these references were not considered by the examiner during the prosecution of the '074 Application.

26.     The non-considered references were not submitted to the USPTO as part of the prosecution of the '947 Patent.  The non-considered references were material to patentability of one or more claims of the '947 Patent.

27.     Upon information and belief, one or more of the named inventors of the '947 Patent and/or other persons having a duty of candor to the USPTO knew of the non-considered references, but with intent to deceive the USPTO to ensure the issuance of the '947 Patent, failed to disclose these material references to the USPTO as part of the prosecution of the '947 Patent while under a duty of candor and good faith including a duty to disclose to the USPTO all information that is material to patentability of the '947 Patent.  By reason of this inequitable conduct, the '947 Patent is unenforceable.

28.     As a result of the actions noted in paragraphs 23-27 above, AOL seeks, and is entitled to, a declaration from this Court that each claim of the '947 Patent is unenforceable.

### IV. PRAYER FOR RELIEF ON PLAINTIFF'S COMPLAINT AND AOL'S COUNTERCLAIMS

WHEREFORE, AOL prays for the following relief:

a.      That this Court enter judgment against Plaintiff and in favor of AOL on the claims set forth in the First Amended Complaint filed by Plaintiff and that such claims be dismissed with prejudice;

b.      That this Court find and declare that the claims of the '947 Patent are not infringed by AOL and that AOL is not liable as an infringer;

c.      That this Court find and declare that the claims of the '947 Patent are invalid and unenforceable;

d. That this Court find that Plaintiff is guilty of inequitable conduct and declare that the '947 patent is unenforceable;

e. That Bright Response take nothing by way of its First Amended Complaint;

f. That the First Amended Complaint be dismissed with prejudice;

g. That judgment be entered in favor of AOL that it has not infringed, contributed to the infringement of, or induced others to infringe, and is not in any way liable for infringement, willfully or otherwise, of the '947 Patent;

h. That judgment be entered in favor of AOL that the '947 Patent is invalid;

i. That judgment be entered in favor of AOL that the '947 Patent is unenforceable;

j. That a permanent injunction issue prohibiting Bright Response, its officers, agents, servants, employees, attorneys, successors and assigns, and those persons in active concert or participation with them, from alleging or charging that the '947 Patent has been infringed by AOL, under any section of 35 U.S.C. § 271;

k. That AOL be awarded attorneys' fees and costs and all interest as provided by law, including without limitation any attorney awards based upon 35 U.S.C. § 285; and

l. That the Court award AOL such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Defendants AOL LLC and America Online, Inc. (collectively "AOL") respectfully request a jury trial on all issues so triable, including without limitation, Bright Response's claims and AOL's affirmative defenses and counterclaims.

Dated: August 20, 2008                    Respectfully submitted,

/s/ Darryl Woo
Darryl M. Woo, CA Bar No. 100513
LEAD ATTORNEY
Michael J. Sacksteder, CA Bar No. 191605
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA  94104
dwoo@fenwick.com
tbaker@fenwick.com
msacksteder@fenwick.com

Tyler A. Baker, TX Bar No. 01595600
Saina S. Shamilov, CA Bar No. 215636
C. J. Alice Chuang, CA Bar No. 228556
Eric J. Ball, CA Bar No. 241327
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:     (650) 938-5200
tbaker@fenwick.com
sshamilov@fenwick.com
achuang@fenwick.com
eball@fenwick.com

ATTORNEYS FOR DEFENDANT
AOL LLC and America Online, Inc.

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion and proposed order was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 20th day of August.

Dated: August 20, 2008                    Respectfully submitted,


/s/ Eric Ball
Darryl M. Woo, CA Bar No. 100513
LEAD ATTORNEY
Michael J. Sacksteder, CA Bar No. 191605
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA  94104

Tyler A. Baker, TX Bar No. 01595600
Saina S. Shamilov, CA Bar No. 215636
C. J. Alice Chuang, CA Bar No. 228556
Eric J. Ball, CA Bar No. 241327
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA  94041
Telephone:     (650) 988-8500
Facsimile:     (650) 938-5200


ATTORNEYS FOR DEFENDANT
AOL LLC and America Online, Inc.