IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT RESPONSE, LLC | |
| v. | NO. 2:07-CV-371-CE |
| GOOGLE, INC., et al. | |

## PLAINTIFF'S SUR-REPLY TO GOOGLE'S MOTION FOR PROTECTIVE ORDER REGARDING LOBBYING

Plaintiff Bright Response, LLC ("Bright Response") respectfully submits this Sur-Reply to the Motion for Protective Order filed by Defendant Google, Inc. ("Google") as follow:

**I.  Google's lobbying relative to the Accused Instrumentalities is relevant to damages.**

Google's position that Bright Response has failed to show the relevance of Google's lobbying relative to the Accused Instrumentalities rings hollow. The law provides that Bright Response is entitled to seek damages comprising a reasonable royalty. Google's lobbying activities relating to the Accused Instrumentalities are relevant to, or at least are reasonably likely to lead to the discovery of admissible evidence relating to, the following:

(1) Google's policies and practices relative to patents, patent rights, patented technology and/or patent protection relating to the Accused Instrumentalities;

(2) The value of the Accused Instrumentalities to Google, including Google's efforts to protect the making and using of the Accused Instrumentalities; and

(3) Google's views and efforts relative to the Accused Instrumentalities being able to use the patented technology of others without providing damages adequate to compensate for the infringement, including relative to restricting the scope of patent protection and/or damages for infringement.
.
Although the *Georgia-Pacific* factors are not exhaustive and thus do not provide the outer bounds for what is relevant to damages, the foregoing matters, at a minimum, relate directly to the *Georgia-Pacific* factors regarding value of the patented invention to Google, Google's views regarding the benefits of the Accused Instrumentalities, and Google's patent licensing policies

and practices. *See Georgia-Pacific v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

**II.     Google's reliance upon the First Amendment is misplaced.**

It borders on frivolous for Google to continue to assert a First Amendment privilege for lobbying activities not conducted as part of a group based upon case law which unambiguously provides only for a *freedom of association* related to group lobbying activities. *See NAACP v. Alabama,* 357 U.S. 449, 462, 78 S. Ct. 1163, (1958), and its progeny cited in Google's Motion and Plaintiff's Response. Google's Reply attempts to distract the Court from the applicable law by arguing that its "corporate status" should not bar First Amendment protection. This is simply a red herring. Bright Response has never asserted that Google is not entitled to First Amendment protection because Google is a corporation. Rather, Google is not entitled to protection under the First Amendment's freedom of association for lobbying activities which involve no *association* at all, i.e., for activities undertaken by Google itself and not as part of any group.

Google's most telling argument is that the cited case law "does not hold or support that lobbying activities of an association would be protected, but those of private entities would not." In other words, Google appears to acknowledge that *NAACP* and its progeny do not support Google's privilege position, but Google contends that at least the case law does not foreclose its position. This is nonsense. The only basis for privilege relative to lobbying activities is the associational privilege set forth in *NAACP* and its progeny. All of the cases cited in Google's Motion are based upon this strain of case law. Since Google's individual lobbying activities fail to meet the criteria for any privilege recognized by any legal authority, including *NAACP* and its progeny, the law is unquestionably that Google is not entitled to protection.

**III.     Google's arguments regarding "compelling need" are erroneous.**

Google's argument that Bright Response must show a compelling need for discovery into Google's individual lobbying activities is based upon the incorrect premise that Google has made a prima facie case of entitlement to First Amendment privilege. As noted above, and in Plaintiff's Response, Google's individual lobbying activities are not entitled to any First Amendment associational privilege, so no prima facie showing has been made. Moreover, even if Google had made a prima facie showing, Google's Response inexplicably ignores the balancing test applied to resolve the issue of compelling need. The test involves three factors: the relevance of the information sought, the need for that information, and the extent of the injury that disclosure may cause to associational rights. *State of Wyoming*, 239 F. Supp. 2d at 1237; *Anderson v. Hale*, 2001 U.S. Dist. LEXIS 6127, *11 (N.D. Ill. May 10, 2001). The relevance of the information sought to damages issues in this case is set forth above. Bright Response needs this information precisely because it is relevant to damages, and because Bright Response has no other practical source besides Google for discovering information about Google's lobbying activities. Most importantly, disclosures relating to Google's individual lobbying activities will not cause any injury to associational rights because associational rights are not even implicated. Thus, although there is no requirement for Bright Response to show a compelling need because there is no applicable privilege, a compelling need for this discovery is present nonetheless.

