# Exhibit 2



321 North Clark Street
Suite 3400
Chicago, IL 60654.4717
www.howrey.com

**Jason C. White**
Partner
**T** 312.846.5680
**F** 312.602.3986
whitej@howrey.com

October 16, 2009

**VIA EMAIL**

Debera W. Hepburn
Hepburn Law Firm PLLC
P.O. Box 118218
Carrollton, Texas 75011

**Re:** nXn v. Yahoo! Inc. et al. & Bright Response v. Yahoo! Inc. et al.

Dear Debera:

I am writing in response to your letter of today regarding source code.

In the letter I sent you yesterday, I suggested that we speak by telephone to resolve the issues raised in your original letter. Speaking directly will be a much more effective means of resolving our issues than sending long, inaccurate and self-serving letters, which was the all-too-frequent practice of your predecessor counsel. Unfortunately, it appears that you have adopted this practice. In the spirit of cooperation and in an effort to avoid useless letter writing campaigns, I reiterate my offer to speak directly about the issues you have raised.

Your letter contains so many misstatements that I cannot respond to each and every one of them; however, the lack of response should not be taken as an admission that your statements are correct.

With respect to plaintiff's infringement allegations, despite their "length," I stand by my repeated prior statements that they are vague and offer little guidance as to what is truly at issue in this case. I note that statements like the following, which is taken directly from plaintiff's infringement contentions, contain a lot of words, but are vague and provide very little substantive information.

> The claims asserted against Yahoo (see claims charted in the examples provided in the Yahoo Exhibit) are directed to various claimed methods and systems comprising a data processing method for enabling a user to locate desired data, for example using a search query, and using a computer, a data processing method for generating a user data profile, and a data processing system for enabling a user to locate desired data, for example, the servers and other computers used in connection with the www.yahoo.com website, including Yahoo! Search (including Web Search, Advanced Web Search, Yahoo! Shopping, Yahoo! Product Search, My Yahoo! Search, Y!Q Beta Search, Yahoo! MyWeb Search, and Yahoo! Toolbar) and Yahoo! Search Marketing (including Yahoo!



Sponsored Search and Yahoo! Product Submit) (including related and linked websites and webpages) (collectively "Yahoo! Search" or the "Accused Instrumentalities").

The Accused Instrumentalities further include any methods systems and/or apparatuses, comprising, linked with, functionally operational with and/or integrated with Yahoo Search, including any insubstantially different versions thereof, and including predecessor versions thereof, and further including any of Yahoo's other methods or apparatuses that function in the same or similar fashion, since August 27, 2001.

From your letter, it is clear that your client has not made you aware of my lengthy discussions with your predecessor counsel and the agreements he and I reached. As you know, the patent in suit relates to very specific methods for creating profiles based on linguistics. As such, the source code that we produced for inspection is the code that is used to generate user profiles. Your predecessor counsel and I agreed that Yahoo would produce this "core" source code with the understanding that we would consider requests for additional source code, provided that plaintiff explained why the additional source code was relevant to the asserted claims. Now that plaintiff has finally made some attempt to explain why it is seeking additional source code, we will take your requests under advisement and provide you with our response as to what additional source code we will make available for inspection and when it will be made available for inspection by the end of next week. I will not be able to give you such a response within the unreasonably short, four hour window you specified in your letter.

Your accusation that my arguments are "disingenuous" and your other inflammatory and unfounded accusations do nothing to advance the resolution of the issues in this case. Your accusations are particularly troublesome given the fact that you have only been involved in the case for a couple of days, and were not involved in the many, many prior discussions that we have had with plaintiff's prior counsel. I trust that we can avoid such conduct in the future and focus on the real issues in dispute in this case.

Sincerely,

s/Jason C. White

Jason C. White

JCW:gf