# Exhibit 5



321 North Clark Street
Suite 3400
Chicago, IL 60654.4717
www.howrey.com

**Jason C. White**
Partner
**T** 312.846.5680
**F** 312.602.3986
whitej@howrey.com

November 1, 2009

<u>**VIA EMAIL**</u>

Andrew D. Weiss, Esq.
Russ August & Kabat
12424 Wilshire Blvd.
Los Angeles, CA 90025

**Re: nXn v. Yahoo! Inc. et al. & Bright Response v. Yahoo! Inc. et al.**

Dear Andrew:

Thank you for your email of October 29 and your subsequent letter of the same date regarding source code in the nXn and Bright Response cases.

Your email inquires about the production of source code in the nXn case. Your letter asks for two additional portions of source code, one of which is for the nXn case and the other of which the case is not specified. Your letter also asks that we produce all of the source code for both cases on a single computer.

I would first like to address the logistics of your request for all of the source code to be produced on a single computer. We had made the offer to combine the source code for the two cases onto a single laptop some time ago, but plaintiff didn't indicate any desire for us to do so until October 29. However, because Yahoo is in the process of collecting a substantial amount of additional code requested by plaintiff in both cases, we will not be able to combine all of the source code for the two cases onto a single computer and make all of that code available next week. The reasons for this are as follows.

For the nXn case, we have collected the additional source code that was previously requested for this case, namely source code for the following: DUDE, PDUDE, Content Match ("keystone"), UDS, adserver, and geo-targeting. Yahoo is currently completing its internal processing and review of this code, and we expect that it will be made available for inspection next week.

For the Bright Response case, we have collected the additional source code requested this week, namely the source code for the following: advanced match, including SPM, MODS, King Kong, and Hubble. Yahoo is presently completing its internal review processes for this code, but this process will take some time, because the volume of this source code is substantial. For instance, the King Kong source code alone includes 30 gigabytes of data and 29 million lines of code. Given the size of this code, Yahoo expects to complete its internal processing of the code and produce it for inspection within the next week, after which it can be loaded onto a laptop and made available for inspection.



Given the status of these two, parallel collection and production efforts, I would appreciate it if you could confirm whether or not you would like to wait for us to make an additional source code production until all of the source code from both cases is available or whether you would like us to proceed with the additional production in the nXn case, followed by the additional production in the Bright Response case. We are happy to do either and will await your response on your preferred course of action.

With respect to your new request for "the source code for Yahoo! Mail" we appreciate your acknowledgement that Yahoo! Mail is not an "Accused Instrumentality" in the Bright Response case, but we are puzzled by your claim that Yahoo! Mail is an "Accused Instrumentality" in the nXn case. "Yahoo! Mail" is not listed as an Accused Instrumentality in that case, and we would appreciate an explanation as to why you believe that it is.

With respect to your new request for the "source code for Yahoo!'s 'Vibes' and/or the recommendation module(s) used within Yahoo! Shopping," without conceding that this feature is properly accused of infringement in either case, we will gather the source code and make available for inspection as soon as we can.

I believe that this addresses all of the outstanding requests concerning Yahoo's source code, but please contact me immediately if it does not.

Given the status of Yahoo's production of source code in the Bright Response case, I would like to raise the issue of plaintiff's motion to compel source code from Yahoo and the hearing scheduled for next week. As we explained in Yahoo's opposition to plaintiff's motion, we believe that the motion is mooted by Yahoo's production of source code, and we believe that the hearing scheduled for next week is unnecessary. As such, we request that plaintiff contact us to discuss whether the parties can reach an agreement that will enable the parties to avoid the hearing since all issues have been resolved.

As you know, Yahoo made its source code for the Bright Response case available on October 7, 2009, as it represented it would in its opposition to plaintiff's motion. Plaintiff did not begin its review of the source code until October 22 and just recently completed its review. Plaintiff has requested that Yahoo make additional source code available for inspection, and as explained above, Yahoo has responded to plaintiff's requests and has collected all of the code requested. Yahoo expects to be able to make the additional source code available for inspection in the next several days and we believe that this timing is entirely reasonable given the volume of new additional source code recently requested by plaintiff.



Given these facts, Yahoo submits that plaintiff's motion should now be moot and Yahoo does not believe that it is necessary to proceed with the scheduled hearing. Given that the issues are resolved, Yahoo is further willing to submit a stipulation for the Court's approval regarding the production of source code and the subjects of plaintiff's motion. We look forward to your response, and please feel free to call me to discuss this matter.

Sincerely,

s/Jason C. White

Jason C. White