# Exhibit 8

October 16, 2009

By Electronic Mail

Jason White
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60654
*whitej@howrey.com*

Re:     *nXn Tech, LLC v. Google Inc., et al.; Bright Response, LLC v. Google Inc., et al.*

Jason,

This letter is written in response to your letter dated October 15 and addresses source-code related issues in the above-referenced cases.

**nXn v. Google Inc, et al.**

As an initial matter, nXn's preliminary infringement contentions are over 120 pages long and contain significant detail regarding the accused instrumentalities. Thus, it is disingenuous for you to claim that the contentions are "very vague." For example, the PICs go into significant detail on how Yahoo utilizes Behavioral Targeting and information collected about a user to facilitate searching for advertisements and/or search results. Despite this clarity, and my client's repeated requests for source code, Yahoo has only recently started to produce responsive code. This delay significantly prejudices my client. During a recent call with Messrs. Rafilson and Bustamante, my co-counsel further reiterated the importance of providing such code. In addition, several emails were provided in the PA_Advisors_Source_Code_08182009 directory during the first code inspection. In these emails, Yahoo employees expressly identified code related to behavioral targeting as responsive to nXn's requests.

As should be clear from the patent, code requests, infringement contentions, and numerous meet and confers on the topic, all source code requested by counsel for nXn is relevant for at least the following reasons. As you know, the Geller patent relates to utilizing user information to facilitate a search. Thus, in order for Ms. Porter to properly evaluate the code provided by Yahoo, she needs to review code related to the following functions: (1) gathering and/or storing information about one or more users where such information includes, but is not limited to gathering information about user behavior, (2) searching for advertisements and/or search results, and (3) utilizing information gathered and/or stored about one or more users when searching for advertisements and/or search results and returning said advertisements and/or search results to a user. All the requested code relates to at least one, if not more of these functions. Furthermore, Yahoo's "Behavioral Targeting" and "Behavioral

# HEPBURN LAW FIRM PLLC

Debera W. Hepburn
(214) 403-4882
dhepburn@heplaw.com

Mapping" is clearly relevant, as these capabilities clearly utilize behavioral information stored about one or more users.

As a related matter, I appreciate that you have sent the source code printouts requested by Mr. Rafilson.  That being said, Mr. Rafilson requested these printouts on September 29, and Yahoo has delayed for weeks in producing such code despite its clear duty to provide bates-stamped code promptly under the terms of the protective order.  This delay appears to be part of an overall tactic by Yahoo and its counsel to delay discovery that is crucial to my client.

Please provide a date certain by the end of business today (5 pm central) by which Yahoo will produce the remainder of the requested code, such that this code will be produced within the next two weeks.  To the extent that Yahoo refuses to do so, please arrange for an in-person meet and confer with Mr. Spangler before end of business on Monday regarding my client's motion to compel.  Although my client wishes to avoid such unnecessary motion practice, it will be forced to do so if Yahoo delays further regarding its obligations to produce source code.

### Bright Response v. Google Inc., et al.

Your statement that source code in the Bright Response lawsuit has been available for "some time" falsely portrays the facts in this case.  As you know, Bright Response has requested this code for months, and it was only after my client filed a motion to compel that Yahoo finally committed to a date certain (October 7) by which it would provide code.  Ms. Porter has been available for months to inspect such code, and will begin inspecting Yahoo's code next week.

Regards,

Debera W. Hepburn