# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| j2 GLOBAL COMMUNICATIONS, INC. § <br> § <br> Plaintiff § <br> § <br> v. § <br> § <br> PROTUS IP SOLUTIONS INC., § <br> § <br> Defendant. § <br> § | CASE NO.: 6:08-cv-211-LED-JDL <br><br> JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

The parties to this action stipulate to, and seek entry of, the following Protective Order:

1. "Confidential" information is proprietary, confidential or trade secret information which is not publicly known and which its owner would not reveal to others except in confidence. A person producing information under this Order (the "Producing Person") may designate information as "Confidential" if it believes in good faith that the information is Confidential; the designated information shall be treated as Confidential unless successfully challenged under ¶ 11. When producing documents, the Producing Person shall mark each page containing Confidential information as "Confidential."

2. "Restricted Confidential" information is highly confidential source code, or information concerning a party's sales or the design, structure or workings of a party's products or systems which would, if it became known to other parties, harm the competitive position of its owner. A Producing Person may designate information as Restricted Confidential if it believes in good faith that the information is Restricted Confidential; the designated information shall be treated as Restricted Confidential unless successfully challenged under ¶ 11. When producing

documents, the Producing Person shall mark each page containing Restricted Confidential information as "Restricted Confidential."

3. Any Producing Person, whether or not a party to this action, may designate information as Confidential or Restricted Confidential under this Order.

4. When a document is designated as Confidential or Restricted Confidential, the designation includes not only the document so designated, but also any information derived from that document, and any copies, excerpts, summaries, or compilations thereof.

5. A person receiving information under this Order (the "Receiving Person") shall use Confidential or Restricted Confidential information (together, "Protected Information") only to conduct this litigation and not for the purpose of any other action, case or proceeding, or any other purpose, including (but not limited to) research, development, sales, marketing, business or competitive purposes, or any other purpose unrelated to the Action, except with prior written consent of counsel for the party that designated the information as Confidential or Restricted Confidential, or with prior Order of the Court upon notice to the designating party and opportunity to be heard.

6. By receiving information under this Order, all Receiving Persons agree to be subject to the jurisdiction of this Court concerning their use of Protected Information.

7. A Receiving Person may disclose Restricted Confidential information only to the following:

    a. outside litigation counsel retained by a party in this action, including attorneys and their staff, and professional vendors and consultants engaged by outside litigation counsel to perform litigation support services (including jury consultants, and persons

or entities that provide litigation support services, e.g., photocopying, videotaping, translating, designing, and preparing exhibits, and their employees, agents, or subcontractors);

b. independent experts or consultants retained by outside litigation counsel;

c. any person who appears as an author, recipient, or addressee on the face of the document;

d. any person giving testimony in this action at deposition or trial, provided that such persons may not retain any documents containing Protected Information;

e. the Court, its personnel and any court reporters involved in taking or transcribing testimony in this action; and

f. any other person by written agreement of the parties or by order of the Court.

Any person who receives Restricted Confidential information is prohibited from prosecuting, preparing, or having any substantive involvement with any patent application on behalf of any party to this action relating to e-mail to fax services, products, systems, or methods.

8. A Receiving Person may disclose Confidential information only to the following:

a. persons listed in ¶ 7; and

b. employees of the Receiving Person to whom disclosure is reasonably necessary for the management, supervision, or oversight of the litigation.

9. Before a Receiving Person can share Protected Information with an independent expert or consultant under ¶ 7.b, the Receiving Person shall provide the Producing Person written notice of its intention, which shall include the proposed expert's curriculum vitae as well as a list of any previous or current relationship with any party to this action. If the Producing Person objects to the disclosure, it must send a written objection, including a detailed explanation of its objection, that is received within ten business days after the Producing Person's receipt of the written notice. Absent a timely written objection, the Receiving Person may share Protected Information with the independent expert. If the Producing Person makes a timely written objection, the Receiving Person shall not share Protected Information with the independent expert until the objection is resolved by agreement or by the Court. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion and establishing good cause to support its objection.

10. If not so designated in the transcript, deposition testimony shall be deemed Restricted Confidential until thirty days following the reporter's distribution of the final transcript. During those thirty days, a Producing Person may designate portions of the transcript under ¶1 or 2 by sending written designations to all parties to this action.

11. If a Receiving Person disagrees with a designation of information under ¶1 or 2, it shall provide the Producing Person written notice of its challenge. If the parties cannot resolve this dispute, they may proceed under the Local Rules addressing discovery disputes, with the Producing Person bearing the burden of filing a motion and showing that the information is Confidential or Restricted Confidential. Failure to challenge a designation immediately does not waive a Receiving Person's ability to bring a later challenge.

12. Source code designated "Restricted Confidential" and produced in electronic form by a Producing Person must be maintained at an office of outside counsel for a Receiving Person and hosted on a non-networked computer in a room under lock and key.

13. If a Producing Person inadvertently fails to designate material as Protected Information at the time of production, it shall notify all Receiving Persons of its failure as soon as possible after discovery. The Producing Person shall promptly supply all Receiving Persons with new copies of any documents bearing corrected confidentiality designations.

14. Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the Producing Person that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver of privilege or immunity shall be deemed to have occurred. Upon such designation, the Receiving Person promptly shall make best efforts to collect all copies of the documents and return them to the Producing Person.

15. In the event that any Protected Information is used in any proceeding in connection with this litigation, it shall not lose its Confidential or Restricted Confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

16. Nothing in this Order precludes any person from disclosing or using in any manner its own information, or information not obtained under this Order, even if the same information is also produced under this Order.

17. Nothing in this Order precludes any person from showing a document containing Protected Information to an individual who prepared or received the document, or from disclosing Protected Information to a current employee, officer or director of the Producing

Person.

18. Within sixty days of the termination of litigation between the parties, all Protected Information shall be destroyed or returned to the Producing Person, except that one designated outside litigation counsel of record for each party may maintain in its files one copy of each deposition transcript, each document filed with the Court, and each document transmitted between counsel for the parties to this action.

**So ORDERED and SIGNED this 16th day of December, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE