IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BRIGHT RESPONSE, LLC** <br><br> v. <br><br> **GOOGLE, INC., et al.** | NO. 2:07-CV-371-CE <br><br> JURY |

### BRIGHT RESPONSE, LLC'S RESPONSE TO YAHOO!, INC.'S MOTION TO MODIFY THE PROTECTIVE ORDER

### EMERGENCY REQUEST FOR HEARING

Bright Response, LLC ("Bright Response") opposes Yahoo!, Inc.'s ("Yahoo") attempt at this late date to modify the Protective Order entered by the Court in this litigation. In addition to being based on mischaracterizations regarding the facts of source code production and review in this case, Yahoo's motion to modify the Agreed Protective Order at the eleventh hour is both prejudicial to Bright Response and inappropriate. As a result of Yahoo's repeated failures to produce source code in a timely fashion, Bright Response only has a limited amount of time to review the produced code. Yahoo's proposed modification only makes it harder and more inefficient to get the printouts of the source code necessary to meet this deadline.

### I. INTRODUCTION.

As this Court is familiar, nothing about the production of source code from Yahoo in this case has been easy or efficient. Indeed, just last week (November 5, 2009), the Court had a hearing with the parties detailing some, but not all, of the issues surrounding Yahoo's deficient source code production in this case, including its refusal to provide a printer for the source code computer despite the clear and unambiguous provisions of the protective order. Apparently in response, Yahoo filed the instant Motion, which is a

2995-011 091109 Resp Yahoo Modify PO.doc          1

virtual duplicate of the motion it filed in the co-pending case *PA Advisors, LLC v. Google, Inc.*, Case No. 2:07-cv-480-DF (E.D. Tex.) (D.I. 295) (PA Advisors has changed its name to nXn) ("*nXn*" case). This is particularly notable because Yahoo's primary argument of tacit agreement on behalf of Bright Response is based entirely on evidence from the *nXn* case, not this case.[1] And, just as in the motion in *nXn*, Yahoo's arguments must fail.

The Agreed Protective Order – one Yahoo expressly agreed to after lengthy negotiations – has been in place for over one year. Yahoo's attempt to arbitrarily re-write the Agreed Protective Order is just another effort to make the review of Yahoo's source code as prejudicial and inefficient as possible. Yahoo's justifications for its modification are not well taken. First, Bright Response has not tacitly approved of the modification by engaging in the requested procedures since September 2008 and never objecting to the procedure. In fact, Bright Response has only had access to Yahoo's source code since **October 2009**, and Bright Response raised its objection to Yahoo's improper procedures at last week's hearing.[2] There has been no tacit agreement on the part of Bright Response to Yahoo's violation of the Agreed Protective Order. Rather, Yahoo has unilaterally attempted to modify this case's Agreed Protective Order. In its attempt to modify the Agreed Protective Order, Yahoo ignores the fact that the parties negotiated the Agreed Protective Order and that Bright Response made several concessions in those

---

[1] Furthermore, as addressed in nXn's Response to Yahoo's Motion in *nXn*, Yahoo's arguments with respect to nXn are factually false.

[2] The letter cited by Yahoo in its Motion is a September 2009 letter from the *nXn* case, not this case. To the extent Yahoo intends to rely on the common counsel between nXn and Bright Response, it is clear that nXn did in fact object to Yahoo's failure to provide a printer, despite Yahoo's objections to the contrary. *See* Weiss Decl. Ex. A (September 24, 2009 letter from counsel for nXn, Ari Rafilson, to counsel for Yahoo, Jason White).

negotiations (*e.g.*, source code only being available to its expert in Dallas, Texas (as opposed to Marshall, Texas or the location of its expert)).  If Bright Response had known that Yahoo was not going to abide by the terms of the Agreed Protective Order as it previously agreed, it may have sought different terms from the Court at that time.

