# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| BRIGHT RESPONSE, LLC, <br>     Plaintiff, <br><br> vs. <br><br> GOOGLE INC., et al., <br>     Defendants. | Civil Action No. 2:07-cv-371-CE <br> JURY TRIAL DEMANDED |

## YAHOO! INC.'S REPLY TO THE
## MOTION TO MODIFY THE PROTECTIVE ORDER

### I.     INTRODUCTION

Plaintiff Bright Response, LLC's ("plaintiff") brief is largely dedicated to issues unrelated to this motion. Plaintiff primarily argues about how source code was produced by Defendant Yahoo! Inc. ("Yahoo") in this case. However, that is not the issue before the Court. Instead, the only issue that Yahoo respectfully asks this Court to address is how Yahoo's source code should be provided to plaintiff in paper form. Plaintiff's only arguments on this issue are (1) that security should not be an issue for Yahoo, and (2) that Yahoo's proposed modification results in an inefficient process. However, these arguments are misplaced. First, Yahoo's security concerns are legitimate and have been since the Protective Order was first entered in this case and, second, Yahoo's modification is minor and results in an efficient process.

### II.     PLAINTIFF'S RESPONSE DISCUSSES ISSUES IRRELEVANT TO THIS MOTION.

As an initial matter, plaintiff's argument about how source code was produced in this case is not relevant to whether this Court should modify the Protective Order. This motion is not about how the parties negotiated discovery; however, it is about the procedure that the parties will follow to ensure that plaintiff obtains paper copies of Yahoo's source code. Instead, the

Dockets.Justia.com

Court only needs to focus on the sole issue raised in Yahoo's motion: whether the risk of inadvertent disclosure and harm to Yahoo is important and whether the modified protective order will impair the prosecution of plaintiff's case.

### III. THE CURRENT PROTECTIVE ORDER LEAVES YAHOO'S CODE AT RISK OF INADVERTENT DISCLOSURE.

#### A. Yahoo brought the security issue to Plaintiff's attention.

In July 2008 the parties negotiated a Protective Order. During the negotiations about what source code the plaintiff's needed, Yahoo was gathering virtually the same code for another case: *PA Advisors, LLC v. Google, Inc.*, Case No. 2:07-cv-480-DF (E.D. Tex.)(PA Advisors, LLC. is now known as nXn Tech., LLC "nXn"). When it was appropriate for nXn to begin the source code review, Yahoo sent a letter stating that a printer would unnecessarily leave Yahoo's code at risk. (*See* Def. Op. Br. White Dec. Ex. 2) (September 24, 2009 Letter to Mr. Rafilson). This letter was sent to the same counsel for plaintiff in this case. This counsel responded by preserving its objections (Pl. R. Weiss Decl. Ex. H),[1] but then followed Yahoo's proposal of listing code and emailing it to Yahoo, who then printed the code and mailed it to counsel. However, when plaintiff recently obtained new counsel, the printing issue arose again in both cases. Under new counsel, plaintiff decided to no longer follow this course of action for either case. The parties attempted to negotiate a solution, which never occurred, thus Yahoo brought this motion to modify the Protective Order to safeguard its most confidential asset: its source code. Thus, the plaintiff in this case has been on notice since the September 2009 letter that leaving a port open was a security risk to Yahoo.

---

[1] Plaintiff correctly states that it responded to defendant's September 2009 letter. Yahoo's opening brief was not suggesting that plaintiff did not write a letter in reply; instead, it was making the point that the plaintiff's subsequent course of action in the nXn case was in compliance with Yahoo's proposal.

Further, even if Yahoo's September 2009 letter to common counsel was insufficient notice, as soon as Yahoo provided the source code to plaintiff in this case, it stated that leaving a port open is a security risk. Plaintiff's counsel disagreement with Yahoo over on this issue resulted in this motion.

**B.    Plaintiff has not challenged Yahoo's assertion that its source code is at risk of inadvertent disclosure.**

Regardless of when plaintiff was on notice, Yahoo source code will be at risk if a port is left open. Plaintiff's silence on this issue in their responsive brief suggests that it agrees. Instead of addressing this point, plaintiff offers several unaccommodating suggestions. (Pl. Resp. Br. 6-7.) Specifically, plaintiff suggests that Yahoo use a trusted courier/Yahoo employee to transport code or place security tape over the open port. The first suggestion implies that if the courier/employee is trusted, no code will ever be inadvertently made public. The second suggestion implies that if the code is made public, Yahoo will know about it as soon as someone notices the broken seal. However, these suggestions miss the point. If a port is open, regardless of whether the courier is trusted or if there is security tape over the port, there is still a risk that someone could disclose this information to a third party. There is only one way to ensure that code cannot be transferred through the port: allow Yahoo to close the port. In sum, not only has plaintiff's silence implicitly admitted that Yahoo's code is currently at risk, it has also offered no meaningful solutions to prevent the inadvertent disclosure of Yahoo's most important and confidential asset.

**IV.    YAHOO'S PROPOSED MODIFICATION IS STILL AN EFFICIENT PROCESS.**

Yahoo's modification will allow plaintiff to receive paper copies of the source code in an efficient manner. Plaintiff complains that even if Yahoo's code is at risk, this Court should not modify the Protective Order because Yahoo's proposed process will be too inefficient. (Pl. R.

Br. 5)  This is not a logical argument.  For example, under the current procedures, on day one plaintiff would print code and ship it to Yahoo.  Assuming that plaintiff chooses to pay for overnight early-morning delivery, on day two and three Yahoo would Bates label, copy, and review the source code to determine if it should objection to "the production of the source code for good cause."  (Dkt. 134, 9(c) (Protective Order)).  Yahoo would then ship the code back to plaintiff, who would not receive it until day four, at the very earliest.

However, under Yahoo's proposed modification, an equally efficient process will occur.  It is true that under the current provisions plaintiff may print code, while under the new provisions plaintiff will have to write down code instead of printing it.  However, this modification is just as efficient, if not more efficient, because it will not have to waste the time associated with shipping significant quantities of code to Yahoo.  Instead, plaintiff will be able to email Yahoo, who can immediately begin the process of producing source code on paper.

Finally, plaintiff fails to rebut Yahoo's argument that this modification will also ensure proper Bates labeling.  Specifically, the current procedures divide the tasks of printing and Bates labeling between the parties.  This is not ideal because this division will likely create unnecessary errors.  When plaintiff prints only a portion of various routines, Yahoo will have to determine where each printed section of code came from so it can properly Bates label each section.  This process is prone to errors because one entity will be printing and another entity will be Bates labeling.  Yahoo's modification simplifies this procedure by putting the entire printing and Bates labeling task under Yahoo's control, all while retaining the efficiency of the process.  Finally, by allowing Yahoo to control the printing and Bates labeling process, there will be certainty that every section of code that is printed will be Bates labeled.

## V. CONCLUSION

For the reasons stated herein, Yahoo's respectfully asks this Court to grant its Motion to Modify the Protective Order.

Dated:  November 13, 2009

Respectfully Submitted,

_____/s/ Jason White_____
Jason C. White
HOWREY LLP
321 N. Clark, Suite 3400
Chicago, IL 60654
Tel:  312.595.1239
Fax:  312.595.2250
Email:  whitej@howrey.com

Michael Jones
Potter Minton
110 N. College St., Suite 500
P. O. Box 359
Tyler, Texas 75710
Tel:  (903) 597-8311
Fax:  (903) 597-0846
Email:  mikejones@potterminton.com

*Attorneys for Defendant Yahoo! Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served via CM/ECF on November 13, 2009 upon all counsel of record.

_____/s/ Jason White_____
Jason White