IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **BRIGHT RESPONSE, LLC** | **NO. 2:07-CV-371-CE** |
| v. | |
| **GOOGLE, INC., et al.** | **JURY** |

## BRIGHT RESPONSE, LLC'S SURREPLY IN OPPOSITION TO YAHOO!, INC.'S MOTION TO MODIFY THE PROTECTIVE ORDER

Bright Response, LLC ("Bright Response") submits this Surreply in opposition to Yahoo!, Inc.'s ("Yahoo") attempt at this late date to modify the Protective Order entered by the Court in this litigation. The facts are undisputed: (1) Yahoo agreed to the terms of the Agreed Protective Order; and (2) when Yahoo finally began producing source code in October 2009 (only after Bright Response filed a Motion to Compel), Yahoo took the position that it did not need to abide by the terms of the Agreed Protective Order. Yahoo has no excuse for its failure and Yahoo's untimely request to modify the Agreed Protective Order should not be granted.

First, the increased security provisions related to source code in the Agreed Protective Order already address the risk of inadvertent disclosure of source code. Indeed, 8 pages of the Agreed Protective Order are devoted to laying out the various security provisions meant to protect Yahoo's source code from disclosure, whether inadvertent or otherwise. D.I. 134 at 5-11. These provisions were heavily negotiated and *agreed by Yahoo*. If Yahoo had concerns about the security risk related to leaving a port open for a printer, Yahoo should have raised those concerns when the Agreed Protective Order was being negotiated over a year ago. Instead, Yahoo deliberately chose to stay

silent and, by its own admission, waited until "it was appropriate for nXn to begin the source code review" (Reply at 2) before raising its concerns. Yahoo never raised this concern with Bright Response, instead apparently relying on its notification to nXn. And to make matters worse, instead of bringing this motion prior to the production of source code, Yahoo produced its source code without a printer and simply gave Bright Response no choice but to begin its review of the source code under these conditions.

Furthermore, setting aside the fact that the parties have already weighed the risk of inadvertent disclosure against Bright Response's need for access to Yahoo's source code in crafting the provisions of the Agreed Protective Order, it is unclear why Yahoo's proposed modification has any less risk of inadvertent disclosure than the proposals made by Bright Response. In fact, the proposals made by Bright Response are actually more likely to prevent (or minimize the harm of) Yahoo's stated concerns than Yahoo's proposed change to the Agreed Protective Order. For example, a trusted courier will know when the computer was out of his possession (if ever) and will be able to take immediate action if the chance for inadvertent disclosure occurred. The same immediate actions can take place if security tape is used. Yahoo's proposed modification, however, simply prejudices Bright Response while offering little extra security. If a person is skilled enough to circumvent the other security provisions used by Yahoo (such as encryption), the person is also likely skilled enough to obtain the data without the need of open ports on the computer.[1] If Yahoo were truly concerned about the inadvertent disclosure risk described in its Motion, Bright Response's proposals (which are all

---

[1] Indeed, given Yahoo's other security measures, it is unclear how an open port is a risk of inadvertent disclosure at all. The copying and unauthorized decryption of the source code of the source code laptop does not seem inadvertent.

completely consistent with the terms of the Agreed Protective Order) would be a better avenue to address those concerns. Thus, Yahoo's proposed modification to the Agreed Protective Order is untimely and unnecessary.

Second, Yahoo now tries to argue that Bright Response's new counsel "rocked the boat" and disturbed a course of practice between the parties. Yahoo's representation is simply not true. Both old and new counsel for Bright Response objected to Yahoo's refusal to comply with the Agreement Protective Order. Given the upcoming deadlines in this case, and Yahoo's refusal to even begin to provide source code until October 2009, Bright Response has had no choice but to review the source code in the conditions set by Yahoo. Bright Response has never consented to Yahoo's forced source code review conditions.

Third, the efficiency benefits of Yahoo's proposed modifications are unpersuasive. Preliminary, Yahoo misquotes the requirements of the Agreed Protective Order. Under the current Agreed Protective Order, Yahoo is responsible for collecting and Bates labeling the source code printouts. D.I. 134 at ¶ 9(c) ("Upon printing any portions of source code, the printed pages shall be collected by the Producing Party."). Moreover, Yahoo simply disregards the burden to Bright Response in transcribing the source code files to be printed rather than simply printing them. The extra step of writing down the files for printing adds burden that was not negotiated by the parties in the Agreed Protective Order and unnecessarily delays the process of receiving printouts of

source code. Given the quickly approaching deadlines in this case, these delays are highly prejudicial to Bright Response.[2]

Therefore, for the foregoing reasons, the Court should deny Yahoo's motion to modify. Yahoo's requested modification is untimely, unnecessary and prejudicial to Bright Response.

Dated: November 16, 2009                Respectfully submitted,

By: /s/ Andrew D. Weiss

Debera W. Hepburn,
TX Bar # 24049568
Email: dhepburn@heplaw.com
HEPBURN LAW FIRM PLLC
P.O. Box 118218
Carrollton, TX 75011
Telephone: 214/403-4882
Facsimile: 888/205-8791

| | |
|---|---|
| Andrew W. Spangler<br>LEAD COUNSEL<br>Spangler Law P.C.<br>208 N. Green Street, Suite 300<br>Longview, Texas 75601<br>(903) 753-9300<br>(903) 553-0403 (fax)<br>spangler@spanglerlawpc.com | Patrick R. Anderson<br>Patrick R. Anderson PLLC<br>4225 Miller Rd, Bldg. B-9, Suite 358<br>Flint, MI 48507<br>(810) 275-0751<br>(248) 928-9239 (fax)<br>patrick@prapllc.com |
| David M. Pridham<br>Law Office of David Pridham<br>25 Linden Road<br>Barrington, Rhode Island 02806<br>(401) 633-7247 | Marc A. Fenster<br>CA Bar No. 181067<br>Andrew D. Weiss<br>CA Bar No. 232974<br>RUSS, AUGUST & KABAT |

---

[2] Yahoo's complaints about the Bates labeling process make little sense because it is unclear how Bates labeling the printouts is related to where each section of printed code came from. Furthermore, Yahoo's proposed modification is subject to its possible own errors such as, for example, failing to print one or more requested files.

| | |
|---|---|
| (401) 633-7247 (fax) <br> david@pridhamiplaw | 12424 Wilshire Blvd., 12th Floor <br> Los Angeles, CA 90025 <br> (310) 826-7474 <br> (310) 826-6991 (fax) <br> mfenster@raklaw.com <br> aweiss@raklaw.com |
| | BUSTAMANTE, P.C. <br><br> John M. Bustamante <br> John M. Bustamante <br> Texas Bar No. 24040618 <br> BUSTAMANTE, P.C. <br> 54 Rainey Street, No. 721 <br> Austin, Texas 78701 <br> Tel. 512.940.3753 <br> Fax. 512.551.3773 <br> jmb@BustamanteLegal.com |

## **CERTIFICATE OF SERVICE**

I certify that counsel of record who are deemed to have consented to electronic service are being served this 16th day of November, 2009, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3).  Any other counsel will be served electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

\s\ Andrew D. Weiss  
Andrew D. Weiss
