# EXHIBIT 1

2762

Amendment

TOWNSEND and TOWNSEND and CREW LLP
Two Embarcadero Center, 8th Floor
San Francisco, California 94111-3834
(415) 576-0200

In re application of: Amy Rice, et al.

Application No.: 09/054,233

Filed: April 2, 1998

Group Art Unit: 2762

For: AUTOMATIC MESSAGE INTERPRETATION AND ROUTING SYSTEM

THE ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

Attorney Docket No. _____17111-002300US_____
Client Ref No. _____

Date: _August 16, 2000_

I hereby certify that this is being deposited with the United States Postal Service as first class mail in an envelope addressed to:

Assistant Commissioner for Patents
Washington, D.C. 20231

Signed: _____
  Erica L. Canonizado

Sir:

Transmitted herewith is an amendment in the above-identified application.

[ ] Enclosed is a petition to extend time to respond.
[X] Small entity status of this application under 37 CFR 1.9 and 1.27 has been established by a verified statement previously submitted.
[ ] A verified statement to establish small entity status under 37 CFR 1.9 and 1.27 is enclosed.

If any extension of time is needed, then this response should be considered a petition therefor.
The filing fee has been calculated as shown below:

|   | (Col. 1) CLAIMS REMAINING AFTER AMENDMENT |   | (Col. 2) HIGHEST NO. PREVIOUSLY PAID FOR | (Col. 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDIT. FEE |   | OTHER THAN SMALL ENTITY RATE | ADDIT. FEE |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL | *5 | MINUS | **20 | = 0 | x $9.00 = | $0.00 | OR | x $18.00 = |   |
| INDEP. | *4 | MINUS | ***5 | = 0 | x $39.00 = | $0.00 |   | x $78.00 = |   |
| [ ] FIRST PRESENTATION OF MULTIPLE DEP. CLAIM |   |   |   |   | + $130.00 = |   |   | + $260.00 = |   |
|   |   |   |   |   | TOTAL ADDIT. FEE | $0.00 | OR | TOTAL |   |

\* If the entry in Col. 1 is less than the entry in Col. 2, write "0" in Col. 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, write "20" in this space.
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, then write "3" in this space. The "Highest Number Previously Paid For" (Total or Independent) is the highest number found from the equivalent box in Col. 1 of a prior amendment or the number of claims originally filed.

[X] No fee is due.

Please charge Deposit Account No. 20-1430 as follows:

[ ] Claims fee  $_____
[X] Any additional fees associated with this paper or during the pendency of this application.

_NO_ extra copies of this sheet are enclosed.

TOWNSEND and TOWNSEND and CREW LLP

_____
Philip H. Albert, Reg. No.: 35,819
Attorneys for Applicant

SF 1125842 v1

I hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Assistant Commissioner for Patents, Washington, D.C. 20231

On August 16, 2000

TOWNSEND and TOWNSEND and CREW LLP

By: Erica L. Canonizado

Attorney Docket No.: 17119-002300US

PATENT

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re application of: | Examiner: M. Pender |
| Amy Rice, et al. | Art Unit: 2762 |
| Application No.: 09/054,233 | AMENDMENT |
| Filed: April 2, 1998 | |
| For: AUTOMATIC MESSAGE INTERPRETATION AND ROUTING SYSTEM | |

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

In response to the Office Action mailed July 11, 2000, please amend the above-identified application as follows:

IN THE CLAIMS:

Please amend claims 1, 18, 19, 31, and 41 as follows:

1. A method for automatically [interpreting] processing a non-interactive electronic message using a computer, comprising the steps of:
   (a) receiving the electronic message from a source;
   (b) interpreting the electronic message using a rule base and case base knowledge engine; and
   (c) classifying the electronic message as at least one of (i) being able to be responded to automatically; and (ii) requiring assistance from a human operator.

