# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION 2:07-CV-371-CE

BRIGHT RESPONSE, L.L.C.,    :   VIDEOTAPED
                            :   DEPOSITION
                            :      OF
           vs.              :   RICHARD GREGSON
                            :
                            :
GOOGLE, INC., et al.        :
                            :
                            :
           Defendants.      :


T R A N S C R I P T of the stenographic notes of LISA FORLANO, CCR, CRR, RMR, Certified LiveNote Reporter and Notary Public, taken at the offices of Veritext Pennsylvania, 1801 Market Street, 18th Floor, Philadelphia, Pennsylvania, 19103, on Friday, July 10, 2009, commencing at 9:15 a.m.

Job No.: 206497

1  case-based search to obtain the best case match.
2  Certainly it's an interactive message based with the
3  two together.
4      Q    Okay, any other differences?
5      A    Consequently, the system would not
6  provide satisfactory results if the input to the
7  system was an electronic message and no user
8  interaction was provided.
9      Q    And so this seems like it's getting to
10 the interactive, not the interactive message we
11 talked about before?
12     A    Right.  It would be the way to
13 distinguish this piece of prior art from it.
14     Q    When you receive a message in the
15 system claimed in the '947 patent, how do you know
16 up front whether it's interactive or not
17 interactive?
18          MR. RAFILSON:  Objection to form.
19          THE WITNESS:  The way I -- the way I
20      understood this would be that there's no
21      interaction going back and forth.  It receives
22      the message and it processes it without
23      further input.
24 BY MR. WHITE:
25     Q    So when you get a message, though, if

1  BY MR. WHITE:
2      Q      Honestly, that's what I'm struggling
3  with, too, is how do you define a non-interactive
4  message from an interactive message?  What about the
5  message makes it not interactive?  I understand the
6  system may not ask for follow up, but I'm trying to
7  understand in a message, when you're looking at a
8  collection of data, how do you say this collection
9  of data is an interactive message or it's a
10 non-interactive message?  Does that -- do you follow
11 me on that?
12     A      I'm not sure what would be within -- if
13 it's been addressed in this spec or trying to keep
14 it broad or more broadly than the general concept of
15 you're going to get it all at once in one direction
16 from the sender to the system as opposed to having
17 it come in pieces and probably require even
18 something from the system going back to get
19 additional information in some fashion.
20     Q      Okay, so that's the best you can do
21 with the non-interactive message?
22     A      Sitting here today, yes.
23     Q      Okay.
24            Are you familiar with the Yahoo web
25 page, home page search engine?

1   A   I've been to the Yahoo web page, yes.
2   Q   How about the Google web page, do you
3 ever use Google?
4   A   I've used Google.
5   Q   When you type in a search string which
6 could be even just a couple of characters, is that a
7 non-interactive message?
8       MR. RAFILSON: Objection, form.
9       THE WITNESS: I'd have -- I don't have
10      an opinion as to -- I could see arguments
11      either way, yeah.
12 BY MR. WHITE:
13  Q   What are the arguments against it not
14 being an interactive message?
15      MR. RAFILSON: Objection, form.
16      THE WITNESS: It depends on how --
17      again, tell me -- give me the full definition
18      of what are all those elements that I talked
19      about that are defined what that message is as
20      per the spec and the claims. Does it have
21      specific sender and receiver and that kind of
22      stuff and is that packaged up within the html
23      packet which is sent from the web page to, you
24      know, with the IP addresses and the like. I
25      don't know if that would fit. You've got to

1      give me what is the legal definition as
2      interpreted in the claims and all the file
3      history and all the stuff.
4  BY MR. WHITE:
5      Q    And that's where we're hoping you can
6  help us out because you prosecuted it.
7      A    I -- I don't have -- you know, I -- the
8  embodiment that's described -- the exemplary
9  embodiment is an e-mail. Whether or not the fact
10 that it was -- the claim says message thinking
11 something broader than that I would certainly as a
12 prosecuting attorney would try to say yes, it's
13 something broader. We were never challenged, as I
14 recall, on this as to what the parameters of that
15 would be, as to whether or not a search query
16 packaged inside in each e-mail packet sent qualifies
17 as a message.
18     Q    Okay. And that's what we were hoping.
19     A    That's a legal definition that is for
20 this case to decide, not for me.
21     Q    Okay. So you can't say one way or the
22 other?
23     A    I will not, no.
24     Q    You understand in the Yahoo system and
25 in the Google system, after you type a search query,

