IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **BRIGHT RESPONSE, LLC,** | § | Civil Action No. 2:07-cv-371-CE |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **GOOGLE INC., et al.,** | § | |
| | § | |
| Defendants. | § | |
| | § | |

**BRIGHT RESPONSE, LLC'S OPPOSITION TO YAHOO! INC.'S MOTION FOR
SUMMARY JUDGMENT RE WRITTEN DESCRIPTION
AND
BRIGHT RESPONSE, LLC'S CROSS-MOTION FOR SUMMARY JUDGMENT THAT
THE RICE PATENT IS NOT INVALID FOR LACK OF WRITTEN DESCRIPTION**

## TABLE OF CONENTS

I. INTRODUCTION .................................................................................................................. 4

LEGAL STANDARD FOR WRITTEN DESCRIPTION ........................................................... 5

STATEMENT OF ISSUES TO BE DECIDED BY THE COURT. ............................................. 5

RESPONSE TO YAHOO'S STATEMENT OF UNDISPUTED FACTS. ................................... 6

THE RICE PATENT IS NOT INVALID FOR LACK OF WRITTEN DESCRIPTION. ............. 8

The Asserted Claims Have Ample Written Description Support for the "Non-Interactive Electronic Message" Limitation. ................................................................................................ 9

Yahoo's Argument Is Inconsistent With Defendants Failed Claim Construction Argument. ....... 13

Yahoo Has Failed to Provide Evidence, Let Alone Clear and Convincing Evidence, To Support Its Motion. ................................................................................................................................ 13

Bright Response Is Entitled to Summary Judgment That the Rice Patent Is Not Invalid for Lack of Written Description. ............................................................................................................. 14

CONCLUSION. ...................................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Cases**

*Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352 (Fed. Cir. 2003). ........................5

*Lampi Corp. v. Am. Power Prods.*, 228 F.3d 1365 (Fed. Cir. 2000).............................5

*Lizardtech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336 (Fed. Cir. 2005)..................12

**Statutes**

35 U.S.C. § 112, ¶ 1................................................................................................5

## I. INTRODUCTION

Plaintiff Bright Response, LLC ("Bright Response") opposes Yahoo! Inc.'s Motion for Summary Judgment re Written Description (Dkt. 387) and hereby cross-moves for summary judgment that United States Patent No. 6,411,947 to Amy Rice et al ("the Rice patent") is not invalid for lack of written description regarding the "non-interactive electronic message" limitation. See also, e.g., Bright Response, LLC's Motion For Summary Judgment On Defendant Yahoo! Inc.'s Affirmative Defenses And Counterclaims, pp. 6-7 (Dkt. #390); Bright Response, LLC's Motion For Summary Judgment On Defendant Google Inc.'s Affirmative Defenses And Counterclaims, pp. 6-7 (Dkt. #391); Bright Response, LLC's Motion For Summary Judgment On Defendant AOL Inc.'s Affirmative Defenses And Counterclaims, pp. 6-7 (Dkt. #389).

Yahoo argues that claim 26 and all of the asserted claims 28, 30, 31, 33, and 38 are invalid for lack of written description because the specification expressly discloses a "non-interactive electronic message" in the form of email messages only, and the claim language is broader. Yahoo's argument is incorrect:

- As a factual matter, the Rice patent and provisional applications expressly disclose that the scope is not limited to email, and disclose non-email applications including internet communications and "promotional content" and "product sales."

- As a matter of law, it is not whether the specification expressly discloses embodiments other than email. Rather, the question is whether the disclosures of the Rice patent provisional and patent applications convey to those of ordinary skill in the art that as of the filing date the inventor had possession of the claimed subject matter. One of ordinary skill in the art at the time of the application would have recognized that the inventors of the Rice patent invented what is claimed - a system that, among other things, receives, interprets, and responds to non-interactive electronic messages not limited to email.

