**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| BRIGHT RESPONSE, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-371-CE |
| | § | |
| GOOGLE, INC., ET AL. | § | |

**ORDER**

**I.     Introduction**

Pending before the court are the defendant Yahoo! Inc.'s ("Yahoo") motion for summary judgment of invalidity for failure to satisfy the written description requirement (Dkt. No. 387) and the plaintiff Bright Response, LLC's ("Bright Response") cross-motion for summary judgment that the written description requirement is satisfied (Dkt. No. 420). Because there are genuine issues of material fact regarding compliance with the written description requirement, the court DENIES both motions for summary judgment.

**II.    Legal Standards**

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990). When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

To satisfy the written description requirement of 35 U.S.C. § 112, ¶ 1, the specification must "clearly allow persons of ordinary skill in the art to recognize that the inventor invented what is claimed." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) (quoting *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991)). Thus, the specification must reasonably convey to those skilled in the art that the inventor possessed, at the time of filing, the subject matter that he or she has claimed. *Id.* "[T]he level of detail required to satisfy the written description requirement varies depending on the nature and scope of the claims and on the complexity and predictability of the relevant technology." *Id.* Whether a specification complies with the written description requirement is a question of fact. *Id.* at 1351, 1355.

Disclosure of a single species may provide sufficient written description to support a later claim for a broad genus that includes the described species. *Bilstad v. Wakalopulos*, 386 F.3d 1116, 1124 (Fed. Cir. 2004); *Lampi Corp. v. Am. Power Prods., Inc.*, 228 F.3d 1365, 1377-78 (Fed. Cir. 2000). "If the difference between members of the group is such that the person skilled in the art would not readily discern that other members of the genus would perform similarly to the disclosed members, i.e., if the art is unpredictable, then disclosure of more species is necessary to adequately show possession of the entire genus." *Bilstad*, 386 F.3d at 1125. Whether the disclosure of a species is sufficient often depends upon the level of unpredictability in the particular field of art. *Id.*

## III.   Analysis

Yahoo argues that U.S. Patent No. 6,411,947 ("'947 patent") lacks an adequate description for the term "non-interactive electronic message," and thus all of the asserted claims are invalid pursuant to 35 U.S.C. §112, ¶ 1. In response, Bright Response seeks summary judgment that the

Case 2:07-cv-00371-RSP   Document 481   Filed 07/26/10   Page 3 of 4 PageID #: 16254

'947 patent's specification provides a sufficient written description for "non-interactive electronic message."

The court construed "non-interactive electronic message" to mean "an electronic message in which the sender does not provide any additional information after the message has been received." (Dkt. No. 369, at 9). According to Yahoo, e-mail is the only type of electronic message discussed in any detail in the specification. As such, Yahoo contends that the specification fails to describe the entire genus of electronic messages, including Internet search queries. On the other hand, Bright Response argues that the '947 patent and the '947 patent's provisional application, which is incorporated by reference, have sufficient disclosures of non-email-based electronic messages. The '947 patent's specification states that "the electronic message 11 may take on a variety of data formats including digital formats, voice data, dual tone multi-frequency (DTMF) tones, or the like." ('947 patent, 11:31-34). The provisional application also refers to World Wide Web communication. (Dkt. No. 421, Ex. J at 29). Bright Response also contends that Yahoo has failed to offer any admissible evidence that an ordinary skilled artisan would not recognize that the inventors possessed the claimed invention at the time of filing.

Both parties have raised genuine issues of material fact regarding compliance with the written description requirement. Based upon the disclosure of voice and Web-based messages, a fact finder may or may not find that an ordinary skilled artisan would determine that the inventors possessed the entire electronic message genus, including Internet search queries, at the time of filing. As such, the court denies both Yahoo's and Bright Response's motions for summary judgment regarding written description.

SIGNED this 22nd day of July, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE