UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRIGHT RESPONSE, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-371-CE |
| | § | |
| GOOGLE, INC., ET AL. | § | |

**ORDER**

**I.     Introduction**

Pending before the court is the defendants Google, Inc.'s ("Google") and AOL, LLC's ("AOL") motion for summary judgment of noninfringement (Dkt. No. 388).  Google and AOL contend that their accused advertising systems do not infringe the asserted patent.  For the reasons presented below, the defendants' motion is GRANTED in part and DENIED in part.

**II.    Factual and Procedural Background**

On August 27, 2007, the plaintiff Bright Response, LLC ("Bright Response") filed suit against several defendants, including Google and AOL, for patent infringement.  Bright Response alleges that Google and AOL infringe U.S. Patent No. 6,411,947 ("the '947 patent"), which is entitled "Automatic Message Interpretation and Routing System."  On June 18, 2010, the court issued its *Markman* opinion, which construes the asserted claims (Dkt. No. 369).

In the instant motion, Google and AOL argue that their accused systems do not infringe Bright Response's asserted claims.[1]  The defendants contend that summary judgment of non-infringement is proper because (1) several Google systems are no longer accused of infringement;

---

[1]     Bright Response accuses AOL's Search Marketplace, "which is admittedly 'a rebranded version of Google AdWords.'"  Thus, the remainder of this order will refer only to Google and its services, including AdWords.

(2) Google does not employ a case base knowledge engine; and (3) Google does not infringe under the doctrine of equivalents.

## III.     Legal Standards

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990). When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

An infringement analysis requires comparison of the construed patent claims to the accused devices. *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1577 (Fed. Cir. 1993). This determination of infringement is a question of fact. *Wright Med. Tech., Inc. v. Osteonics Corp.*, 122 F.3d 1440, 1443 (Fed. Cir. 1997). In the absence of a genuine dispute regarding the structure or function of the accused product, the question of infringement may collapse into one of claim construction and thus is well suited for summary judgment. *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1381 (Fed. Cir. 1999); *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1461-62 (Fed. Cir. 1998). Literal infringement requires the accused device to contain each claim limitation exactly. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001); *Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998). As a matter of law,

the absence of a single claim limitation from the accused product precludes literal infringement. *Wolverine World Wide Inc. v. Nike, Inc.*, 38 F.3d 1192, 1196 (Fed. Cir. 1994). A dependent claim cannot be infringed unless the claim from which it depends is infringed. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

### IV. Discussion

#### A. Google's Systems no Longer Accused of Infringement

Google argues that it is entitled to summary judgment on its systems no longer accused of infringement. In its motion for summary judgment of noninfringement, Google asserted that its Google Search, AdSense for Content, Gmail, Phil, Rephil, nGrams, and Circadia systems do not infringe the '947 patent. Bright Response did not respond to these noninfringement arguments. Thus, the court grants summary judgment that Google Search, AdSense for Content, Gmail, Phil, Rephil, nGrams, and Circadia do not infringe the plaintiff's asserted claims. As such, AdWords is the only remaining Google system accused of infringement.

#### B. Google's Use of a Case Base Knowledge Engine

Google next contends that it does not infringe the asserted claims of the '947 patent because AdWords does not employ a "case base knowledge engine." Claim 26 requires "interpreting the electronic message using a rule base and *case base knowledge engine*." The court's *Markman* opinion construed "case base knowledge engine" to mean "a knowledge engine that processes electronic messages by comparing them to a stored set of exemplar cases." (Dkt. No. 369, at 11). According to Google, AdWords does not meet the case base knowledge engine limitation because (1) AdWords does not compare incoming queries to problems; (2) Smart Ad Selection System

(SASS) does not compare incoming queries to stored queries or responses; (3) advertisements are not exemplar cases; and (4) groupings of ads and keywords are not exemplar cases.

