UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BRIGHT RESPONSE, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:07-CV-371-CE |
| | § | |
| GOOGLE, INC., ET AL. | § | |

**ORDER**

**I.   Introduction**

Pending before the court is the defendant Yahoo! Inc.'s ("Yahoo") motion for summary judgment of noninfringement (Dkt. No. 394). Yahoo contends that its accused advertising systems do not infringe the asserted patent. For the reasons presented below, the defendant's motion is GRANTED in part and DENIED in part.

**II.   Factual and Procedural Background**

On August 27, 2007, the plaintiff Bright Response, LLC ("Bright Response") filed suit against several defendants, including Yahoo, for patent infringement. Bright Response alleges that Yahoo infringes U.S. Patent No. 6,411,947 ("the '947 patent"), which is entitled "Automatic Message Interpretation and Routing System." On June 18, 2010, the court issued its *Markman* opinion, which construes the asserted claims (Dkt. No. 369).

In the instant motion, Yahoo argues that its accused systems do not infringe Bright Response's asserted claims. The defendant contends that summary judgment of noninfringement is proper because (1) several Yahoo systems are no longer accused of infringement; (2) Yahoo does not employ any case base knowledge engines; and (3) Yahoo's products do not classify electronic messages.

### III.     Legal Standards

Summary judgment is proper if the pleadings and evidence show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-55 (1986). "Summary judgment is as appropriate in a patent case as it is in any other case." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990). When the summary judgment movants demonstrate the absence of a genuine dispute over any material fact, the burden shifts to the non-movant to show there is a genuine factual issue for trial. *Celotex*, 477 U.S. at 323-24. The court must draw all reasonable inferences in favor of the non-moving party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378 (Fed. Cir. 2007).

An infringement analysis requires comparison of the construed patent claims to the accused devices. *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1577 (Fed. Cir. 1993). This determination of infringement is a question of fact. *Wright Med. Tech., Inc. v. Osteonics Corp.*, 122 F.3d 1440, 1443 (Fed. Cir. 1997). In the absence of a genuine dispute regarding the structure or function of the accused product, the question of infringement may collapse into one of claim construction and thus is well suited for summary judgment. *Wang Labs., Inc. v. Am. Online, Inc.*, 197 F.3d 1377, 1381 (Fed. Cir. 1999); *Laitram Corp. v. Morehouse Indus., Inc.*, 143 F.3d 1456, 1461-62 (Fed. Cir. 1998). Literal infringement requires the accused device to contain each claim limitation exactly. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001); *Litton Sys., Inc. v. Honeywell, Inc.*, 140 F.3d 1449, 1454 (Fed. Cir. 1998). As a matter of law, the absence of a single claim limitation from the accused product precludes literal infringement. *Wolverine World Wide Inc. v. Nike, Inc.*, 38 F.3d 1192, 1196 (Fed. Cir. 1994). A dependent claim

cannot be infringed unless the claim from which it depends is infringed.  *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

**IV.     Discussion**

    **A.     Yahoo's Systems no Longer Accused of Infringement**

Yahoo argues that it is entitled to summary judgment on its systems no longer accused of infringement.  In its motion for summary judgment, Yahoo asserted that its Content Match, Yahoo! Search, Yahoo! Search Marketing, Yahoo! Partner Network, including Yahoo! Search Technology, Panama, Smart Ads, Keystone, Domain Match, Godzooky, Behavioral Targeting, Fusion, Dynamic Unit Display Engine (DUDE), Modular Dynamic Optimized Sets (MODS), Direct Traffic Center (DTC), Hubble, Distro, Prisma, and Vespa systems do not infringe the '947 patent.  Bright Response does not refute Yahoo's noninfringement argument regarding these systems.  Thus, the court grants summary judgment that Content Match, Yahoo! Search, Yahoo! Search Marketing, Yahoo! Partner Network, including Yahoo! Search Technology, Panama, Smart Ads, Keystone, Domain Match, Godzooky, Behavioral Targeting, Fusion, Dynamic Unit Display Engine (DUDE), Modular Dynamic Optimized Sets (MODS), Direct Traffic Center (DTC), Hubble, Distro, Prisma, and Vespa do not infringe the plaintiff's asserted claims.  As such, Sponsored Search is the only remaining Yahoo system accused of infringement.

    **B.     Yahoo's Use of a Case Base Knowledge Engine**

Yahoo next contends that it does not infringe the asserted claims of the '947 patent because Sponsored Search does not employ a "case base knowledge engine."  Claim 26 requires "interpreting the electronic message using a rule base and *case base knowledge engine*."  The court's *Markman*

3

opinion construed "case base knowledge engine" to mean "a knowledge engine that processes electronic messages by comparing them to a stored set of exemplar cases." (Dkt. No. 369, at 11).

Yahoo asserts that Sponsored Search never compares incoming queries (electronic messages) to exemplar cases. In response, the plaintiff contends that Sponsored Search compares queries with keywords and terms of advertisements. According to Bright Response, "keywords are part of the exemplar cases because they are chosen as examples of what incoming queries might look like, and informed by experience with past queries." (Dkt. No. 417, at 11). Yahoo refutes the plaintiff's assertion that keywords are exemplar cases but admits that Sponsored Search displays an advertisement "[w]hen a user types one of the advertiser's keywords into a Yahoo! search box." (Dkt. No. 394, at 11). Thus, keywords are terms that the advertiser predicts users will submit in a search query–an anticipated case.

A fact finder may reasonably conclude that Sponsored Search's comparison of queries to keywords literally infringes the case base knowledge engine limitation. Thus, the court denies summary judgment of noninfringement on the basis that Yahoo does not employ a case base knowledge engine.

### C.    Classification of Electronic Messages

Finally, Yahoo argues that its systems do not classify electronic messages and thus do not infringe. Claim 28 contains the limitation "classifying the electronic message as *at least one of* (i) being able to be responded to automatically; *and* (ii) requiring assistance from a human operator." According to Yahoo, Sponsored Search provides an automatic response to every query without requiring any classification. On the other hand, Bright Response contends that Yahoo does not always respond automatically with responsive ads; for some queries, no advertisements are returned.

The plaintiff thus argues that Sponsored Search satisfies the classifying limitation because the system decides whether or not to respond automatically with a responsive ad. Yahoo rejects Bright Response's interpretation and contends that Sponsored Search always provides an automatic response, regardless if the response includes an advertisement. Bright Response has raised a genuine issue of material fact, however, and the court denies summary judgment of noninfringement on the classification of electronic messages limitation.

## V.    Conclusion

Google's motion for summary judgment of noninfringement is GRANTED in part and DENIED in part. The court holds that Content Match, Yahoo! Search, Yahoo! Search Marketing, Yahoo! Partner Network, including Yahoo! Search Technology, Panama, Smart Ads, Keystone, Domain Match, Godzooky, Behavioral Targeting, Fusion, Dynamic Unit Display Engine (DUDE), Modular Dynamic Optimized Sets (MODS), Direct Traffic Center (DTC), Hubble, Distro, Prisma, and Vespa do not infringe the '947 patent. The balance of the motion is denied.

SIGNED this 30th day of July, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE