IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BRIGHT RESPONSE, LLC<br>F/K/A POLARIS IP, LLC<br><br>v.<br><br>GOOGLE INC., et al. | NO. 2:07CV-371-CE |

## **GOOGLE'S UNOPPOSED MOTION TO**
## **SEAL AND REDACT PORTIONS OF TRIAL TRANSCRIPTS**

Defendant Google, Inc. hereby moves for an order redacting certain portions from the publicly-available transcripts of the jury trial held between August 2 through 7, 2010. (Dkt. 636-650.) Google timely filed notice of its intent to request redaction on September 9, 2010. (Dkt. 657-661.) Google hereby submits the following Motion to Seal and Redact Portions of Trial Transcripts, identifying unsealed portions of the transcript that contain confidential information. Plaintiff does not oppose this Motion.

## I. THERE IS GOOD CAUSE TO SEAL PORTIONS OF THE RECORD TO PROTECT GOOGLE'S CONFIDENTIAL AND PROPRIETARY BUSINESS INFORMATION.

At a hearing during the trial, Defendants requested that the courtroom be closed to the public for certain portions of trial testimony and argument relating to highly confidential . (8/3/10 Morning Tr., 5:10-11:2.) At the same hearing, the Court expressed concerns regarding interruptions of the parties' presentations that are inherent in repeated closings of the Courtroom. (*Id.* at 8:12-19.) During the trial, the parties made an effort to avoid the presentation of evidence that would require closing the courtroom. However, despite the parties' best efforts, there were a few instances where Google's highly confidential information was disclosed though the courtroom was not closed. Google respectfully submits that the following short portions of the transcripts should be maintained under seal and requests their redaction from the publicly-available trial transcripts because they relate to confidential information concerning: (1) the design and operation of Google's systems, including highly sensitive details regarding specific data inputs into the Smart Ads system discussed at length during trial; and (2) nonpublic financial data.

1. Confidential Technical Details

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 641 | Aug. 3, 2010 | Afternoon | 112:1 | 114:4 |

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 641 | Aug. 3, 2010 | Afternoon | 115:1 | 115:21 |
| 641 | Aug. 3, 2010 | Afternoon | 117:25 | 118:11 |
| 641 | Aug. 3, 2010 | Afternoon | 119:7 | 119:15 |
| 641 | Aug. 3, 2010 | Afternoon | 125:23 | 127:3 |
| 641 | Aug. 3, 2010 | Afternoon | 127:13 | 127:21 |
| 641 | Aug. 3, 2010 | Afternoon | 128:11 "This…" | 128:14 |
| 641 | Aug. 3, 2010 | Afternoon | 134:21 | 136:1 |
| 641 | Aug. 3, 2010 | Afternoon | 143:22 | 143:25 |
| 641 | Aug. 3, 2010 | Afternoon | 148:23 | 149:11 |
| 641 | Aug. 3, 2010 | Afternoon | 150:19 | 151:10 |
| 645 | Aug. 5, 2010 | Afternoon | 61:16 | 61:19 |
| 645 | Aug. 5, 2010 | Afternoon | 62:5 | 62:7 …States." |
| 645 | Aug. 5, 2010 | Afternoon | 66:2 | 66:4 |
| 645 | Aug. 5, 2010 | Afternoon | 66:8 | 67:13 |
| 645 | Aug. 5, 2010 | Afternoon | 143:17 | 143:20 |
| 645 | Aug. 5, 2010 | Afternoon | 173:12 | 173:25 |
| 645 | Aug. 5, 2010 | Afternoon | 175:15 | 176:17 |
| 645 | Aug. 5, 2010 | Afternoon | 176:25 | 177:3 |