Google's arguments against a compelling need boil down to the fact that Google disputes the relevance of its lobbying activities to the issue of damages. As noted above, Google's position on this issue lacks support.

**IV.    Google has waived any privilege for matters it has publicly disclosed.**

Even if Google was entitled to an associational privilege for non-associational activities, which it is not, Google has waived any such privilege relative to those matters -- noted in Plaintiff's Reply -- that Google has publicly disclosed, including by way of public articles, blogs and speeches by Google's employees such as Ms. Lee. Google's position that Bright Response cannot question Google about public pronouncements because they are privileged is baseless.

**V.    Google's Motion is Premature.**

Google's Motion is premature because it seeks to broadly block questions which have not yet even been posed to its witnesses. The only support that Google can muster for arguing that its Motion was ripe is that Bright Response postponed Ms. Lee's deposition - *at Google's request* -- pending this Court's ruling on Google's Motion. According to Google's Response, this proves that "Google's lobbying activities were the intended main focus of questioning, which would have made the deposition a waste of time were Google forced to instruct the witness on the majority of questions." The notion that Bright Response's reasonable agreement to Google's request to postpone the deposition pending a ruling by the Court constitutes an admission of appropriateness for the motion Google is baseless.[1]

**VI.    Google's request for a protective order barring discovery into areas in which Bright Response has no intention of taking discovery is inappropriate**

Although Google's Motion was premature and based upon an inexplicable misreading of First Amendment law relative to the associational privilege, Google apparently attempts to salvage some justification for having filed the Motion by now asking for a protective order

---

[1]   Further, Google's assertion that Bright Response and PA Advisors are "controlled and ultimately owned by the same person" is false.  While Bright Response and PA Advisors do have common counsel they do not share common ownership.  Moreover, Google's assertion that "Plaintiff never denies that it intends to seek discovery into the exact same subject matter in this case as in PA Advisors," is misplaced. Despite the fact that some overlapping counsel are involved in both cases, of course the discovery in this case is going to have differences from discovery in the *PA Advisors v. Google, et al*. case, which involves, among other things, different Plaintiffs and different patents.

4

barring discovery into areas in which Bright Response has already stated, in writing to this Court, that it does not intend to take discovery. First, Google's Response states that, "at a minimum, Plaintiff should be precluded from seeking discovery into Google lobbying activities in which the asserted patent or Accused Instrumentalities are not discussed." Second, Google's Response states that, "at a minimum, a protective order regarding Google's lobbying activities as part of an association is appropriate."

Presumably this Court has more pressing matters than issuing protective orders over matters not in dispute. Since Bright Response has already made its position clear in its Response filed with this Court, one presumes that, at least now, Google understands that it need not produce any documents relating to lobbying activities which do not relate to '947 patent or the Accused Instrumentalities. Likewise, Bright Response presumes that, at least now, Google understands that it need not produce documents relating only to group lobbying activities (as opposed to Google's lobbying activities on its own) pursuant to Google's mandatory disclosure obligations. Moreover, even if Bright Response would ask deposition questions about the foregoing matters, which it will not, presumably Google would instruct its witnesses not to answer, and it would take a great deal of hudspa for Bright Response to seek relief from the Court relative to matters it has already put on record as not being the subject of discovery in this case.

**VII. Conclusion.**

For the reasons stated herein, and in Plaintiff's Response, Google's Motion for Protective Order should be denied.

| January 2, 2009 | BRIGHT RESPONSE, LLC |
|---|---|
| | By: /s/ John J. Edmonds |

Andrew W. Spangler – LEAD COUNSEL
Spangler Law P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
(903) 753-9300
(903) 553-0403 (fax)
spangler@spanglerlawpc.com

David M. Pridham
Law Office of David Pridham
25 Linden Road
Barrington, Rhode Island 02806
(401) 633-7247
(401) 633-7247
david@pridhamiplaw.com

John J. Edmonds
The Edmonds Law Firm, PC
709 Sabine Street
Houston, Texas 77007
(713) 858-3320
(832) 415-2535 (fax)
johnedmonds@edmondslegal.com

COUNSEL FOR PLAINTIFF BRIGHT RESPONSE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

| January 2, 2009 | /s/ John J. Edmonds |
|---|---|
| | John J. Edmonds |