Furthermore, Yahoo's claims of security concerns also fall flat.  All of the provisions of Agreed Protective Order related to the production of source code were agreed, including the printer provision.  If Yahoo were truly concerned about the security of its code, it should have addressed its concerns during negotiations over a year ago, not now.  Furthermore, the Agreed Protective Order allows Yahoo to take many measures to protect its code, including strong encryption, the disabling of most of the ports and the disabling of any Internet access.  If this is not enough, Yahoo has multiple avenues it could pursue to increase security that comply with the Agreed Protective Order.  For example, Yahoo could use a trusted messenger service.  Or a trusted Yahoo employee could personally fly the code to the production site.  Instead of choosing one of these routes, Yahoo instead chose to disregard the Agreed Protective Order and prejudice Bright Response by refusing to provide a printer.  Yahoo's motion should be denied.

## II. ARGUMENT.

Yahoo brings three arguments to support its proposed modification:  (1) The modification simply codifies the practice between the parties; (2) The modification does not prejudice Bright Response; and (3) The modification is needed to protect Yahoo's confidentiality concerns for the source code.  As argued below, all three of the arguments fail.

### A. The Parties Have Not Engaged In Any Course Of Conduct That Justified Yahoo's Requested Modification To The Protective Order.

Yahoo's motion includes two misstatements to supposedly support the argument that Bright Response has acquiesced to Yahoo's proposed modification through its course of conduct. First, Yahoo asserts that the source code has been available since September 2008 (Motion at 4). Second, Yahoo asserts that Bright Response never responded to its September 24, 2009 letter refusing to produce a printer (*id.*). As to the first point, despite more than a year of letters, numerous meet and confers and false promises, Yahoo did not make code available until October 7, 2009, not September 2008. Weiss Decl. Ex. B. As to the second point, Yahoo sent the letter attached as Exhibit 2 to the White Declaration in the *nXn* case, not this case. And, in *nXn*, nXn did in fact respond and object to Yahoo's position on the very same day Yahoo's letter was sent. Weiss Decl. Ex. A.

Bright Response objected to Yahoo's refusal to provide a printer at the hearing on Thursday, November 5, 2009 and Bright Response's position has been no different since Yahoo made its source code available for inspection. After all of the delays and false promises that led up to the production of the source code, however, Bright Response was not inclined to refuse to review the Yahoo source code despite Yahoo's refusal to comply with the protective order. Instead, Bright Response began its review and brought Yahoo's conduct to the attention of the Court. Bright Response has in no way tacitly agreed to the "tweak" of the Agreed Protective Order proposed by Yahoo. Consistent with the Agreed Protective Order, Yahoo should be ordered to provide a printer for its source code immediately.

### B. Yahoo's Proposed Modification Substantially Prejudices Bright Response, Especially In Light Of The Approaching Case Deadlines.

Yahoo's second basis for its requested modification is that the modification will not unduly prejudice Bright Response. This is untrue. Setting aside the fact of Yahoo's repeated failures to produce a complete set of relevant code (which unquestionably has prejudiced Bright Response), Yahoo's refusal to provide a printer with the source code review computer leads to serious inefficiencies and burden. The printer provision, which was agreed by the parties, allows for Bright Response to print the necessary source code as it is reviewed. Yahoo is then obligated to provide Bates numbered copies of these printouts within 2 business days. Under the current provision, Bright Response does not need to keep a separate list of file to be printed.

Because Yahoo has refused to provide a printer, however, Bright Response must now transcribe the full filepath, file name and line numbers (if necessary) of the source code that it wants printed. This extra step is inefficient and, if a lot of source code needs to be printed, can be extremely burdensome. *See* Weiss Decl. Ex. C (example of source code request file). Additionally, Bright Response must send this list to counsel for Yahoo, who then must forward the list to Yahoo itself for printing. This will take more than 2 business days. And, if there is a typo in the original list (which is not unlikely), the process is further delayed. Each of these delays further prejudices Bright Response's ability to efficiently conduct discovery and prepare for the fast approaching deadlines in this case. Yahoo should not be able to unilaterally impose such prejudice on Bright Response in light of the protective order.

### C. Yahoo's Concerns Are Nothing More Than An Additional Delay Tactic And Can Be Addressed Without Violating The Protective Order.