18. A method for automatically [interpreting] processing an electronic mail (E-mail) message, comprising the steps of:
   (a) receiving the E-mail from a source over an electronic data communications channel;
   (b) interpreting the E-mail using a rule base and case base knowledge engine; and
   (c) classifying the E-mail as at least one of (i) being able to be responded to automatically; and (ii) requiring assistance from a human operator; wherein
   when the classification indicates that the E-mail can be responded to automatically, the method further includes the steps of:
   (d) retrieving one or more predetermined responses from a repository;
   (e) formulating an E-mail response from the predetermined response; and
   (f) transmitting the E-mail response to the source over the data communications channel.

19. A method for automatically [interpreting] processing a non-interactive electronic message using a computer, comprising the steps of:
   (a) receiving the electronic message from a source;
   (b) interpreting the electronic message using a rule base and case base knowledge engine; and
   (c) retrieving one or more predetermined responses corresponding to the interpretation of the electronic message from a repository for automatic delivery to the source.

21. A system for automatically [interpreting] processing a non-interactive electronic message received from a source, the system comprising:
   a server for transmitting and receiving electronic messages over a communications channel;
   an inbox storage device for storing incoming electronic messages;
   a knowledge engine including a rule base and a case base, the case base having a plurality of stored cases representing past received electronic messages;
   a pre-processor for receiving the electronic message and interpreting the electronic message using the rule base;

| | |
|---|---|
| 10 | a searching device for searching the electronic message and the case base to retrieve a |
| 11 | stored case from the case base which most closely matches the electronic message; |
| 12 | a classifier for classifying the electronic message into at least one of (i) being able to be |
| 13 | responded to automatically; and (ii) requiring assistance from a human operator. |

| | |
|---|---|
| 1 | 54~~1~~. A method for automatically [interpreting] <u>processing</u> a non-interactive electronic |
| 2 | message <u>using a computer</u>, comprising the steps of: |
| 3 | (a) receiving the electronic message from a source; |
| 4 | (b) interpreting the electronic message using a rule base and case base knowledge engine; |
| 5 | (c) retrieving one or more predetermined responses from a repository, the predetermined |
| 6 | responses being proposed for delivery to the source; |
| 7 | (d) forwarding the electronic message and the predetermined response to a human |
| 8 | operator; and |
| 9 | (e) delivering the predetermined response to the source when the human operator deems |
| 10 | the response appropriate. |

## REMARKS

Claims 1-66 were pending. Upon entry of this Amendment, claims 1-66 remain pending.

In the Office Action, the Examiner rejected claims 54-57 under 35 USC §112, first paragraph, as "containing subject matter which was not described in the specification in such a way as to enable one skilled in the art ... to make and/or use the invention." The Examiner also rejected claims 1-66 under 35 USC §101 as being directed to nonstatutory subject matter, and rejected claims 1-13, 15-29 and 31-66 under 35 USC §102(b) as being anticipated by Microsoft Outlook 97, Version 8.0 (hereinafter "Outlook"). Reconsideration in view of the foregoing amendments and the following remarks is respectfully requested.

The §112 Rejections

Claims 54-57 were rejected under 35 USC §112 as "containing subject matter which was not described in the specification in such a way as to enable one skilled in the art ... to make and/or use the invention."

Amy Rice, et al.
Application No.: 09/054,233
Page 4

PATENT

Applicant respectfully traverses this rejection. The steps recited in claim 54 — "receiving the electronic message from the source in a first data format" and "converting the electronic message from the first data format to an electronic message having a second data format" — are described in the specification in various locations, such as p. 17, lines 10-23. As one example, the specification describes converting a facsimile message into an ASCII data format electronic message "using, for example, a character recognition process." (p. 17, lines 14-16). As another example, the specification describes converting voice data to a digital text format electronic message. (p. 17, lines 17-23). Applicant respectfully submits that systems and methods for character recognition and for converting voice data to digital text (as well as for numerous other conversions of data from a first format to a second format) are well known in the art. A detailed description of such systems is therefore not necessary to enable one skilled in the art to make and/or use the claimed invention after reading the application as filed. Therefore, withdrawal of the §112 rejection of claim 54 is respectfully requested. Further, Applicant respectfully submits that claims 55-57 are also supported at least by the above referenced passage of the specification (p. 17, lines 10-23) and respectfully requests withdrawal of the §112 rejection of those claims.