1  you get a whole possible selection of results that
2  the user has to go on and select to actually get to
3  an end page, correct?
4      A    Yeah, you get a web page back with a
5  bunch of links to other things.
6      Q    That the user then can click on and
7  select to sort of get to the end page, right?
8      A    Right.
9      Q    Is that interaction, does that take it
10 out of the context of a non-interactive message?
11          MR. RAFILSON: Objection, form.
12          THE WITNESS: It depends on whether the
13      claim is trying -- saying the response is the
14      ultimate end page or whether it is the search
15      results is what is meant by the response, you
16      know, that the system as this tends to receive
17      something and then sends something back. The
18      response, the response is the search results,
19      you know. You can clearly argue that that set
20      of search results is the response.
21 BY MR. WHITE:
22     Q    Do you know whether or not that's
23 predetermined as the claim requires, Claim 26?
24          MR. RAFILSON: Objection, form.
25          THE WITNESS: No, I don't.

1  BY MR. WHITE:
2     Q    And just one last question on this
3  line, can you give us the sort of parameters as to
4  what a non-interactive message is based upon
5  everything that we've talked about? Sort of give us
6  those parameters, a non-interactive message has
7  these attributes, these qualities, this is what it
8  means?
9              MR. RAFILSON: Objection, form.
10             THE WITNESS: No.
11             MR. WHITE: I need to stop, so I'm
12 going to have no further questions for you at
13 this point. I don't know if David has --
14             MR. PERLSON: I just have a couple.
15             MR. WHITE: Do you want to just go off
16 the record real quick and we'll switch.
17             VIDEO OPERATOR: We're going off the
18 record.
19             The time is 11:31 a.m.
20             (Brief recess.)
21             VIDEO OPERATOR: The time is 11:36 a.m.
22             We're going back on the record.
23 BY MR. PERLSON:
24    Q    Mr. Gregson, my name is David Perlson.
25 I'm attorney for Google and AOL in this case.

1  prosecution history for the '947 patent and go to
2  BR625, please.
3      A     Okay.
4      Q     And if you look to the middle of the
5  page, it refers to the term case base has a meaning
6  that is well-defined in the art and Outlook does not
7  have any features that fall within such meaning and
8  then it goes on to say a case-based reasoning system
9  is described in the present specification as one
10 which compares an incoming set of facts (a problem
11 with a stored set of exemplar cases) and -- now, you
12 would agree that that's the same language we just
13 read in the --
14     A     Yes.
15     Q     Let me finish.  In the '947 patent in
16 column 2, right?
17     A     Yes, there's more -- I mean I don't
18 want to be picky, but there's more in here on the
19 tri-gram character matching and whatever, but yes,
20 there's a problem and an exemplar is making the
21 comparison.
22     Q     Right, so during the prosecution in
23 trying to explain what case-based reasoning was, the
24 applicants pointed back to this provision in the
25 specification to provide a definition of what it

841a385d-f64f-4044-a02e-e36c22e16708

1  was, right?
2       A     Page --
3            MR. RAFILSON:  Objection to form.
4            THE WITNESS:  I mean there's a cite
5  here, which is to the one that's in here.  I'm
6  assuming it's the same -- page 3, line 19 to
7  20.
8  BY MR. PERLSON:
9       Q     Actually, why don't you look -- if you
10 look at BR551, which is in the same thing.
11      A     Okay.
12      Q     It's actually the application.
13      A     It is the same.  Okay, they're pointing
14 to that.
15      Q     Right.  And so you're --
16      A     In this amendment, they are pointing to
17 that definition, yeah.
18      Q     Right.  As a definition for case-based
19 reasoning.  Yes?
20      A     Yes.
21      Q     All right.  And then --
22            MR. PERLSON:  I have no further
23 questions.
24            VIDEO OPERATOR:  Are you going to ask
25 any?

CERTIFICATION

I, LISA FORLANO, a Certified Realtime Reporter, Certified Court Reporter and Notary Public, do hereby certify that I reported the deposition in the above-captioned matter, that the said witness was duly sworn by me; that the foregoing is a true and correct transcript of the stenographic notes of testimony taken by me in the above-captioned matters.

I further certify that I am not an attorney or counsel for any of the parties, not a relative or employee of any attorney or counsel connected with the action, nor financially interested in the action.

LISA FORLANO, CCR, CRR, RMR

DATED: July 22, 2009