Another independent basis for denying Yahoo's Motion is Yahoo's failure to disclose this argument in its invalidity contentions. See Bright Response, LLC's Motion to Strike Portions of Defendants' Invalidity Expert Report (Dkt. #415). In addition, Yahoo has failed to provide any affirmative evidence to support its motion – it argues erroneously that the specification has no disclosure of electronic messages other than email and has provided no expert testimony. Given the absence of supporting evidence for Yahoo's argument, and because Yahoo bears the burden of proving invalidity by clear and convincing evidence, Bright Response is entitled to summary judgment that the Rice patent is not invalid for lack of written description.

## LEGAL STANDARD FOR WRITTEN DESCRIPTION

Paragraph 1 of section 112 of the Patent Act provides that the "specification shall contain a written description of the invention." 35 U.S.C. § 112, ¶ 1. In order to satisfy the written description requirement, the disclosure of the application relied upon must reasonably convey to the artisan that the inventor had possession at that time of the later claimed subject matter. The disclosure as originally filed need not provide in haec verba support for the claimed subject matter at issue. *Lampi Corp. v. Am. Power Prods.*, 228 F.3d 1365, 1378 (Fed. Cir. 2000).

Proof of invalidity because of lack of written description requires clear and convincing evidence, in light of the presumption of validity. *Cordis Corp. v. Medtronic AVE, Inc.*, 339 F.3d 1352, 1364 (Fed. Cir. 2003). "Whether the written description requirement has been satisfied is a question of fact," *id.*, and "must be assessed on a case-by-case basis." *Lampi Corp.*, 228 F.3d at 1378.

## STATEMENT OF ISSUES TO BE DECIDED BY THE COURT.

Yahoo mischaracterizes the issues raised by its motion for summary judgment. A proper statement of the issues to be decided is:

A. Whether Yahoo has established that there are no genuine issues of material fact as to whether the disclosure of the application for the Rice patent reasonably conveys to those of

ordinary skill in the art that the inventor had possession of the claimed subject matter as of the filing date.

      B.      Whether Yahoo has established by clear and convincing evidence that the asserted claims of the Rice patent are invalid for failure to satisfy the written description requirement of 35 U.S.C. §112, ¶ 1 because the disclosure of the application does not reasonably convey to those of ordinary skill in the art that the inventor had possession of the claimed subject matter as of the filing date.

## RESPONSE TO YAHOO'S STATEMENT OF UNDISPUTED FACTS.

Bright Response disputes that Yahoo's statement of "undisputed" facts are material to the analysis of whether the asserted claims are invalid for lack of written description. Undisputed material facts include:

1.      The Rice patent provisional application no. 60/042,494 ("the '494 application") discloses a system that addresses businesses seeking to "expand access to their products and services through the Internet and other online channels" and "to provide electronic banking services using phone and personal computer technology" and the related problems of responding quickly and cost-effectively to a high volume of customer queries. Weiss Decl.,[1] Ex. J (BR000083). The application further disclosed consideration of an enhancement to "add business knowledge for other business areas who choose to take advantage of World Wide Web communication with customers." *Id.* (BR000092).

2.      The '494 application further disclosed four references involving generally "routing of electronic forms" and "online delivery and the information superhighway." *Id.* (BR000093). The application described the invention as including the following: "receiving a fixed data file";

---

[1] See Declaration Of Andrew D. Weiss In Support Of Bright Response, LLC's Responses To Defendants' Motions For Summary Judgment Of Invalidity (D.I. 387 And 392) ("Weiss Decl."), filed concurrently.

"interpreting the meaning of the data file using case based and rule based reasoning"; "categorizing the data file as being able to be responded to automatically or requiring a human response"; and "receiving E-mail and formulating an E-mail response be drafted." *Id.* (BR000094). The application also described the invention as including: "receiving a fixed data file"; "interpreting the meaning of the data file using case based and rule based reasoning"; and "formulating an automatic response to the data file consistent with its meaning." *Id.* (BR000094).

3. The Rice patent provisional application no. 60/042,656 ("the '656 application") discloses a system, including source code classes that could be applied to a range of electronic messages. See, e.g., Weiss Decl., Ex. K (BR000036, 39-40). The application also described a categories and responses including sales and promotional materials. *Id.* (BR000041-42).