### 1. *Comparison of Queries to Problems*

Google first asserts that it does not meet this claim limitation because neither AdWords nor its components compares incoming queries to stored problems. Google argues that Bright Response allegedly characterized exemplar cases as "stored problems" during the claim construction hearing. Read in context, however, the plaintiff actually distinguished the defendants' proposed construction because it was limited to past problems: "[The Court:] [T]he constructions . . . proposed by the defendants would at least imply that you had to learn from past problems and yours would not require that . . . [Mr. Fenster:] "[T]heir construction would limit the set of stored problems to be only past problems, as opposed to seed problems." (Dkt. No. 313, 12:14-23). The court does not conclude that the plaintiff's statement limits "exemplar cases" to "stored problems."

### 2. *SASS Does not Compare Incoming Queries to Stored Queries and Responses*

Second, Google argues that SASS, one of AdWords's components, is not a case base knowledge engine because it does not compare incoming queries to stored queries and responses. Google explains that SASS derives statistical data from prior queries, impressions, and clicks. This statistical data is generated offline, before a user's query is received. When an incoming query is received, Google retrieves the statistical data retrieved from SASS and applies it to the query. Because SASS only compares incoming queries to statistical data, not to stored queries and responses, Google contends that this component is not a case base knowledge engine.

In response, the plaintiff argues that "[w]hile the offline, machine learning process is not specifically identified as meeting the claim limitations, its existence and operation serves to ensure

that comparisons between current and prior query-ad pairs provide relevant information to the selection of particular ads." (Dkt. No. 418, at 11). As such, Bright Response admits that SASS does not literally infringe the "case base knowledge engine" limitation. The plaintiff may argue, however, that this limitation is met under the doctrine of equivalents.

*3. Advertisements are not Exemplar Cases*

Third, Google argues that advertisements are not exemplar cases, and thus a system that compares an incoming query to advertisements is not a case base knowledge engine. According to Google, Bright Response's new infringement theory states that eligible advertisements are exemplar cases. In its response brief, Bright Response explains that "portions of the Google system compare features of the search query with corresponding features of the eligible advertisements and, therefore, meet the case base knowledge engine limitation." (Dkt. No. 418, at 5). As a general proposition, the court is inclined to agree with Google that an advertisement is not a case. From the parties' briefing, however, it is unclear whether Bright Response contends that advertisements are cases, and if so, in what context. Therefore, the court carries the motion for summary judgment that advertisements are not exemplar cases and will rule upon this issue once evidence is presented at trial.

*4. Groupings of Ads and Keywords are not Exemplar Cases*

Finally, Google asserts that groupings of advertisements and keywords are not exemplar cases. Bright Response alleges that AdMixer, another component of AdSense, compares incoming queries with keywords and terms of advertisements. According to Bright Response, keywords are exemplar cases "because they are chosen as examples of what incoming queries might look like, and informed by experience with past queries." (Dkt. No. 418, at 13). Google disputes that keywords

are examples of queries and asserts that AdMixer's matching of queries to ads does not render it a case base knowledge engine. But a reasonable fact finder could determine that a keyword is an exemplar case–an anticipated query. As there is a genuine issue of material fact, the court denies summary judgment that groupings of advertisements and keywords are not exemplar cases.

In its reply brief, Google also argues that, even if the keywords theory presents a genuine issue of material fact, Google is still entitled to summary judgment for claims 30, 31, and 33. According to Google, SASS, not Ad Mixer, is the only basis for Bright Response's allegations that Google infringes claims 30, 31, and 33. From the parties' briefing, it is unclear if SASS is the only system accused of infringing these claims, and if so, that Google is thus entitled to summary judgment. As such, the court carries the motion for summary judgment.

### C. Doctrine of Equivalents

Google argues that its accused systems do not infringe under the doctrine of equivalents. Google asserts that Bright Response's doctrine of equivalents arguments (1) have been waived; (2) vitiate the case base knowledge engine limitation; and (3) are barred by prosecution history estoppel.