2. <u>Nonpublic Financial Data</u>

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 643 | Aug. 4, 2010 | Afternoon | 125:13 | 126:21 |
| 643 | Aug. 4, 2010 | Afternoon | 127:18 | 128:1 |
| 643 | Aug. 4, 2010 | Afternoon | 128:12 "if…" | 128:13 "…company" |
| 643 | Aug. 4, 2010 | Afternoon | 128:18 "having…" | 128:19 "…percent" |
| 643 | Aug. 4, 2010 | Afternoon | 129:3 "One…" | 129:6 "…product." |
| 643 | Aug. 4, 2010 | Afternoon | 131:18 | 131:23 |
| 644 | Aug. 5, 2010 | Morning | 24:12 | 28:12 |
| 644 | Aug. 5, 2010 | Morning | 78:24 | 79:9 |
| 648 | Aug. 6, 2010 | Afternoon | 40:24 | 44:4 |
| 648 | Aug 6, 2010 | Afternoon | 44:17 "And… | 44:22 |
| 648 | Aug 6, 2010 | Afternoon | 49:8 | 50:3 |
| 648 | Aug 6, 2010 | Afternoon | 50:9 | 50:10 |
| 648 | Aug 6, 2010 | Afternoon | 50:16 | 50:19 |

| Dkt. No. | Date | Session | Start | End |
|---|---|---|---|---|
| 648 | Aug 6, 2010 | Afternoon | 51:12 | 52:15 |

Good cause exists to seal and redact these limited passages from the trial transcripts. The above-identified categories include sensitive trade secrets and technical and business information which, if revealed to the public, could harm Google's competitive standing. The technical information that Google seeks to have redacted includes certain highly proprietary specifics of how Google ranks the advertisements displayed by the AdWords system, and what information Google uses to determine that ranking. The nonpublic financial data includes confidential details regarding Google license agreements with third parties.

Courts have routinely held that the public's right to access judicial proceedings must give way where a party would be commercially harmed by disclosure of confidential business information.[1] See Nixon v. Warner Comm'ns, Inc., 435 U.S. 589, 598 (1978) ("[T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. . . . [C]ourts have refused to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing,"); Belo Broadcasting Corp. v. Clark, 654 F.2d 423, 434 (5th Cir. 1981) (recognizing that "a number of factors may militate against public access"); Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 529 F. Supp. 866 (E.D. Pa. 1981) ("Judicial proceedings and records may be closed in part or in full to the public in order to protect private interests, including proprietary interests in trade secrets and other commercial information."); Fed. R. Civ. P. 26(c)(1)(G) (allowing courts to require that "a

---

[1] Google also notes that many of the portions of the transcript for which it requests redaction relate to facts relevant only to damages issues, which were mooted by the jury's verdict. This further diminishes the public's interest in access to the information since it was irrelevant to the outcome.

01980.51452/3692816.1 01980.51542/3467517.1

trade secret or other confidential research, development, or commercial information not be revealed"). Moreover, Google has been careful to narrowly limit these redactions to only those portions absolutely necessary to protect Google's confidential information. To illustrate that point, of the approximately 47,000 total lines (approximately 1,900 pages) of text in the trial transcripts, these additional redactions represent less than 585 lines (approximately 23 pages) dispersed throughout.

Accordingly, because the requested portions of the transcripts contain highly confidential business and technical information and Google has been careful to limit its requested redactions to those portions necessary to protect its competitive standing, these limited portions of the transcript should remain under seal.

## II. CONCLUSION

Google respectfully requests an order to seal the above identified portions of the transcripts of the August 2-7, 2010 jury trial (Dkt. 636-650) and to direct the court reporter to redact those passages from all publicly-available versions of the transcripts.


DATED: September 30, 2010

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ David Perlson*
Charles K. Verhoeven, CA Bar No. 170151
LEAD ATTORNEY
David A. Perlson, CA Bar No. 209502
Amy H. Candido, CA Bar No. 237829
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jennifer Parker Ainsworth

TX Bar No. 00784720
Wilson, Robertson & Cornelius, P.C.
P.O. Box 7339
Tyler, Texas 75711
Telephone: (903) 509-5000
Facsimile: (903) 509-5092
jainsworth@wilsonlawfirm.com

Attorneys for Defendant Google Inc. and AOL LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served on September 30, 2010, with a copy of this document via the Court's ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on today's date.

By  */s/ Eugene Novikov*
Eugene Novikov

## CERTIFICATE OF CONFERENCE

Counsel for Google Jennifer Ainsworth spoke to Andrew Spangler, counsel for Plaintiff, on September 30, 2010, and Plaintiff does not oppose this Motion.

By  */s/ Eugene Novikov*
Eugene Novikov