Yahoo claims that it is a security risk to comply with the Agreed Protective Order. Yahoo's own actions, however, betray this concern for what it really is: a delay tactic. The parties agreed to the terms of the Agreed Protective Order, including the Dallas location for production and the requirement for a printer for the source code computer. D.I. 134. If Yahoo were concerned about the security of source code produced in Dallas, it should have addressed those concerns when negotiating the Agreed Protective Order.[3] And Yahoo had over 1 year to address these concerns since the entry of the Agreed Protective Order. Yahoo failed to raise this concern, however, until it would be extremely prejudicial to Bright Response, as the discovery deadlines in this case are rapidly approaching.

Furthermore, there are more than enough protections in the Agreed Protective Order for Yahoo's code to address its concerns. The code is on a stand-alone computer, without Internet access and with the majority of its ports disabled. The code can be encrypted using whatever encryption Yahoo desires.[4] If Yahoo is concerned about leaving the printer port accessible, as it is required to do, there are a number of measures it could have taken that are consistent with the Agreed Protective Order. For example, Yahoo could use a trusted courier to deliver the computer to Dallas. Or Yahoo could use

---

[3] The Agreed Protective Order in this case has similar terms to the protective order in the *nXn* case, which was agreed except for the location where the code would be produced. Notably, Judge Folsom held a hearing on the disputed matter regarding the production location for the source code. While Yahoo's co-defendant Google presented a vigorous argument in opposition to nXn's proposed provisions, Yahoo remained silent and did not provide any of its own arguments on the matter. Despite Google's arguments, Judge Folsom ruled for nXn and entered the protective order as proposed by nXn.

[4] Any person who could crack Yahoo's presumably strong encryption is likely skilled enough to work around the issue of open ports anyway.

a trusted employee to personally escort the code to Dallas. Or Yahoo could use security tape, which shows when it was tampered with, to protect the open port so that tampering would have been obvious and immediate addressable.[5] Yahoo, however, chose not to use any of these alternative methods and instead chose simply to disregard the Agreed Protective Order.

### III. BRIGHT RESPONSE REQUESTS AN EMERGENCY HEARING TO RESOLVE THIS ISSUE.

Yahoo continues to refuse to provide a printer with its source code computer, as required by the Agreed Protective Order. Given the rapidly approaching deadlines and the prejudice to Bright Response, as described above, Bright Response requests that this matter be resolved immediately. If the Court desires a hearing on this matter, Bright Response asks that the hearing be scheduled on an emergency basis.

### IV. CONCLUSION.

For the foregoing reasons, the Court should deny Yahoo's motion to modify. Yahoo's requested modification is prejudicial to Bright Response and only furthers Yahoo's misconduct vis-à-vis source code production in this case.

---

[5] To the extent Yahoo justifies its modification on the fact that Bright Response must keep requesting new code, this is a direct result of Yahoo's failure to produce relevant code. If Yahoo made a complete production of relevant code, Bright Response would not need to continue to request more.

Dated: November 9, 2009                    Respectfully submitted,

                                                              By:  /s/ Andrew D. Weiss

                                                              Debera W. Hepburn,
                                                              TX Bar # 24049568
                                                              Email: dhepburn@heplaw.com
                                                              HEPBURN LAW FIRM PLLC
                                                             P.O. Box 118218
                                                             Carrollton, TX 75011
                                                             Telephone: 214/403-4882
                                                             Facsimile: 888/205-8791

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>Spangler Law P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | Patrick R. Anderson<br>Patrick R. Anderson PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| David M. Pridham<br>Law Office of David Pridham<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247<br>(401) 633-7247 (fax)<br>david@pridhamiplaw | Marc A. Fenster<br>CA Bar No. 181067<br>Andrew D. Weiss<br>CA Bar No. 232974<br>RUSS, AUGUST & KABAT<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>(310) 826-6991 (fax)<br>mfenster@raklaw.com<br>aweiss@raklaw.com |

                                                              BUSTAMANTE, P.C.

                                                             John M. Bustamante
                                                             John M. Bustamante
                                                             Texas Bar No. 24040618
                                                             BUSTAMANTE, P.C.
                                                             54 Rainey Street, No. 721

Austin, Texas 78701
Tel. 512.940.3753
Fax. 512.551.3773
jmb@BustamanteLegal.com

**CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served this 9th day of November, 2009, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

\s\ Andrew D. Weiss
Andrew D. Weiss