The §101 Rejections

Claims 1-66 were rejected under 35 USC §101 as being directed to nonstatutory subject matter. The Examiner stated that "[t]he claimed invention merely relates a computer program, consisting of an algorithm and a data structure" and that "statutory processes must be limited to a practical application." Applicant respectfully traverses such a characterization.

In regard to the rejection of claim 1, "[t]he Examiner interprets that 'interpreting a ... message' is not a practical application." Applicant has amended claim 1 to recite "A method for automatically processing a non-interactive electronic message using a computer ...." to further clarify the scope of the claims. Claims 18, 19, and 41 have been similarly amended.

The claimed method of claim 1 includes steps to process an electronic message including "receiving the electronic message," "interpreting the electronic message," and "classifying the electronic message as at least one of (i) being able to be responded to automatically; and (ii) requiring assistance from a human operator." It is respectfully

Amy Rice, et al.  
Application No.: 09/054,233  
Page 5

PATENT

submitted that, at least, classifying an electronic message in the manner recited in claim 1 is a practical application that satisfies the requirements of §101. Withdrawal of the §101 rejection of claim 1 is therefore respectfully requested.

In regard to the rejection of claims 2-66 under §101, the Examiner stated only that these claims "are rejected for the same reasons as claim 1." Applicant respectfully submits that the Examiner has not established a prima facie case that claims 2-66 are not directed to nonstatutory subject matter. Because each claim recites somewhat different subject matter, the question of whether the subject matter of any one claim is statutory cannot be answered on the basis of another claim. For example, claim 31 recites a "system for automatically interpreting a non-interactive electronic message ... comprising: a server ... ; an inbox storage device ...; a knowledge engine ...;" etc. Applicant respectfully submits that claim 31 recites physical structures — not "an algorithm and a data structure" — and therefore, the reason given with regard to claim 1 does not provide a proper basis for rejection of claim 31. For these reasons, withdrawal of the §101 rejection of claims 2-66 or statement of grounds for rejecting each of the claims is respectfully requested.

The §102(b) Rejections

Claims 1-13, 15-29, and 31-66 stand rejected under 35 USC. §102(b) as being anticipated by Outlook. Applicant respectfully traverses the rejection of claim 1, because the Outlook reference fails to disclose or suggest each element of claim 1

With regard to claim 1, the Examiner stated that Outlook's "Rules Wizard explicitly teaches interpreting the message and classifying the message for automated response, including filing in a designated folder .... Microsoft further teaches automated processing of e-mails ...." Even if such a statement were taken as true, that would not affect the patentability of claim 1. Applicant respectfully submits that the Examiner has not stated a prima facie case of anticipation because the Examiner has not asserted, in rejecting claim 1, that Outlook performs the claimed step of "interpreting the electronic message using a rule base and case base knowledge engine."

For the purposes of this response, Applicant assumes that the Examiner is asserting that Outlook performs the claimed interpreting step; however, Applicant would traverse any such assertion, since Outlook clearly does not disclose or suggest each step of

Amy Rice, et al.  PATENT
Application No.: 09/054,233
Page 6

claim 1. For example, Outlook does not disclose or suggest the use of a case base knowledge engine. Therefore, claim 1 is allowable over the reference. Furthermore, claims 2-13, 15-17 and 54-60 are also allowable as they depend from allowable claim 1, and withdrawal of the §102(b) rejection as to those claims is respectfully requested.

With regard to claim 18, the Examiner stated that "Microsoft teaches the use of a Rule Wizard to generate a hierarchy of 'rules' the equivalent of Applicant's 'rule base' limitation. [sic] Microsoft also teaches the use of folders to hold e-mail messages, the equivalent of Applicant's 'case base' limitation." Applicant respectfully submits that Outlook does not teach the "case base" element of the claimed invention.

The term "case base" has a meaning that is well-defined in the art and Outlook does not have any features that fall within such meaning. A case base reasoning system is described in the present specification as one which "compares an incoming set of facts (a 'Problem') with a stored set of exemplar cases (a case base)." (p. 3, lines 19-20; see also p. 11, lines 12-15). The specification describes in detail an example of a case base knowledge engine for interpreting electronic messages. (p. 12, line 7-p. 13, line 31). In that example, an incoming message (a "presented model") is compared to each of a set of stored case models, and a score for each stored case model is calculated based on whether a piece of text, a combination of text, and/or a pattern of text of the presented case model matches or does not match the stored case model. (p. 12, line 25-p. 13, line 5). In the example, "[o]nce a best stored case model has been identified, the automatic message reader 30 infers that the same or similar action that was taken on the E-mail of the stored case model should be taken on the E-mail message 11 which produced the presented case model." (p. 13, lines 27-30).

It is respectfully submitted that the "use of folders to hold e-mail messages" as taught by Outlook is not equivalent to a case base knowledge engine. Outlook does not teach comparing a set of facts corresponding to an incoming message to each of a stored set of exemplar cases. Folders are used only to hold messages *after* they have been classified. Because Outlook does not disclose or suggest a case base knowledge engine or its equivalent, Outlook cannot be said to anticipate claim 18 and therefore Applicant respectfully requests that the §102(b) rejection as to claim 18 be withdrawn.

BR 000625

With regard to claim 19, the Examiner stated that this claim was "rejected for the same reasons as claim 3." Applicant respectfully notes that, like claims 1 and 18, claim 19 recites "a rule base and case base knowledge engine." As previously explained, Outlook does not teach this element. Therefore, it is respectfully submitted that Outlook does not anticipate claim 19 and thus claim 19 is allowable over Outlook. Claims 20-30 and 61-63 depend from allowable claim 19 and are therefore also allowable.

With regard to claim 31, the Examiner stated that "Microsoft teaches the use of an 'inbox' the equivalent of [sic] Applicant's 'inbox' limitation" and that "[a]ll other limitations have already been addressed in this office action." Applicant respectfully notes that, like the claims discussed above, claim 31 recites "a knowledge engine including a rule base and a case base." As previously explained, Outlook does not teach a corresponding element; therefore, Applicant respectfully submits that Outlook does not anticipate claim 31. Further, because claims 32-40 and 64-66 depend from claim 31 and therefore include all of its limitations, Applicant respectfully submits that Outlook does not anticipate any of those claims as well. Withdrawal of the §102(b) rejection as to claims 31-40 and 64-66 is therefore respectfully requested.

With regard to claim 41, the Examiner stated that this claim was "rejected for the same reasons as claim 3." Applicant respectfully notes that, like the claims discussed above, claim 41 recites "a rule base and case base knowledge engine." As previously explained, Outlook does not teach a corresponding element; therefore, Applicant respectfully submits that Outlook does not anticipate claim 41. Further, because claims 42-53 depend from claim 41 and therefore include all of its limitations, Applicant respectfully submits also that Outlook does not anticipate any of those claims. Withdrawal of the §102(b) rejection as to claims 41-53 is therefore respectfully requested.

CONCLUSION

In view of the foregoing, Applicants believe all claims now pending in this Application are in condition for allowance. The issuance of a formal Notice of Allowance at an early date is respectfully requested.

Amy Rice, et al.  
Application No.: 09/054,233  
Page 8

PATENT

    If the Examiner believes a telephone conference would expedite prosecution of this application, please telephone the undersigned at 415-576-0200.

Respectfully submitted,

_8/15/00_  
Date

*[signature]*  
Philip H. Albert  
Reg. No. 35,819

TOWNSEND and TOWNSEND and CREW LLP  
Two Embarcadero Center, 8th Floor  
San Francisco, California 94111-3834  
Tel: (415) 576-0200  
Fax: (415) 576-0300  
PHA:cec:elc  
SF 1123313 v1

BR 000627