4. The Rice patent specification disclose that:

> Many businesses have recently sought to expand access to their products and services by using the Internet and other on-line information channels to reach current and potential customers. Indeed, marketing campaigns which solicit customers over on-line information channels using electronic messages are becoming increasingly popular. These marketing campaigns have become very successful and often customers also contact a business concern using electronic messages (for example, E-mail) to request, among other things, product information, account status, and access to products and services.

1:26-36.[2] The Rice patent addresses the problems experienced by businesses "in adapting their business practices to respond to large volumes of incoming electronic messages transmitted over a variety of communications channels (e.g., the Internet, telecommunications channels, and the like)." 1:37-41.

5. The Rice patent expressly discloses a system to manage and respond to electronic messages. "It is preferred that the electronic messages 11 are E-mail messages and are so

---

[2] Citations in the X:Y format are used consistent with the Motion and are references to the column and line numbers of the Rice patent, attached as Exhibit A to the White Declaration.

referred to herein, it being understood, however, that other types of electronic messages 11 are contemplated as being within the scope of the invention." 4:10-13.  The Rice patent also expressly describes electronic messages including email and a variety of digital formats: "The electronic message 11 is preferably an E--mail message in ASCII text data format, it being understood that the invention is not so limited. Indeed, the electronic message 11 may take on a variety of data formats including digital formats, voice data, dual tone multi-frequency (DTMF) tones, or the like." 11:28-34.

      6.    The Rice patent also describes addressing issues relating to potential fraud and customer inquiries relating to "promotional content" and "product sales." 10:1-5, 10:10-13.

      7.    The disclosures of the Rice patent provisional and patent applications conveys to those of ordinary skill in the art that as of the filing date the inventor had possession of the claimed subject matter that includes application of the invention to responding to non-interactive electronic messages of various digital formats, including but not limited to email, HTTP requests, and other forms of internet communications, with ads, promotional content, and sales materials.  One of ordinary skill in the art at the time of the application would have recognized that the inventors of the Rice patent invented what is claimed - a system that, among other things, receives, interprets, and responds to a non-interactive electronic message not limited to email.  Declaration of Dr. V. Thomas Rhyne ("Dr. Rhyne Decl."), ¶ 41 (filed concurrently).

      8.    Yahoo failed to introduce *any* admissible evidence in support of its motion for summary judgment of invalidity for lack of written description.

## THE RICE PATENT IS NOT INVALID FOR LACK OF WRITTEN DESCRIPTION.

Yahoo argues that claim 26 and the asserted claims 28, 30, 31, 33, and 38 are invalid for lack of written description because the specification expressly discloses a "non-interactive electronic message" in the form of email messages only, and the claim language is broader. Motion at 3-9.  Yahoo's argument is incorrect both factually and legally.  As a factual matter, the

Rice patent and provisional applications expressly disclose that it is not limited to email, and discloses applications including internet communications and "promotional content" and "product sales." Regarding the legal requirement, it is not whether the specification expressly discloses embodiments other than email. Rather, the question is whether the disclosures of the Rice patent provisional and patent applications convey to those of ordinary skill in the art that as of the filing date the inventor had possession of the claimed subject matter. *Lampi Corp. v. Am. Power Prods.*, 228 F.3d 1365, 1378 (Fed. Cir. 2000). One of ordinary skill in the art at the time of the application would have recognized that the inventors of the Rice patent invented what is claimed - a system that, among other things, receives, interprets, and responds to non-interactive electronic messages not limited to email.

Yahoo fails to present any evidence in support of its argument and instead relies on erroneous arguments about the content of the specifications of the Rice patent and provisional patents. In addition, Yahoo is essentially rearguing the Defendants' flawed claim construction position, which the Court properly rejected. Given the absence of supporting evidence presented by Yahoo, Bright Response is entitled to summary judgment that the Rice patent is not invalid for lack of written description.

**The Asserted Claims Have Ample Written Description Support for the "Non-Interactive Electronic Message" Limitation.**

There is ample support that the asserted claims of the Rice patent are not invalid regarding the written description of the "non-interactive electronic message" limitation. The support includes the disclosure of the Rice patent, the provisional applications and the expert opinion of Dr. V. Thomas Rhyne.

For example, the '494 application discloses a system that addresses businesses seeking to "expand access to their products and services through the Internet and other online channels" and "to provide electronic banking services using phone and personal computer technology" and the

related problems of responding quickly and cost-effectively to a high volume of customer queries. BR000083. The application further disclosed consideration of an enhancement to "add business knowledge for other business areas who choose to take advantage of World Wide Web communication with customers." BR000092. One of ordinary skill in the art at the time would have understood these references to include the various known forms of internet communications, including email, HTTP, and HTML. Dr. Rhyne Decl., ¶ 35.[3]

The '494 application further disclosed four references involving generally "routing of electronic forms" and "online delivery and the information superhighway." BR000093. The application described the invention as including the following: "receiving a fixed data file"; "interpreting the meaning of the data file using case based and rule based reasoning"; "categorizing the data file as being able to be responded to automatically or requiring a human response"; and "receiving E-mail and formulating an E-mail response be drafted." BR000094. The application also described the invention as including: "receiving a fixed data file"; "interpreting the meaning of the data file using case based and rule based reasoning"; and "formulating an automatic response to the data file consistent with its meaning." BR000094. The language of a "fixed data file" has a similar scope and meaning to "non-interactive electronic message" in the context of the provisional, and these disclosures further support that the inventors of the Rice patent possessed the claimed subject matter. Dr. Rhyne Decl., ¶ 36.

As another example, the the '656 application discloses a system, including source code classes, that could be applied to a variety of non-interactive electronic messages. *See, e.g.*, BR000036, 39-40. The application also described categories and responses as including sales and promotional materials. BR000041-42. One of ordinary skill in the art at the time would have understood these disclosures to include a variety of non-interactive electronic messages and responsive materials including sales and promotional materials like ads. Dr. Rhyne Decl., ¶ 37.

---

[3] References to the Dr. Rhyne Decl. refer to the Declaration of Dr. V. Thomas Rhyne In Support of Bright Response, LLC's Responses To Defendants' Motions for Summary Judgment Of Invalidity (D.I. 387 And 392), filed concurrently.

Like the provisional applications, the Rice patent similarly does not limit a non-interactive electronic message to only email. The Rice patent specification discloses that:

> Many businesses have recently sought to expand access to their products and services by using the Internet and other on-line information channels to reach current and potential customers. Indeed, marketing campaigns which solicit customers over on-line information channels using electronic messages are becoming increasingly popular. These marketing campaigns have become very successful and often customers also contact a business concern using electronic messages (for example, E-mail) to request, among other things, product information, account status, and access to products and services.

1:26-36. The Rice patent addresses the problems experienced by businesses "in adapting their business practices to respond to large volumes of incoming electronic messages transmitted over a variety of communications channels (e.g., the Internet, telecommunications channels, and the like)." 1:37-41. One of ordinary skill in the art at the time of the application to disclose non-interactive electronic messages in the form of on-line information and internet communications like email, HTTP requests, and HTML messages. Dr. Rhyne Decl., ¶ 38.

The Rice patent expressly discloses a system to manage and respond to electronic messages. "It is preferred that the electronic messages 11 are E-mail messages and are so referred to herein, it being understood, however, that other types of electronic messages 11 are contemplated as being within the scope of the invention." 4:10-13. The Rice patent also expressly describes electronic messages including email and a variety of digital formats: "The electronic message 11 is preferably an E--mail message in ASCII text data format, it being understood that the invention is not so limited. Indeed, the electronic message 11 may take on a variety of data formats including digital formats, voice data, dual tone multi-frequency (DTMF) tones, or the like." 11:28-34. This disclosure expressly indicates that the Rice patent is not limited to email. One of ordinary skill in the art would have understood this disclosure, in the context of the related disclosures, to include non-interactive electronic messages including email and data/digital formats like HTTP requests and HTML messages. Dr. Rhyne Decl., ¶ 39.

The Rice patent also describes addressing issues relating to potential fraud and customer inquiries relating to "promotional content" and "product sales."  10:1-5, 10:10-13.

The disclosures of the Rice patent provisional and patent applications convey to those of ordinary skill in the art that, as of the filing date, the inventor had possession of the claimed subject matter, including the application of the invention to responding to non-interactive electronic messages of various digital formats, including but not limited to email, HTTP requests, and other forms of internet communications, with ads, promotional content, and sales materials.  One of ordinary skill in the art at the time of the application would have recognized that the inventors of the Rice patent invented what is claimed - a system that, among other things, receives, interprets, and responds to a non-interactive electronic message not limited to email.  Dr. Rhyne Decl., ¶ 41.

Yahoo's reliance on *Lizardtech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336 (Fed. Cir. 2005), is misplaced because *Lizardtech* addressed a situation that was different in at least four key ways.  First, in *Lizardtech*, the challenged claims were broad enough to cover processes that were not disclosed in the specification.  424 F.3d at 1344-45.  Here, the Rice patent discloses a process that applies equally to any type of non-interactive electronic message. Whatever the particular digital form of the message, the message is received from a source, interpreted with a rule base and case base knowledge engine by comparing text and attributes of a case model generated from the electronic message with stored cases models of a case base, and retrieving a predetermined response corresponding to the interpretation of the electronic message for automatic deliver to the source.  Second, the determination of whether there is adequate written description "is a factual one and must be assessed on a case-by-case basis." *Lampi Corp.*, 228 F.3d at 1378.  The technology, state of the art, and timeframe for the patent in *Lizardtech* are different than here with the Rice patent.  *See Lizardtech*, 424 F.3d at 1337-39. Third, the patent in *Lizardtech* disclosed only one specific embodiment and lacked support for any other embodiments of the genus claim.  *Id.* at 1344.  Here, the Rice patent and provisional applications expressly indicate that the scope is not limited to the preferred embodiment of email

and includes other digital formats relating to World Wide Web and internet communications – the same types of formats used by Defendants in this case.  Fourth, the patent in *Lizardtech* was also found to be invalid for lack of enablement, an argument not raised by Yahoo in this case. *Id*. at 1345.  It is clear that *Lizardtech* addressed a very different situation to the case here.

**Yahoo's Argument Is Inconsistent With Defendants Failed Claim Construction Argument.**

Yahoo previously argued in claim construction that the term "non-interactive electronic message" is insolubly ambiguous because "neither the claim nor specification provides any guidance as to which of the many possible interpretations of this term is correct."  Claim Construction Order (Dkt. #369) at 8.  This Court rejected Yahoo's argument and construed the claim term appropriately.  Yahoo has now changed its tune and argues that the specification only discloses email as the claimed "non-interactive electronic message."  Yahoo's changing positions on the meaning of "non-interactive electronic message" and its support in the specification suggest arguments made solely as litigation tactics, without underlying substance.

**Yahoo Has Failed to Provide Evidence, Let Alone Clear and Convincing Evidence, To Support Its Motion.**

Yahoo's motion is entirely attorney argument.  Other than admitting that email is described in the specification as "one type of electronic message" (Motion at 5), Yahoo ignores the references to the Rice patent and provisional applications discussed above.  Yahoo notes that the specification refers to the preferred embodiment of email over 100 time, but this is a red herring – a substantial disclosure of a preferred embodiment provides no indication of whether other embodiments are also disclosed.  Yahoo also makes the non-sequitur of describing the messages in Figure 1 as "physical pieces of mail."  This appears to be a mistake – the messages are electronic and the images are better understood to be screen shots of electronic messages.  Even if Yahoo's description is correct, it provides no support for Yahoo's argument.  Yahoo

provides no expert testimony regarding how one or ordinary skill would understand the disclosure of the Rice patent and provisional applications. Instead, Yahoo's argument relies on a purported – and incorrect – absence of support in these materials. Yahoo's failure of proof requires that its motion be denied.

**Bright Response Is Entitled to Summary Judgment That the Rice Patent Is Not Invalid for Lack of Written Description.**

Given Yahoo's complete absence of evidence, Bright Response cross-moves for summary judgment that the Rice patent is not invalid for lack of written description for all the reasons discussed above. The Rice patent and provisional applications, as understood by one of ordinary skill in the art, provide express support that the non-interactive electronic message is not limited to email and can include internet communications and other digital formats. In addition, Dr. Rhyne has provided unrebutted expert testimony that one of ordinary skill in the art would understand the Rice patent and provisional applications in this manner. Since there are no material facts disputed by Yahoo with evidence, summary judgment in favor of Bright Response that the Rice patent is no invalid for lack of written description.

**CONCLUSION.**

Because ample evidence, including the express references in the patent and application and undisputed expert testimony, supports the adequacy of the Rice patent's written description, because Yahoo did not provide anything but attorney argument to support its motion, and because even if Yahoo had provided evidence to support its motion, at best there would be genuine issues of material fact, the Court must deny Yahoo's motion for summary judgment regarding written description. Furthermore, Bright Response has provided unrebutted evidence that the Rice patent has an adequate written description, and because Yahoo has failed to provide

any evidence of its own, the Court should grant Bright Response's cross-motion for summary judgment that the Rice is not invalid for lack of written description.

Dated:   July 15, 2010                             Respectfully submitted,

By: /s/   Marc A. Fenster
Marc A. Fenster, CA SB # 181067
E-mail: mfenster@raklaw.com
Alexander C.D. Giza, CA SB # 212327
Email: agiza@raklaw.com
Stanley H. Thompson, Jr., CA SB #198825
Email: sthompson@raklaw.com
Adam S. Hoffman, CA SB # 218740
Email: ahoffman@raklaw.com
Andrew Weiss, CA SB # 232974
Email: aweiss@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:    310/826-7474
Facsimile:     310/826-6991

Andrew W. Spangler, TX SB # 24041960
Email:    spangler@spanglerlawpc.com
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone:    903/753-9300
Facsimile:     903/553-0403

David M. Pridham, R.I. SB # 6625
Email: david@pridhamiplaw.com
LAW OFFICE OF DAVID PRIDHAM
25 Linden Road
Barrington, Rhode Island 02806
Telephone:    401/633-7247
Facsimile:     401/633-7247

Patrick R. Anderson, MI SB #P68961
Email: patrick@prapllc.com
PATRICK R. ANDERSON PLLC
4225 Miller Rd., Bldg. B-9, Suite 358
Flint, Michigan 48507
Telephone:    517/303-4806

Facsimile: 248/928-9239

Alan Brooks, TX SB # 24064952
Email: alan@alanbrookspllc.com
ALAN BROOKS LAW FIRM, PLLC
1317 California Pkwy, South
Fort Worth, Texas 76134
Telephone: 682/521-0692

Elizabeth A. Wiley, TX SB # 00788666
Email: lizwiley@wileyfirmpc.com
THE WILEY LAW FIRM
P.O. Box. 303280
Austin, Texas 78703-3280
Telephone: 512/560-3480
Facsimile: 512/551-0028

John C. Hueston, CA SB # 164921
Email: jhueston@irell.com
IRELL & MANELLA, LLP
840 Newport Center Drive, Suite 400
Newport Beach, California 92660
Telepone: 949/760-0991
Facsimile: 949/760-5200

Adam S. Goldberg, CA SB # 250172
Email: agoldberg@irell.com
IRELL & MANELLA, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: 310/203-7535
Facsimile: 310/203-7199

**Attorneys for Plaintiff
BRIGHT RESPONSE, LLC**

**CERTIFICATE OF SERVICE**

  I certify that on this date, July 15, 2010, I am serving counsel for Defendants, with a copy of this document and the attached exhibits pursuant to Fed. R. Civ. P. 5 by electronic mail.

             \s\ *Marc A. Fenster*
             Marc A. Fenster