#### *1. Waiver*

According to Google, Bright Response has waived its doctrine of equivalents arguments. In its infringement contentions, Bright Response stated that "each element of each asserted claim . . . is also infringed under the doctrine of equivalents." Google argues that these "boilerplate statements" are insufficient and cites *PA Advisors, LLC v. Google, Inc.* and *Nike, Inc. v. Adidas America, Inc.* in support. These cases are distinguishable, however. *PA Advisors, LLC v. Google, Inc.* (Dkt. No. 458, Ex. 3) (striking contentions that were not covered by the court's leave to supplement); *Nike, Inc. v. Adidas America, Inc.*, 479 F. Supp. 2d 664, 669 (E.D. Tex. 2007) (holding

that the plaintiff abandoned its doctrine of equivalents argument in its amended infringement contentions). The court finds that Bright Response's statement is sufficient to put Google on notice, and thus the doctrine of equivalents arguments are not waived. *See Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1151 (N.D. Cal. 2008) (holding that infringement contentions stating "[e]ach element of each asserted claim is either literally present in each of the accused websites and product, and/or is present under the doctrine of equivalents" complied with Local Rule 3-1(d)).

### 2. *Vitiation of Case Base Knowledge Engine Limitation*

Google also contends that Bright Response's doctrine of equivalents arguments would vitiate the case base knowledge engine limitation. Under the "all elements rule," every claim limitation is material, and no claim limitation may be read completely out of a claim. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1016-17 (Fed. Cir. 2006) (citing *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997)). "Thus, under the particular facts of a case, . . . if a theory of equivalence would entirely vitiate a particular claim element, partial or complete judgment [of noninfringement] should be rendered by the court . . . ." *Warner-Jenkinson*, 520 U.S. at 39 n.8. The Federal Circuit has warned, however, that an expansive application of the all-elements rule would render the doctrine of equivalents superfluous. *Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.*, 149 F.3d 1309, 1317 (Fed. Cir. 1998).

Google recites claim vitiation case law, argues that Bright Response's doctrine of equivalents argument is "incoherent," and concludes "[t]o hold that systems that do not involve case based reasoning nonetheless constitute a case base knowledge engine would write the 'case base' limitation out of the patent." The court is not persuaded by this argument, and thus holds that the plaintiff's doctrine of equivalents argument does not violate the all elements rule.

### *3.     Prosecution History Estoppel*

Finally, Google asserts that Bright Response is limited by arguments made during prosecution to distinguish prior art. Thus, according to Google, the plaintiff is estopped from asserting that offline processing of historical data meets the case base knowledge engine limitation. "[E]ven if the claim limitation has not been amended, an argument-based estoppel may nevertheless arise based on statements made by the applicant during prosecution." *Abbott Labs. v. Dey, L.P.*, 287 F.3d 1097, 1103 (Fed. Cir. 2002).

The applicants argued to the PTO that Microsoft Outlook is not equivalent to a case base knowledge engine because:

> [T]he "use of folders to hold e-mail messages" as taught by Outlook is not equivalent to a case base knowledge engine. Outlook does not teach comparing a set of facts corresponding to an incoming message to each of a stored set of exemplar cases. Folders are used only to hold messages *after* they have been classified.

(Dkt. No. 388, at 32) (emphasis in original). This statement does not disclaim processing historical data before incoming messages have been received. Therefore, the court holds that prosecution history estoppel does not bar Bright Response's doctrine of equivalents theory. In all, the court denies Google's motion for summary judgment on the doctrine of equivalents.

## V.     Conclusion

Google's motion for summary judgment of noninfringement is GRANTED in part and DENIED in part. The court holds that the SASS component does not literally meet the case base knowledge engine limitation. Furthermore, the court holds that Google Search, AdSense for Content, Gmail, Phil, Rephil, nGrams, and Circadia do not infringe the '947 patent. The balance of the motion is either denied or carried with the case as more particularly set forth in this opinion.

SIGNED this 30th day of July, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE